1 PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2 Name  KNIGHT    CLARENCE    V.
        (Last)      (First)     (Initial)

3 Prisoner Number  C07508

4 Institutional Address  P.O.Box 1050  Soledad, CA. 93960

5 SALINAS VALLEY STATE PRISON

6
UNITED STATES DISTRICT COURT
7 NORTHERN DISTRICT OF CALIFORNIA

8 CLARENCE V. KNIGHT
(Enter the full name of plaintiff in this action.)

9
vs.
10                                                      Case No. _____
(To be provided by the clerk of court)
11 M.S. EVANS, WARDEN ET al.,

PETITION FOR A WRIT
12                                                      OF HABEAS CORPUS

13

14 (Enter the full name of respondent(s) or jailor in this action)

15

16 <u>Read Comments Carefully Before Filling In</u>

17 <u>When and Where to File</u>

18     You should file in the Northern District if you were convicted and sentenced in one of these

19 counties:  Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

21 this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

23     If you are challenging your conviction or sentence and you were not convicted and sentenced in

24 one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 District Court for the district in which the state court that convicted and sentenced you is located.  If

26 you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 your petition will likely be transferred to the district court for the district that includes the institution

28 where you are confined.  Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS    - 1 -

1  Who to Name as Respondent

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10 A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11     1. What sentence are you challenging in this petition? *PRISON CONDITIONS*

12          *(DISCIPLINARY ACTION)*

         (a)    Name and location of court that imposed sentence (for example; Alameda

13                 County Superior Court, Oakland):

14          _____     _____

15                 Court                                    Location

16          (b)    Case number, if known _____

17          (c)    Date and terms of sentence _____

18          (d)    Are you now in custody serving this term? (Custody means being in jail, on

19                 parole or probation, etc.)          Yes _____      No _____

20                 Where?

21                 Name of Institution: _____

22                 Address: _____

23     2. For what crime were you given this sentence? (If your petition challenges a sentence for

24 more than one crime, list each crime separately using Penal Code numbers if known. If you are

25 challenging more than one sentence, you should file a different petition for each sentence.)

26 _____

27 _____

28 _____

PET. FOR WRIT OF HAB. CORPUS          - 2 -

3. Did you have any of the following?

    Arraignment:                     Yes _____     No ✓

    Preliminary Hearing:        Yes _____     No ✓

    Motion to Suppress:         Yes _____     No ✓

4. How did you plead?

    Guilty _____    Not Guilty ✓    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury _____    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial?             Yes _____     No _____

7. Did you have an attorney at the following proceedings:

| | | | | |
|---|---|---|---|---|
| (a) | Arraignment | Yes _____ | No _____ |
| (b) | Preliminary hearing | Yes _____ | No _____ |
| (c) | Time of plea | Yes _____ | No _____ |
| (d) | Trial | Yes _____ | No _____ |
| (e) | Sentencing | Yes _____ | No _____ |
| (f) | Appeal | Yes _____ | No _____ |
| (g) | Other post-conviction proceeding | Yes _____ | No _____ |

8. Did you appeal your conviction?    Yes ✓    No _____

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal             Yes ✓     No _____

        Year: *2007*    Result: *DENIED*

        Supreme Court of California    Yes ✓     No _____

        Year: *2007*    Result: *DENIED*

        Any other court *SUPERIOR CT.*    Yes ✓     No _____

        Year: *2007*    Result: *DENIED*

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS      - 3 -

petition?                                      Yes __✓__    No_____

(c)    Was there an opinion? _Superior ct._ Yes __✓__    No_____

(d)    Did you seek permission to file a late appeal under Rule 31(a)?

                                               Yes _____    No_____

If you did, give the name of the court and the result:

_____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?            Yes __✓__    No_____

   [Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

   (a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

      I.    Name of Court: _CALIFORNIA SUPREME COURT_

            Type of Proceeding: _PETITION FOR REVIEW_

            Grounds raised (Be brief but specific):

            a. _DENIAL OF FAIR AND IMPARTIAL DISCIPLINARY HEARING._

            b. _GUILTY FINDING BASED ON INCOMPLETE REPORT_

            c. _DENIAL OF THE RIGHT TO CALL WITNESSES_

            d. _FAILURE TO PROVIDE RELIED UPON CONFIDENTIAL INFO._
            e. _DEPRIVATIONS OF PROCEDURAL DUE PROCESS_
            Result: _DENIED_                Date of Result: _11/28/07_

      II.    Name of Court: _CT. OF APP. SIXTH APPELLATE DISTRICT_

            Type of Proceeding: _APPEAL OF WRIT_

            Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS         - 4 -

1  a. _____ SAME _____ " "

2  b. " _____ " "

3  c. " _____ " "

4  d. " _____ " "

5  Result: DENIED    Date of Result: 6/27/07

6  III.  Name of Court: MONTERY SUPERIOR COURT

7  Type of Proceeding: PETITION FOR WRIT OF HABEAS CORPUS

8  Grounds raised (Be brief but specific):

9  a. " _____ SAME _____ "

10  b. " _____ "

11  c. " _____ "

12  d. " _____ " "

13  Result: DENIED    Date of Result: 5/11/07

14  IV.  Name of Court: _____

15  Type of Proceeding: _____

16  Grounds raised (Be brief but specific):

17  a. _____

18  b. _____

19  c. _____

20  d. _____

21  Result: _____ Date of Result: _____

22  (b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?

23  Yes _____    No ✓

24  Name and location of court: _____

25  B. GROUNDS FOR RELIEF

26  State briefly every reason that you believe you are being confined unlawfully.  Give facts to

27  support each claim.  For example, what legal right or privilege were you denied?  What happened?

28  Who made the error?  Avoid legal arguments with numerous case citations.  Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1  need more space. Answer the same questions for each claim.

2      [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5      Claim One: DENIAL OF FAIR AND IMPARTIAL DISCIPLINARY

6  HEARING

7      Supporting Facts: HEARING OFFICER HAD A PREDETERMINATION OF

8  GUILT; FAILED TO CONSIDER MY DEFENSE OF WEAPONS PLANTING

9  BY PRISON GUARDS; BASED DECISION ON AN INCOMPLETE

10  REPORT. (CONT... ATTACHED HERETO)

11      Claim Two: DENIAL OF RIGHT TO CALL INMATE WITNESSES

12  INMATES WHITE AND COLE

13      Supporting Facts: (ATTACHED HERETO)

14

15

16

17      Claim Three: FAILURE TO PROVIDE RELIED UPON CONFIDENTIAL

18  disclosure FORMS BEFORE HEARING; DEPRIVATION OF PROCEDURAL DUE PROCESS

19      Supporting Facts: (ATTACHED HERETO)

20

21

22

23      If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 6 -

<u>CLAIM ONE</u>

1
2 . . . . . SUPPORTING FACTS

3      ON 6-14-05 AT APPROXIMATELY 5:AM, THE SPECIAL
4 SECURITY SQUAD (INVESTIGATIVE SERVICE UNIT) (I.S.U.)
5 PERFORMED A S.W.A.T. STYLE RAID UPON MY ASSIGNED CELL,
6 EXTRACTING ME FROM MY ASSIGNED CELL WITHOUT COMPLI-
7 ANCE TO THE CELL EXTRACTION PROTOCOLS. TWO INMATE
8 MANUFACTURED WEAPONS WERE ALLEGEDLY DISCOVERED
9 BY CORRECTIONAL OFFICER A. DIAZ. SEE CRIME/INCIDENT
10 REPORT EXHIBIT "A" ATTACHED HERETO. THE CRIME/
11 INCIDENT DOWNPLAYED THE CELL EXTRACTION AS A SIMPLE
12 CELL SEARCH, DESPITE LIEUTENANT G.A. JORDAN (I.S.U.)
13 REPORTED THAT ALL STAFFS WERE BRIEFED BEFORE TAKING
14 ACTION. BRIEFING STAFFS ARE A PROTOCOL FOR CELL
15 EXTRACTIONS. I WAS LATER PLACED IN ADMINISTRATIVE
16 SEGREGATION (Ad. SEG.) FOR POSSESSION OF A DEADLY
17 WEAPON AND POSSESSION OF A CONTROLLED SUBSTANCE
18 (HEROIN) WITHIN THE SAME RULES VIOLATION REPORT.
19 SEE EXHIBIT "B" C.D.C. 114-D Ad. SEG. PLACEMENT NOTICE.
20 NOTHING IN EXHIBITS A OR B IDENTIFIES OR DESCRIBES
21 REASON FOR THE CELL EXTRACTIONS TO REFUTE MY
22 DEFENSE THAT C/O A. DIAZ PLANTED THE WEAPONS IN
23 MY ASSIGNED CELL AND CONCEALED EVIDENCE TO HIDE
24 HIS CONDUCT. ON 6/29/05 I WAS ISSUED AN
25 RULES VIOLATION REPORT AND CHARGED FOR POSSESSION
26 OF A DEADLY WEAPON AND POSSESSION OF A CONTROLLED
27 SUBSTANCE. SEE EXHIBIT "C". THIS REPORT WAS INCOM-
28 PLETE IN SEVERAL ASPECTS WHICH WILL DEMONSTRATE

<u>SUPPORTING FACTS CLAIM ONE CONT....</u>

THE CONCEALMENT OF FACT AND EVIDENCE AS THE FACTS CONTINUES.

ON 6/29/05 I REQUESTED AN INVESTIGATIVE EM-PLOYEE IN ORDER TO PREPARE MYSELF A DEFENSE AGAINST THE CHARGED OFFENSES. SEE EXHIBIT "D". ON 8/23/05 C/O C. REYES WAS ASSIGNED AS MY INVESTIGATIVE EMPLOYEE. AT THAT TIME I PROVIDED C/O C. REYES WITH TWO PAGES OF HANDWRITTEN QUESTIONS. SEE EXHIBIT "E". I WAS NEVER PROVIDED WITH THE REQUESTED EVIDENCE EXCEPT FOR TWO COPIES OF PHOTOGRAPHS OF THE ALLEGED WEAPONS SAID TO HAVE BEEN DISCOVERED IN MY ASSIGNED CELL. SEE EXHIBIT "F" ON 9/12/05, C/O C. REYES ISSUED MY COPY OF THE INVESTIGATIVE EMPLOYEE REPORT (I.E.). THE I.E. REPORT DID NOT PRODUCE THE REQUESTED EVIDENCE AND THE RESPONSES TO MY QUESTIONS WERE NOT ONLY ELUSIVE RESPONSES BUT THAT THE RESPONSES CONTRADICTED EACHOTHERS SUPPLEMENTAL REPORTS WITHIN EXHIBIT "A" OF THIS PETITION. THE I.E. REPORT ALSO REVEALED THAT THE MATTER OF THE (R.V.R.) WAS LIKELY TO BE REFERRED TO THE DISTRICT ATTORNEY FOR POSSIBLE PROSECUTION. NO EVIDENCE WAS PRODUCED INDICATING AN ACTUAL REFERRAL WAS SENT TO THE D.A.'S OFFICE OR ANY AUTHENTIC DOCUMENT FROM THE D.A.'S OFFICE VERIFYING REJECTION OF THE CASE. PETITIONER SUSPECTED THIS PROCESS WAS FALSELY APPLIED AS A DELAY TACTIC BY LT. G.A. JORDAN AND LT. R.L. MARTINEZ IN ORDER

1    <u>CLAIM ONE</u>

2    SUPPORTING FACTS CONT......

3    TO ICB PETITIONER IN Ad.SEG. THROUGH DECEPTION

4    AND TO PREVENT EVIDENCE FROM BEING EXPOSED RE-

5    GARDING WEAPONS PLANTING HAD THE CASE ACTUL

6    GOTTEN PICKED UP BY THE DISTRICT ATTORNEY FOR

7    PROSECUTION AND, TO HOLD ME IN Ad.SEG. BEYOND

8    THE AMOUNT OF TIME REQUIRED TO HAVE MY RVR

9    HEARD BY A DISCIPLINARY HEARING OFFICER HAD I NOT

10   ELECTED TO POSTPONE MY RVR HEARING PENDING THE

11   OUTCOME OF THE REFERRAL TO THE DISTRICT ATTORNEY.

12   THAT IN ITSELF WAS DECEPTION AND DELIBERATE INDIFF-

13   ERENCE TO MY PROCEDURAL DUE PROCESS. SEE EXHIBIT "G".

14       ON 9/20/05, I COMPLAINED TO THE OFFICE OF

15   INTERNAL AFFAIRS SPECIAL AGENT A. MIDDLEBROOK

16   IN AN EFFORT TO EXPOSE THE ACTS OF OF C/O DIAZ,

17   LT. R.L. MARTINEZ AND LT. G.A. JORDAN. INSTEAD

18   AGENT MIDDLEBROOK NOTIFIED THE SAME PERSON

19   I MADE THE ALLEGATIONS AGAINST. SEE EXHIBIT "H".

20   INTERNAL AFFAIRS DID NOTHING BUT ALLOW THE

21   ACCUSED TO INVESTIGATE THEMSELVES AND CONTINUE

22   TO COVER-UP THEIR CONTRADICTIONS AND CRIMES.

23       ON 10-7-05, CORRECTIONAL LIEUTENANT G.

24   SALAZAR CONDUCTED THE DISCIPLINARY HEARING.

25   THE MOMENT I STEPPED IN THE OFFICE, I NOTICED

26   ON LT. SALAZAR'S HEARING SHEET "GUILTY" CIRCLED.

27   LT. SALAZAR PROCEEDED WITH THE HEARING AS IF

28   HE WERE FAMILIARIZING HIMSELF WITH THE RVR

## CLAIM ONE SUPPORTING FACTS CONTinued

1  HE ASKED ME "WHAT DO YOU PLEAD?" I REPLIED
2  "NOT GUILTY". THEN LT. SALAZAR ASKED ME TO
3  EXPLAIN. I TOLD LT. SALAZAR THAT THE REPORT IS
4  INCOMPLETE AND THAT WITHOUT ALL OF THE FACTS
5  I WOULD BE INCAPABLE OF PROVIDING MY ONLY
6  DEFENSE. AND THAT THERE WAS MORE THAT HAPPENED
7  DURING THE 6-14-05 INCIDENT WHICH LEAD TO THE
8  RVR IN QUESTION. LT. SALAZAR SAID THAT IT HAS
9  NOTHING TO DO WITH ME GETTING CAUGHT WITH WEAPONS.
10 I THEN TOLD LT. SALAZAR THAT AN INCOMPLETE REPORT
11 DISTORTS THE REAL FACTS AND HAS EVERYTHING TO
12 DO WITH WEAPONS FOUND IN MY CELL. SEE EXHIBIT "I".
13 DURING THIS TIME LT. SALAZAR WENT ON TO VERBALLY
14 FIND ME GUILTY AND DISREGARDED WHAT WAS CLEARLY
15 BROUGHT TO HIS ATTENTION REGARDING THE INCOM-
16 PLETE REPORT AND MY DEFENSE.
17      PETITIONER IMMEDIATELY APPEALED. SEE EXHIBIT
18 "K" ALL BLANKET DENIALS AT ALL LEVELS OF APPEALS
19 TO INCLUDE THE DIRECTOR'S LEVEL OF REVIEW.
20      NO RANKING OFFICIAL MADE ANY GOOD FAITH
21 EFFORTS TO CORRECT THE WRONGS I COMPLAINED OF
22 THROUGHOUT THE APPEALS PROCESS IN RESPONSE TO
23 EXHIBIT "K". CAPTAIN G. LEWIS AFFIRMED THE GUILTY
24 FINDING. SEE EXHIBIT "I"
25      THEN PETITIONER WAS REFERRED TO THE INSTI-
26 TUTIONAL CLASSIFICATION COMMITTEE ON 1-5-2006.
27 PETITIONER SERVED EACH COMMITTEE MEMBER WITH
28 A COPY OF ATTACHMENT #1 (NOTICE OF PETITIONER'S

<u>CLAIM ONE SUPPORTING FACTS CONT......</u>

1  STATEMENT OF RECORD). ALL MEMBERS OF THE COMM-
2  ITTEE DISREGARDED MY NOTICE THEN IMPOSED A 15
3  MONTH TERM IN SECURITY HOUSING UNIT.
4        HOWEVER, ON 1-4-2006 THE CLASSIFICATION
5  STAFF REPRESENTATIVE AFFIRMED THAT THE RVR
6  WAS INCOMPLETE AND THAT ENTITLED ME TO A RE-
7  ISSUE/REHEARING OF THE RVR AND GUILTY FINDING
8  FOR POSSESSION OF A DEADLY WEAPON AND POSSESSION
9  OF CONTROLLED SUBSTANCE. CLEARLY THE ORDER TO
10 REISSUE/REHEAR THE RVR SUBSTANTIATES THAT AN
11 UNREVEALED MOTIVE FOR THE RAIDS ON MY CELL
12 WAS CONCEALED FROM THE RECORDS AS I STATED
13 All ALONG. SO, ON 3-3-06 A MEMORANDUM RE:
14 REISSUE/REHEARING OF RVR dated 6-14-05 FOR
15 POSSESSION OF A WEAPON WAS REISSUED. SEE
16 ATTACHMENTS #2 AND #3.
17        BOTH LIEUTENANTS MARTINEZ AND JORDAN
18 FAILED TO INCORPORATE WITHIN THEIR REPORT (EXHIBIT
19 "A" INFORMATION REGARDING CONFIDENTIAL INFORMATION,
20 ANONYMOUS SOURCE OR ANONYMOUS NOTE. SAME
21 GOES FOR C/O A. DIAZ, THE AUTHOR OF THE 6-14-05
22 RVR. LT. G. JORDAN LET THE CAT OUT OF THE BAG
23 WHEN HE REPLIED TO A LINE OF QUESTIONS ASKED
24 BY MY CELLMATE HARVEY H28106, "WHAT MADE YOU
25 HIT OUR CELL? WHEN JORDAN REPLIES, "RECIEVED
26 INFORMATION. SEE ATTACHMENT #4. IF SUCH
27 CONFIDENTIAL INFORMATION did EXIST ON 6-14-05,
28 THE REASON WHY IT WAS NOT CONTAINED IN THE BODY

CLAIM ONE SUPPORTING FACTS CONT....

1  OF ANY OF THE REPORTS IS BECAUSE EVIDENCE WAS
2  CONCEALED FOR THE PURPOSE OF ACQUIESING THE ACTS
3  OF C/O A. DIAZ AND TO KEEP MY DEFENSE OF PRISON
4  OFFICIALS PLANTING WEAPONS FROM BEING A FACTOR.
5      THE HEARING OFFICER OF 10/7/06. LT. SALAZAR
6  ON RECORD VIOLATED MY PROCEDURAL DUE PROCESS
7  DURING THE DISCIPLINARY HEARING WHICH DEPRIVED ME
8  OF A FAIR AND IMPARTIAL DISCIPLINARY HEARING BY
9  A PREDETERMINATION OF GUILT AND HIS DECISION BEING
10 BASED ON AN INCOMPLETE REPORT AND EVERYTHING
11 ELSE DESCRIBED IN EXHIBIT "K" (PETITIONER'S APPEAL).
12 PETITIONERS EXHIBIT "K" WAS SYSTEMATICALLY DENIED
13 AT ALL LEVELS. PETITIONER EXHAUSTED HIS AVAILABLE
14 ADMINISTRATIVE REMEDIES. SEE EXHIBIT "L"
15     THE SUPPLEMENTAL REPORTS WRITTEN BY C/O A.
16 DIAZ, PARSONS, R.L. MARTINEZ AND G. JORDAN
17 AS DESCRIBED IN EXHIBIT "A", CONTRADICTS EACH-
18 OTHER WHICH REVEALS EITHER INCONSISTENCIES
19 OR OUTRIGHT LIES. CLEARLY EACH OF THEIR REPORTS
20 WITHHELD INFORMATION AS IDENTIFIED IN ATTACH-
21 MENT #4. PETITIONER NOT BEING ALLOWED TO
22 PRESENT EVIDENCE WAS CRUCIAL TO THE OUTCOME.
23 PETITIONER WAS DENIED THAT RIGHT.
24     RVR LOG # S05-06-0013 DATED 6-14-05
25 WAS OFFICIALLY ORDERED REISSUED/REHEARD PER
26 MEMORANDUM AUTHORED BY ASSOCIATE WARDEN
27 C. NOLL. SEE EXHIBIT "M"
28     PETITIONER'S PROBLEM WITH THE REISSUE/RE

1   HEARING IS THAT, SALINAS VALLEY STATE PRISON OFFICIALS
2   AS WELL AS THE CHIEF OF INMATE APPEALS BRANCH
3   AT THE DIRECTOR'S LEVEL OF REVIEW OF INMATE
4   APPEALS WERE AWARE OF THEIR OWN PROCEDURES
5   REGARDING DUE PROCESS WHEN IT IS DETERMINED
6   THAT PROCEDURAL OR DUE PROCESS PROVISIONS OF
7   CODES AND MANUALS WHICH GOVERN THE DISCIPLIN-
8   ARY PROCESS HAVE BEEN VIOLATED, ONE OF THE
9   FOLLOWING REMEDIES SHALL BE CONSIDERED:

10      IF THE APPEAL REVIEWER MAKES A DETERMINATION
        THAT THE DISCIPLINARY FINDING WAS NOT SUPPORTED
11      BY THE EVIDENCE PRESENTED AT THE HEARING, THE
        DISPOSITION MAY BE VACATED AND THE CHARGES
12      DISMISSED; THE DISPOSITION MAY BE MODIFIED,
        OR A NEW HEARING ORDERED. DISMISSAL OF THE
13      CHARGE SHALL BE THE REMEDY OF CHOICE WHEN:

14      • THE CHARGE IS FOUND TO BE BASED ON INFOR-
          MATION SUBSEQUENTLY DETERMINED TO BE FALSE
15        OR UNSUSTANTIATED.

16      • A NEW HEARING WOULD NOT LIKELY PRODUCE ANY
          ADDITIONAL INFORMATION.
17

18      • THERE HAS BEEN A SIGNIFICANT LAPSE OF TIME
          WHICH MAKES IT IMPROBABLE IF NOT IMPOSSIBLE
19        FOR THE ACCUSED TO PRESENT AN ADEQUATE
          DEFENSE.
20

21      • WITNESSES OF SIGNIFICANT IMPORT, EITHER STAFF
          OR INMATES, ARE NO LONGER AVAILABLE AND
22        WHOSE ABSENCE WOULD PREVENT THE ACCUSED
          FROM PRESENTING AN ADEQUATE DEFENSE.
23

24      TWO OF THESE CRITERIAS PERTAIN TO PETITIONER YET,
25   A REISSUE/REHEARING WAS PROVIDED TO ALLOW FOR ANOTHER
26   PARTIAL HEARING JUST TO UPHOLD THE PREVIOUS GUILTY
27   FINDING. EVERY STAFF WHO REVIEWED MY GRIEVANCE RE-
28   GARDING MY DISCIPLINARY PROCESSES OF RVR LOG #S-05-

1  06-0013 DISREGARDED THEIR OWN PROCEDURES AS WELL AS
2  MY RIGHTS AND ENTITLEMENTS OF SAID PROCEDURES.
3      ON REISSUANCE, R.L. MARTINEZ, G. JORDAN AND.
4  A. DIAZ WERE REQUIRED TO PROVIDE ME WITH WHATEVER
5  INFORMATION THAT WAS ALLEGED TO HAVE BEEN RELIED
6  ON WHICH TRIGGERED THE RAID ON CERTAIN CELLS.
7      BEFORE I GO INTO THE NEXT SET OF FACTS OF
8  THE SECOND DISCIPLINARY HEARING, PLEASE NOTE THAT
9  I'VE ALLEGED THE INITIAL RVR WAS INCOMPLETE AND
10 THAT MY DEFENSE OF WEAPONS PLANTING WAS DISREGARD-
11 ED, ALONG WITH THE HEARING OFFICER'S FAILURE TO
12 INVESTIGATE MY CONCERNS DURING THE HEARING. ALL
13 OF THIS LEAD TO PETITIONER HAVING TO SEEK OUTSIDE
14 INTERVENTION THROUGH THE INTERNAL AFFAIRS. SEE ATTA-
15 CHMENT #5. AGAIN ALL THE INTERNAL AFFAIRS AGENT
16 MIDDLEBROOK DID WAS GIVE THE MATTER BACK TO THE
17 INVOLVED PRISON OFFICIALS. THEN RIGHT AFTER MY
18 9/20/05 LETTER TO MIDDLEBROOK, IN OCTOBER I MADE
19 A REQUEST TO REVIEW MY CENTRAL FILE WHEN I MADE
20 THE DISCOVERY OF TWO C.D.C. 128-B CHRONOS AUTHORED
21 AND PLACED IN MY CENTRAL FILE BY C/O A. DIAZ AND
22 C/O DELA SANTOS. SEE EXHIBITS "N" DATED 6-14-05 BY
23 C/O A. DIAZ AND EXHIBIT "O" DATED 6/14/05 BY C/O DELA
24 SANTOS. BOTH CHRONOS WERE SLIPPED INTO MY FILE
25 PARTIALLY DESCRIBING INFORMATION THAT SHOULD'VE BEEN
26 APART OF EXHIBIT "A" AND EXHIBIT "C" WHICH NEVER WERE
27 NEVER MENTIONED. THESE CHRONOS WERE DRAFTED AND
28 BACK-DATED FOR THE PURPOSE OF MAKING IT APPEAR AS

1  IF THEY WERE NOT CONCEALING THOSE FACTS. BECAUSE
2  THE CHRONOS ONLY MENTION IN-PART UNREPORTED MATTERS,
3  THE WITHHOLDING OF THE FACTS OF THE EVENTS THAT TOOK
4  PLACE IN THE DAYROOM DURING THE 6-14-05 INCIDENT
5  COULD'VE REVEALED OTHER OCCURRANCES NOT INCORPOR-
6  ATED IN REPORTS EXHIBITS "A" AND "C". SEE ATTACH-
7  MENT #5

8       NO-ONE DID AN ACTUAL INVESTIGATION INTO
9  MY ALLEGATIONS. THE VIOLATIONS OF PRISONERS RIGHTS
10 AND CODE OF SILENCE AT SALINAS VALLEY STATE PRISON
11 IS COMMON PRACTICE WHICH HINDERED MY EFFORTS TO
12 ESTABLISH A DETAILED RECORD IN SUPPORT OF MY DE-
13 FENSE. BUT SINCE THIS MATTER WAS REISSUED AND
14 REHEARD AS RVR LOG#S06-03-0032R, PETITIONER WAS
15 FOUND GUILTY AGAIN BY LT. PARIN WHO INITIALLY FOUND
16 MY CELLMATE HARVEY H#28106 GUILTY OF THIS EXACT SAME
17 OFFENSE, WHICH I APPEALED THE GRIEVED MATTER TO THE
18 HIGHEST LEVEL OF INMATE APPEALS. SO PLEASE DO NOT
19 ASSUME THAT THE REISSUE/REHEARING NULLIFIES THE
20 ACTS INITIALLY GRIEVED OF. BOTH APPEALS WERE DONE
21 SEPARATELY FOLLOWING EACH HEARING.

22      ON THE SECOND APPEAL ATTACHED AS EXHIBIT "P"
23 PETITIONER STILL ALLEGES THE SAME GROUNDS FOR RELIEF
24 AS STATED IN GROUNDS #1 REGARDING PROCEDURAL
25 VIOLATIONS AND DEPRIVATIONS. SEE GROUNDS#2 FOR
26 RELIEF.

27
28

_CLAIM TWO_

1

2    SUPPORTING FACTS.....

3        AS ORDERED RULES VIOLATION REPORT (RVR) LOG# S05-

4    06-0013 DATED 6-14-05, FOR POSSESSION OF WEAPON/

5    POSSESSION OF CONTROLLED SUBSTANCE WAS REISSUED.

6    TO ME ON 3/22/06, THE NEW LOG # IS S06-03-0032R,

7    DATED 3/3/06 WAS ISSUED BY C/O C. REYES AND AGAIN

8    C/O C. REYES WAS ASSIGNED MY INVESTIGATIVE EMPLOYEE

9    (I.E.) ON 3/26/06. ON THAT DATE I GAVE C/O C. REYES A

10   HANDWRITTEN 2 PG. LIST OF QUESTIONS FOR STAFF AND

11   INMATE WITNESSES AS WELL AS A REQUEST FOR ALL

12   RECORDS. ON 4/17/06 C/O C. REYES COMPLETED THE

13   I.E. REPORT AND PROVIDED ME WITH A COPY. SEE PGS.

14   #16 AND #17 OF EXHIBIT "A". THIS I.E. REPORT FAILED

15   TO INCLUDE ANY EVIDENCE REGARDING RECIEVED

16   CONFIDENTIAL INFORMATION, ANONYMOUS NOTE NOR

17   ANONYMOUS SOURCE, THE LISTED TEN PHOTOGRAPHS

18   LISTED IN EXHIBIT "A" PGS. #18 & #19. C/O REYES TOLD

19   ME THAT REQUESTED INMATE WITNESSES WHITE AND COLE

20   ARE NO LONGER IN FACILITY-C-BUILDING 6 CELL 105.

21   I EXPLAINED TO C/O C. REYES THAT SINCE SHE WAS ABLE

22   TO PROVIDE ME WITH THE NAMES OF INMATES WHITE AND

23   COLE (THE REQUESTED INMATE WITNESSES) THAT SHE HAD

24   THE ABILITY TO LOCATE THEM AND ASK THEM THE RELEVANT

25   QUESTIONS LISTED IN EXHIBIT "A" AT PG. #15. THESE TWO

26   WITNESSES WERE KNOWN TO BE CRUCIAL TO MY DEFENSE

27   BEING THAT THEY WERE INVOLVED IN THE INCIDENT AND

28   EXTRACTED FROM THEIR CELL WHICH IS EXCLUDED FROM

THE REPORTS INTENTIONALLY TO CONCEAL RELEVANT
MATTER THAT I NEEDED TO ESTABLISH MY DEFENSE FOR
THE DISCIPLINARY HEARING FORTHCOMING, AS ORDERED ON
REISSUE / REHEARD.

ON 5/16/06, THE NEW DISCIPLINARY HEARING
WAS CONDUCTED BY LT. PARIN, THE SAME HEARING OFFICER
WHO FOUND MY CELLMATE HARVEY GUILTY FOR THE SAME
CHARGED OFFENSE DURING THE INITIAL HEARING WHICH
RESULTED TO ATTACHMENT #4. THIS IS A DIRECT VIO-
LATION OF CALIFORNIA CODE OF REGULATIONS TITLE 15
§3320.1(h). LT. PARIN WRONGFULLY FOUND INMATE
HARVEY GUILTY WITHOUT THE REQUIRED SUPPORTING
DOCUMENTS RESULTING TO A REHEARING. THAT CLEARLY
DEMONSTRATES THAT LT. PARIN HAD A PREDETERMINATION
OF GUILT WHEN HE FOUND PETITIONER GUILTY ON 5/16/06.
DURING THE HEARING, LT. PARIN ELECTED TO CONDUCT
THE HEARING WITHOUT MY REQUESTED INMATE
WITNESSES AND MADE NO EFFORT TO CONTACT THEM
DESPITE HAVING RECORDS OF THEIR LOCATIONS. LT. PARIN
IN MY BELIEF WAS DOING EVERYTHING TO UNDERCUT MY
ABILITIES TO PRESENT MY DEFENSE. LT. PARIN DENIED
MY INMATE WITNESSES ASSERTING THAT SINCE I COULD NOT
PRODUCE THEIR PRISON IDENTIFICATION NUMBERS OF THE
INMATE WITNESSES THAT HE WAS NOT REQUIRED TO
DO MY INVESTIGATIVE WORK AND SEARCH FOR THE LOCA-
TIONS OF THE INMATES, CONTRARY TO CALIF. CODE OF REGS.
TITLE 15 §3320.1(i). THIS WAS TACTICAL AND COMMON
PRACTICE BECAUSE LT. PARIN'S MIND WAS MADE UP TO FIND

11

1   ME GUILTY. I CONTINUOUSLY TOLD LT. PARIN THAT THE
2   REPORTS ARE INCOMPLETE. LT. PARIN REPT SAYING, "WHAT
3   does THAT HAVE TO do WITH THE WEAPONS FOUND IN YOUR
4   CELL?" I TOLD HIM, EVERYTHING.

5        DURING THE HEARING I ASKED LT. PARIN WHERE
6   ARE THE REQUESTED PHOTOGRAPHS AND REPORTS THAT THE
7   INVESTIGATIVE EMPLOYEE C/O C. REYES FAILED TO PRODUCE
8   WHEN REQUESTED? I THEN EXPLAINED THAT THE REPORT
9   SAYS TEN (10) PHOTOGRAPHS WERE TAKEN. SEE EXHIBIT "A"
10  AT PAGES 18:19. THIS WAS A CONCLUDED REPORT AS
11  STATED BY C/O A. DIAZ. THE AMOUNT OF PHOTOGRAPHS
12  LATER PRODUCED did NOT COINCIDE WITH THE REPORTS.
13  EXHIBIT "A" details ALL OF THE VIOLATIONS during THE
14  SECOND HEARING. LT. PARIN disREGARDED MY deFENSE
15  AND FOUND ME GUILTY. (A RUSH TO JUDGMENT.)

16       PETITIONER KNEW THAT LT. PARIN MADE MORE
17  MISTAKES BECAUSE ON 5/16/06, HE FOUND ME
18  GUILTY AND STILL did NOT PRODUCE ANY PHOTOGRAPHS
19  OR CONFIDENTIAL DISCLOSURES THAT I WAS ENTITLED TO
20  (24) HOURS PRIOR TO THE HEARING. THE NEXT DAY
21  5/17/06 LT. PARIN RETURNED IN A FEEBLE ATTEMPT
22  TO ADVISE ME THAT ON 5/16/06 THAT HE POSTPONED
23  THE HEARING AND IS NOW RECONVENING THE HEARING
24  FOR THE PURPOSE OF ARTICULATING HIS FINAL disPOSITION.
25  THAT WAS AN OUTRIGHT LIE BECAUSE NUMBER ONE, IN
26  ORDER TO POSTPONE MY HEARING, IT MUST BE done BEFORE
27  RENDERING A decision ON GUILT OR INNOCENCE. NUMBER
28  TWO, PER. C.C.R. § 3320 PROVIDES THAT (d) A HEARING

1 MAY BE POSTPONED UP TO 30 days UPON THE INMATES

2 WRITTEN REQUEST SHOWING A REASONABLE NEED FOR

3 POSTPONEMENT. PETITIONER didn't REQUEST A POSTPONE-

4 MENT, NOR did LT. PARIN. HE LACKED THE AUTHORITY.

5 THE RECORD does NOT REFLECT THAT PETITIONER MADE

6 SUCH A REQUEST. LT. PARIN FALSIFIED ENTRIES IN THE

7 FINAL disPOSITION PORTION OF THE RVR TO COVER UP

8 THE FACT THAT HE FAILED TO PRODUCE REQUESTED

9 PHOTOGRAPHS BEFORE THE HEARING BUT ALSO discoVERED

10 OR MYSTERIOUSLY CAME UP WITH (11) Additional

11 PHOTOGRAPHS THAT ARE NOT LISTED IN EXHIBIT "A" NOR

12 ANYOTHER PRODUCED documents used duRING MY HEARING.

13 FURTHERMORE, LT. PARIN RENDERED A GUILTY FINDING WITH-

14 OUT PROVIDING ME A CONFIDENTIAL disclosure WHICH WAS

15 AllEGED TO BE THE BASIS FOR THE REISSUANCE OF THE

16 RVR IN QUESTION. LT. PARIN WAS delibERATELY

17 OBSTRUCTING JUSTICE TO SHIELD HIS COllEAGUES WRONGS.

18 FINDING ME GUILTY THEN REALIZING THE FACT THAT

19 THE RELIED UPON CONFIDENTIAL INFORMATION disclosure

20 SHOULD'VE BEEN PROVIDED BEFORE THE HEARING. SEE

21 EXHIBIT "P" AT PAGE 19. dATE disclosED 5/18/06, TWO

22 dAYS AFTER BEING FOUND GUILTY.

23 IT IS PETITIONERS' POSITION AND CONTENTION THAT

24 NOT ONLY IS THE USE OF THE CONFIDENTIAL INFORMATION

25 disclosure PROCEEDURE INAPPLICABLE IN THAT TRYING TO

26 CONCEAL AN ANONYMOUS NOTE TO PROTECT AN UNKNOWN

27 SOURCE OF THE INFORMATION does NOT FALL WITHIN

28 C.C.R § 3321, USE OF CONFIDENTIAL MATERIAL. SURELY NONE

13

1  OF THE REPORTS CONTAIN ANY INDICATION OF ANY EXISTENCE
2  OR USE OF CONFIDENTIAL INFORMATION, SOURCES OR THIS
3  ALLEGED ANONYMOUS NOTE. THIS So-CALLED NOTE NEVER
4  EXISTED UNTIL MENTIONED BY LT. JORDAN IN EXHIBIT "H".
5  AS FAR AS PETITIONER IS CONCERNED, ALL MATTER REGARD-
6  ING EXISTING CONFIDENTIAL INFORMATION, SOURCES OR
7  ANONYMOUS NOTES ARE FABRICATIONS USED TO DISTORT
8  THE FACTS THAT THE MOTIVATION FOR THE RAID ON MY
9  CELL WAS RETALIATORY. THATS ANOTHER REASON LT. PARIN
10 INSERTED THE VAGUE NOTATION "LAST document ISSUED
11 TO INMATE ON 5/18/06". THE REFERRED TO LAST docu-
12 MENT WAS TO BE PROVIDED TO PETITIONER BEFORE BEING
13 FOUND GUILTY ON 5/16/06. LT. PARIN doctored HIS
14 REPORT TO MAKE IT APPEAR AS THOUGH HE AFFORDED
15 ME. due PROCESS. THE HEARING OFFICER LT. PARINS
16 HEARING FINDINGS AND disPOSITION does NOT COMPLY
17 WITH PAGE 20 OF EXHIBIT "P."

18          PETITIONER believes THAT THE TOTALITY OF EXAMPLES
19 OF PROCEDURAL VIOLATIONS GIVES SOME WEIGHT TO THE
20 FACT THAT HIS DEFENSE HAS SOME MERIT AND UNDER BOTH
21 STATE AND FEDERAL LAWS SHOULD HAVE BEEN CONSIDERED
22 AND, THE ADMINISTRATIVE Heads ie.... WARDEN M.S.
23 EVANS, ASSOCIATE WARDEN's C. NOll AND G. LEWIS,
24 CAPTAIN B. RANKIN, CHIEF DEPUTY WARDEN HEdEPETH,
25 CHIEF OF INMATE APPEALS BRANCH NOLA GRANNIS ALL
26 TURNED A BLINDEYE TO THESE ACTS AND FAILED TO MAKE
27 CORRECTIVE MEASURES TO NOT dePRIVE PETITIONER OF
28 PROCEDURAL due PROCESS ENTITLED dURING THE RVR.

1   DISCIPLINARY PROCESS AND GRIEVANCE PROCESS.

2       PETITION REQUEST THAT HE BE GRANTED A WRIT

3   AND THAT THIS ENTIRE MATTER BE SET-ASIDE THROUGH

4   JUDGMENT FROM THE CLAIMS OF THIS PETITION.

5       PETITION ALSO REQUEST AN EVIDENTARY HEARING

6   TO ESTABLISH TRUTHFULNESS OF THE FACTS ASSERTED IN

7   BOTH GROUNDS ONE AND TWO AND THREE WHICH ARE

8   ALLEGED IN GROUNDS TWO.

9       PETITION ALSO REQUEST APPOINTMENT OF COUNSEL

10   IN THIS MATTER TO CONDUCT ANY POSSIBLE OR NECESSARY

11   DISCOVERY ON ANY AND ALL RESTRICTED DOCUMENTS

12   ANTICIPATED TO BE USED BY RESPONDANTS THROUGHOUT

13   THIS PROCESS.

14       PETITION EXHAUSTED ALL OF HIS STATE COURT

15   REMEDIES.

1        List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases: _ZIMMERLEE V. KEENEY, 831 F.2d 183 (9TH CIR 1987);_

4    _WOLFF V. McDONNELL 418 U.S. 539 ; SERRANO V. FRANCIS, 345 F.3d 1071_

5    _(9TH CIR 2003) ; WALKER V. BATES, 23 F.3d 652 (2nd CIR 1994) ; HOWARD_

6    _V. GRINAGE 82 F.3d 1343 ; CALIF. CODES OF REGULATIONS TITLE 15 §§ CONT..._
                                                               NEXT

7    Do you have an attorney for this petition?          Yes_____    No _✓_ PAGE

8    If you do, give the name and address of your attorney:

9    _____IN PRO. PER_____

10       WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on _DEC. 24TH 2007_             _Clarence Knight_

14                 Date                                 Signature of Petitioner

15

16

17

18

19

20   (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS      - 7 -

.... CONT. CASES

3318, 3320, 3320.1, 3321; CONSTITUTION OF CALIF. §7

UNITED STATES CONSTITUTION 14TH AMENDMENT, DEPARTMENTAL

OPERATIONAL MANUAL § 54100.18.2 ; PONTE V. REAL, 471 U.S.

491; Loudermill V. Cleveland Bd of Educ. 721 F.2d 550 (6TH CIR.

1983), Aff'd 470 U.S. 532 ; DANIELS V. WILLIAMS 474 U.S. 327

(1986)

///

S155515

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re CLARENCE KNIGHT on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

NOV **2 8** 2007

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

In re CLARENCE KNIGHT,

    on Habeas Corpus.

H031621
(Monterey County
Super. Ct. No. HC5632)

Court of Appeal - Sixth App. Dist.

F I L E D

JUN 2 7 2007

MICHAEL J. YERLA, Clerk

By _____
              DEPUTY

BY THE COURT:

    The petition for writ of habeas corpus is denied.

    (Premo, Acting P.J., Elia, J., and Duffy, J., participated in this decision.)

Dated    JUN 2 7 2007            _____ PREMO, J. _____ Acting P.J.

FILED

MAY 1 1 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
——————————DEPUTY
S.

1       SUPERIOR COURT OF CALIFORNIA

2          COUNTY OF MONTEREY

3

4  In re

5      Clarence Knight

6             On Habeas Corpus.

)  Case No.:  HC 5632
)
)  ORDER
)
)
)

7

8       On March 14, 2007, Petitioner filed a petition for writ of habeas corpus.

9       Petitioner is currently incarcerated at Salinas Valley Sate Prison (SVSP).

10      The cell of Petitioner and his cellmate Inmate Harvey was searched by Investigative

11  Services Unit staff on June 14, 2005.  During the search, heroin and two weapons were found in

12  the cell.

13      On June 14, 2005, Petitioner was issued a Rules Violation Report (RVR) Log No. S05-

14  06-0013 for possession of a deadly weapon and a controlled substance.  On October 7, 2005,

15  Petitioner was found guilty of possession of a deadly weapon and a controlled substance.  On or

16  about January 4, 2006, Classification Staff Representative (CSR) D. Oftedahl recommended that

17  the RVR be reissued/reheard.  On March 3, 2006, Associate Warden C. Noll ordered that RVR

18  Log No. S05-06-0013 dated June 14, 2005 be reissued and reheard.

19      On March 3, 2006, Petitioner was reissued an RVR Log No. S06-03-0032R for

20  possession of a deadly weapon and a controlled substance.  During the initial hearing on May 16,

21  2006, Senior Hearing Officer (SHO) discovered that evidence he had did not match the evidence

22  that Petitioner had.  SHO then postponed the hearing until Petitioner was afforded the

23  opportunity to review the evidence.  SHO reconvened the hearing on May 30, 2006 and May 31,

24  2006, and found Petitioner guilty of possession of a deadly weapon and a controlled substance on

25

1    May 31, 2006. Petitioner was not assessed any credit loss forfeiture. Petitioner submitted an

2    appeal, challenging the guilty finding. On November 30, 2006, the Director denied the appeal.

3         Petitioner claims that he was improperly found guilty of possession of a deadly weapon

4    and a controlled substance (RVR Log No. S05-06-0013) at his disciplinary hearing on October 7,

5    2005. This claim is moot. On March 3, 2006, Associate Warden C. Noll ordered that the RVR

6    Log No. S05-06-0013 dated June 14, 2005 be reissued and reheard. Subsequently, the RVR was

7    reissued and reheard.

8         Petitioner also claims that he was improperly found guilty of possession of a deadly

9    weapon and a controlled substance at his disciplinary hearing on May 31, 2006.

10        A prison administrator's decision must be based on some evidence. *Superintendent v.*

11   *Hill* (1985) 472 U.S. 445, 455. Determining whether the some-evidence standard has been met

12   does not require an examination of the entire record, independent assessment of the credibility of

13   witnesses, or weighing of the evidence. *Id.* at p. 455-456. Instead, because this standard is

14   minimally stringent, the relevant question is whether there is any evidence in the record that

15   support the conclusion reached by the disciplinary board. *Id.*

16        Here, SHO's guilty finding is supported by some evidence. SHO's guilty finding was

17   based on the following evidence: 1) RVR Log No. S06-03-0032R authored by Correctional

18   Officer A. Diaz; 2) picture evidence; and 3) the Crime/Incident Report (CDC837C) authored by

19   Correctional Officer Parsons. While Correctional Officer Diaz was conducting a search of the

20   cell shared by Petitioner and Inmate Harvey, Correctional Officer Diaz found two inmate

21   manufactured weapons. One weapon was found on the lower bed assigned to Petitioner, and the

22   other weapon was found on the upper bed assigned to Inmate Harvey. Correctional Officer Diaz

23   made the discovery of weapons and heroin in the presence of Officer Parsons.

24

25

2

1    Petitioner claims that prison officials "planted" weapons and heroin in his cell. Petitioner

2 has failed to submit any evidence substantiating this claim. See *People v. Duvall* (1995) 9 Cal.

3 4th 464, 474.

4    Petitioner claims that SHO was biased against him. Petitioner has failed to submit any

5 evidence substantiating this claim. *Duvall, supra*, 9 Cal.4th at p. 474. The SHO was interviewed

6 by Appeals Coordinator Eloy Medina. The SHO informed Appeals Coordinator Medina that he

7 based his decision on the evidence presented and kept an open mind during the initial and

8 reconvened hearings.

9    Petitioner appears to claim that he did not receive all available information prior to the

10 hearing. This claim is not persuasive. Petitioner was provided with as much information as

11 possible within reasonable penological interest and the institution had the reasons for not

12 divulging more information to Petitioner to ensure the safety of the institution and the source.

13    Petitioner claims that the Investigative Employee failed to carry out his assigned

14 responsibilities. This claim is not persuasive. The review of the documents indicates that the

15 Investigative Employee complied with the responsibilities outlined in the California Code of

16 Regulations.

17    Petitioner claims that he was not allowed to call witnesses in his defense. Petitioner

18 requested Inmates White and Cole during the hearing, but did not provide their CDC numbers or

19 their current housing location. Petitioner had sufficient time to obtain locations of the requested

20 witnesses and should have been able to provide the necessary information to locate the

21 witnesses. Petitioner neglected to obtain this information. Due to the large number of inmates

22 housed in the California Department of Corrections and Rehabilitation with the same last names,

23 locating the requested witnesses with insufficient information during the hearing was not

24 possible. The SHO elected to call the Reporting Employee as a witness during the hearing.

25

1   Moreover, Petitioner has failed to establish any prejudice he suffered.  See *Duvall*, *supra*, 9

2   cal.4th at p. 474.

3          For the foregoing reasons, the petition is denied.

4          IT IS SO ORDERED.

5   Dated: 5-11-07

6

7          _____
           Hon. Jonathan R. Price
8          Judge of the Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**STATE OF CALIFORNIA**
**COUNTY OF MONTEREY**

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 1746)

I, _CLARENCE KNIGHT_____ declare under penalty of perjury that: I am the _PETITIONER_____ in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this _23_ day of _DEC._____, 20 _07_____, at Salinas Valley State Prison, Soledad, California 93960-1050.

(Signature) _Clarence Knight_
DECLARANT/PRISONER

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

PROOF OF SERVICE BY MAIL
(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, _CLARENCE KNIGHT_____, am a resident of California State Prison, in the County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, California 93960-1050.

On _DEC. 23___, 20 _07_____, I served the foregoing: _23 PAGE PETITION w/_
_EXHIBITS AND ATTACHMENTS_____

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, California 93960-1050.
_U.S. DIST. COURT_
_N. DIST. OF CA._
_450 GOLDEN GATE AVE BOX 36060_
_SAN FRANCISCO, CALIF. 94102_

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _DEC. 23___, 20 _07___,     _Clarence Knight_
DECLARANT/PRISONER