# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit: *CDC 114-D   Ad. SEG. Placement Notice*

Number of pages to this Exhibit: *1* pages.

JURISDICTION: (Check only one)

- ☐ Municipal Court
- ☑ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☐ United States district court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**                                    DEPARTMENT OF CORRECTIONS
CDC 114-D (Rev 10/98)

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

Salinas Valley State Prison                Facility 'C'

| INMATE'S NAME | CDC NUMBER |
|---|---|
| Knight | ~~H-28106~~ C07508 |

### REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:    You, Inmate Knight, H-28106, are being placed in Administrative Segregation for possession of a weapon and narcotics . On 06-14-05, I.S.U. conducted a cell search in 06-103 and discovered a deadly weapon and narcotics. As a result, you are deemed a threat to the safety and security of this institution, its' staff and inmates. You will be placed in Ad-Seg pending review for appropriate housing needs.    As a result of this placement, your credit earning, custody, and visiting status are subject to change.    Inmate Knight is a participant in the Mental Health Services Delivery System at the CCCMS level of care.    Placement ordered by Lieutenant G. Jordan.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:    / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 6/14/05 | G. Jordan | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 6/14/05 | 1022 | M-Santillan | | C/O |

[ ] INMATE REFUSED TO SIGN    INMATE SIGNATURE C. Knight    CDC NUMBER C07508

### ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

**IS THIS INMATE:**

| | | | | |
|---|---|---|---|---|
| LITERATE? | [X] YES | [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [X] YES [ ] NO |
| FLUENT IN ENGLISH? | [X] YES | [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES [X] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES | [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [X] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [X] YES | [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | | |

Any "NO" requires SA assignment                    Any "NO" may require IE assignment

[X] NOT ASSIGNED                    [X] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE X REFUSED    DATE 6/15/05

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| N/A | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY ____    [X] RETAIN PENDING ICC REVIEW    [X] DOUBLE CELL    [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:    THREAT TO SELF OR OTHERS

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| Tanner | Capt | 6/15/05 | 1457 | |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

# EXHIBIT COVER PAGE



**EXHIBIT**

Description of this Exhibit: *C.D.C. 115 Rules Violation Report Dated 6/14/05 Log #S05-06-0013*

Number of pages to this Exhibit: *2* pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☑ Superior Court

☐ Appellate Court

☐ State Supreme Court

☐ United States district court

☐ State Circuit Court

☐ United States Supreme Court

☐ Grand Jury

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-07508 | KNIGHT | | | SVSP | C6-103L | S05-06-0013 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR§ 3006(a) / 3016(c) | POSSESSION OF A DEADLY Weapon/POSS. OF A CONTROLLED SUBSTANCE | Fac.'C' Bld.#6 | 06-14-05 | 0513 Hrs. |

CIRCUMSTANCES On June 14, 2005, at approximately 0513 hours, while performing my duties as Security Squad Officer #8, I was assisting the Investigative Services Unit Officer's E. Parsons, M. Valdez and R. Salao with a cell search on Facility 'C' Building #6. As we approached C6 Building cell #103, the Control Booth Officer was instructed to open the cell door. Cell #103 was occupied by Inmates Knight (C-07508, C6-103L) and Harvey (B-28106, C6-103U). The door opened and Knight who was lying on the bottom bed was instructed by Valdez to prone out on his stomach. Knight then stated that he is an ADA Inmate and could not prone out. Knight was then instructed to walk back to the cell door slowly and he complied, and was escorted by Officer Salao to the table in the A-Pod dayroom. Inmate Harvey who was lying on the top bunk was instructed to prone out on his stomach and he complied. Inmate Harvey then crawled backwards and was placed in restraints. Inmate Harvey was escorted by Valdez to the top tier shower without incident.

along with Officer Parsons began searching cell #103 for any possible contraband. I searched

(Con't on Supplemental 'C')

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ► A. Diaz, Correctional Officer (ISU) | | | Security Squad #8 | |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| ► | | | DATE _____ LOC. ____ | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |
| ☐ SERIOUS | | | | |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | |
|---|---|---|---|---|---|
| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) ► | DATE | TIME | TITLE OF SUPPLEMENT | |
| ☐ INCIDENT REPORT LOG NUMBER: SVI-05-06-0365 | BY: (STAFF'S SIGNATURE) ► | DATE | TIME | BY: (STAFF'S SIGNATURE) ► | DATE  TIME |

HEARING

| REFERRED TO  ☐ CLASSIFICATION    ☐ BPT/NAEA | | | | | |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | | SIGNATURE ► | DATE | TIME |
| REVIEWED BY: (SIGNATURE) ► | | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ► | DATE | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | | BY: (STAFF'S SIGNATURE) ► | DATE | TIME |

DC 115 (7/88)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
PAGE 2 OF 2

## RULES VIOLATION REPORT - PART C

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-07508 | KNIGHT | S05-06-0013 | SVSP | 06-14-05 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☒ 115 CIRCUMSTANCES    ☐ HEARING    ☐ IE REPORT    ☐ OTHER_____

the top bed, and lifted the mattress and found one (1) Inmate Manufactured Weapon on the bed. The weapon was in the middle of the bed which was approximately 5 inches in length and 1/2 in cloth sharpened to a point. Attached to the weapon was a white cloth sleeve and a blue cloth string laced on top to tie a noose to cover the metal. The weapon also had a blue cloth string laced on top wrapped by a rubber band to form a makeshift handle. I continued searching the cell for contraband. As I began searching the lower bed I found a blue bini hat in the middle of the bed. The hat had a clear plastic tube with a brown leafy substance (tobacco) wrapped multiple times secreted in it. I also found in the hat a partial piece of rubber glove that contained two small wrapped plastic bindles of what appeared to be black heroin. I continued my search in the lower bed and found one (1) Inmate Manufactured Deadly Weapon on the lower right corner of the bed. The weapon was made of metal which was bent in half and measured approximately 3" 1/4 inches in length and 3/4 inch in width, sharpened to a point at the folded end. Attached to the weapon was a white paper sleeve taped with masking tape to cover the metal. The weapon also had white shoe lace wrapped on top, tied to a knot to form a makeshift handle. No further contraband was discovered in the cell. I proceeded to photograph all of the evidence found in cell C6-103 in its original state of discovery.

I secured the evidence and proceeded to conduct a Department of Justice (DOJ) presumptive Drug Screening Test on the suspected bindles of black tar heroin. The first bindle weighed approximately 0.17 grams and tested positive for heroin. The second bindle weighed approximately .14 grams and tested positive for heroin.

I then secured and processed the weapons and photographs into ISU Evidence Locker 06A/2005 and the controlled substance in ISU Locker #51 pending DOJ results. This concludes my report.

Inmate Knight **is / is not** a participant in the Mental Health Service Delivery System at the CCMS level of care.

Inmate Knight is aware of this report.

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | A. Diaz, Correctional Officer (ISU) | |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | 6/15/05 | 1600 |

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit: *C O C 115-A*

Number of pages to this Exhibit: ____*1*____ pages.

JURISDICTION: (Check only one)

☐ Municipal Court

☑ Superior Court

☐ Appellate Court

☐ State Supreme Court

☐ United States district court

☐ State Circuit Court

☐ United States Supreme Court

☐ Grand Jury

STATE OF CALIFORNIA

# SERIOUS RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| C-07508 | KNIGHT | CCR§ 3006(a)/3016(c) | 06-14-05 | SVSP | S05-06-0013 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  [X] YES   [ ] NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| [V] **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ *C Knight* | DATE *10:07 AM* *6/29/05* |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| [ ] REQUESTED | [ ] WAIVED BY INMATE | ▶ | |
| [ ] ASSIGNED | DATE | NAME OF STAFF | |
| [ ] NOT ASSIGNED | REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE *10:07 A.M* *6/29/05* |
|---|---|---|---|
| [V] REQUESTED | [ ] WAIVED BY INMATE | ▶ *C. Knight* | |
| [ ] ASSIGNED | DATE | NAME OF STAFF | |
| [ ] NOT ASSIGNED | REASON | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

[ ] REPORTING EMPLOYEE   [ ] STAFF ASSISTANT   [ ] INVESTIGATIVE EMPLOYEE   [ ] OTHER _____   [ ] NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | [ ] | [ ] | | [ ] | [ ] |
| | [ ] | [ ] | | [ ] | [ ] |

**INVESTIGATIVE REPORT:** Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| [ ] COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE: |
|---|---|---|---|

DC 115-A (7/88)

OSP 98 8819

*— If additional space is required use supplemental pages —*

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit: HANDWRITTEN QUESTIONS FOR WITNESSES AND REQUEST FOR EVIDENCE

Number of pages to this Exhibit: 2 pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☑ Superior Court

☐ Appellate Court

☐ State Supreme Court

☐ United States district court

☐ State Circuit Court

☐ United States Supreme Court

☐ Grand Jury

QUESTIONS FOR MARTINEZ

1. ON 6-14-05, DID YOU ORDER CELL C-6-103 TO BE SEARCHED?

2. WHO ORDERED YOU TO ORGANIZE THE SEARCHES ON 6-14-05?

3. WERE YOU PRESENT AT THE SCENE OF THE SEARCHES?

4. WERE YOU CONDUCTING THESE SEARCHES AS AN I.G.I. MATTER?

5. WHAT WAS YOUR PURPOSE FOR THE ORDERED SEARCHES?

6. WHY DOESN'T YOUR REPORT STATE YOUR PURPOSE FOR THE SEARCH OF C6-103?

7. DID YOU PERSONALLY BRIEF ALL ISU STAFF OF THESE EXTRACTIONS?

8. WHY DID IT YOU VIDEO THESE CELL EXTRACTIONS?


1. WHAT ROLE WERE YOU FUNCTIONING AS DURING THE INCIDENT?

2. DID YOU ORDER C6-103 TO BE SEARCHED ON 6-14-05?

3. ARE YOU THE AUTHOR OF THE PAGES 1-4 NARRATIVE OF THE C.D.C. 837-A?

4. WERE YOU OFFICIALLY I.S.U. ON THE SCENE OF THE INCIDENT ON 6-14-05?

5. WHY DOES THE NARRATIVE OF THE 837-A NOT SPECIFY THE PURPOSE OF THE SEARCH?

6. WHY WAS I LEFT IN BOXERS AND SOCKS AND HOUSED IN D-8-113 AT OR AROUND 4:PM ON 6-14-05?

7. DID YOU BRIEF ALL ISU STAFFS OF THE SEARCHING OF CELL C6-103?


QUESTIONS FOR HATTON

1. YOU SAID ON 6-14-05 THAT, YOU CAME TO WORK AND IT WAS IN THE LOG TO HIT CELL C6-103, IS THAT CORRECT?

2. YOU ALSO SAID THAT YOUR LIEUTENANT INSTRUCTED YOU TO CONFISCATE ALL OF OUR WRITTEN PAPER WORK, IS THAT CORRECT?

3. WHAT LIEUTENANT INSTRUCTED YOU TO HIT CELL C6-103 ON 6-14-05?

4. ARE YOU THE REVIEWING SUPERVISOR OF CDC 115 AVR LOG#SQS-06-0013?

5. WHY UPON YOUR REVIEW OF THE 115 DID YOU APPROVE THE REPORT ABSENT THE REASON FOR HITTING CELL C6-103?


QUESTIONS FOR DIAZ

1. STATE WHY YOUR REPORT DATED 6-14-05 DOES NOT INCLUDE SPECIFICALLY WHAT THE PURPOSE OF THE SEARCH OF CELL C6-103 WAS FOR?


QUESTION FOR DE LO SANTOS

1. AS YOUR BEING THE COURT LIAISON OFFICER, WAS IT YOUR DUTY TO MAKE AND FORWARD THIS INCIDENT TO THE D.A. FOR POSSIBLE PROSECUTION?


GIVEN TO C/O C. REYES ON 8/22/05


QUESTIONS TO WITNESSES FROM KNIGHT C07508

WITNESSES

R.L. MARTINEZ
G. JORDAN
S. HATTON
A. DIAZ
DE LO.SANTOS

REQUESTED EVIDENCE

1. PICTURES OF WEAPONS & NARCOTICS ETC...
   #1 THRU #10

2. COPIES OF HOLDING CAGE LOGS IN EVERY
   DESIGNATED DETENTION AREA I WERE HELD.    6-14-05
   CB SHOWER, HEALTH ANNEX & INFIRMARY

3. COPY OF LOG OF FAC D-8 UPON MY ARRIVAL. 6-14-05

4. COPY OF L.S.U. LOG DATES 6-13-05 & 6-14-05

5. VIDEO OF EXTRACTION DATED 6-14-05

6. COPY OF MEDICAL PAID SHT WHILE IN HEALTH ANNEX CAGES.

7. COPY OF USE OF FORCE PoliCY ON CLOTHING LSSUANCE.


REQUESTED BY KNIGHT, C67508



GIVEN TO C/O ᶠᵉᵐᵃˡᵉ Reyes  8/22/05
            C. REYES

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit: *PHOTOGRAPH OF 2 WEAPONS*

Number of pages to this Exhibit: *2* pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☑ Superior Court

☐ Appellate Court

☐ State Supreme Court

☐ United States district court

☐ State Circuit Court

☐ United States Supreme Court

☐ Grand Jury



WESTCOTT

14  7:49AM

# EXHIBIT COVER PAGE



$G$

EXHIBIT

Description of this Exhibit: *Incomplete Investigative Employee Report C.D.C. 115 A & C*

Number of pages to this Exhibit: _____3_____ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☑ Superior Court

☐ Appellate Court

☐ State Supreme Court

☐ United States district court

☐ State Circuit Court

☐ United States Supreme Court

☐ Grand Jury

# SERIOUS RULES VIOLATION REPORT

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| C-07508 | KNIGHT | CCR$ 3006(a)/3016(c) | 06-14-05 | SVSP | S05-06-0013 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    [X] YES    [ ] NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | | |
| [✓] **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ C Knight | DATE 10:07 A.M 6/29/05 |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| | | | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] REQUESTED  [ ] WAIVED BY INMATE | | |

| [ ] ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| [ ] NOT ASSIGNED | REASON | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [X] REQUESTED  [ ] WAIVED BY INMATE | ▶ C. Knight | DATE 10:07 A.M 6/29/05 |

| [ ] ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| [ ] NOT ASSIGNED | REASON | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
[ ] REPORTING EMPLOYEE    [ ] STAFF ASSISTANT    [ ] INVESTIGATIVE EMPLOYEE    [ ] OTHER _____    [ ] NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | [ ] | [ ] | | [ ] | [ ] |
| | [ ] | [ ] | | [ ] | [ ] |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 08-23-05, I informed Inmate Knight (C-07508, D1-114), that I have been assigned as the Investigative Employee for Rules Violation Report Log #S05-06-0013, charging him with violation of CCR §3005(c), specifically: Possession Of A Deadly Weapon/Possession Of A Controlled Substance. I advised Inmate Knight that he would have an opportunity to present his case before a Senior Hearing Officer and that my function was to gather information, interview him, the Reporting Employee, and all persons having information regarding this matter. Inmate Knight stated that he understood my function as the Investigative Employee and expressed no objections to my assignment. As the assigned and accepted Investigative Employee for this matter, I conducted the investigation and submit the following results in the following report.

**Defendant's Statement:** On 08-23-05, I interviewed Inmate Knight regarding the circumstances surrounding the alleged violation. Inmate Knight presented this I.E. Officer with two pages of handwritten questions and provided the following statement: "I adamantly did not have possession of any weapons or narcotics, nor did I witness my cellie in possession of any weapons or narcotics."

**R. Martinez (submitted 09-06-05):**

Q1) On 06-14-05, did you order cell C-6-1-3 to be searched?

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|
| [✓] COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE |

DC 115-A (7/88)    — If additional space is required use supplemental pages —    OSP 98 8819

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
PAGE **2** OF **3**

## RULES VIOLATION REPORT - PART C

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-07508 | KNIGHT | S05-06-0013 | SVSP | 09-08-05 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☒ IE REPORT ☐ OTHER____

A1) Yes. I ordered the cell searched.
Q2) Who ordered you to organize the searches on 06-14-05?
A2) I was not ordered by anyone to organize the searches.
Q3) Were you present at the scene of the searches?
A3) I was in the general area of the scene, but not always present at the cell front.
Q4) Were you conducting these searches as I.G.I. matter?
A4) The searches were conducted as an I.G.I. and/or I.S.U. matter.
Q5) What was your purpose for the ordered searches?
A5) The searches were conducted because of suspected contraband being in the cells.
Q6) Why doesn't your report state your purpose for the search of G-6-103?
A6) The purpose of the search was to look for contraband.
Q7) Did you personally brief all I.S.U. Staff of these searches?
A7) There was no briefing for cell extractions because no extractions were conducted.
Q8) Why didn't you video these cell extractions?
A8) There was no video because the searches were not calculated extractions.

Hatton (submitted 09-08-05):

Q1) You said on 6-14-05 that, you came to work and it was in the log to hit cell C-6-103, is that correct?
A1) No.
Q2) You also said that your Lieutenant instructed you to confiscate all of our written paper work, is that correct?
A2) Yes.
Q3) What Lieutenant instructed you to hit cell G-6-103 on 06-14-05?
A3) R. Martinez.
Q4) Are you the reviewing Supervisor of CDC-115 RVR Log# S05-05-06-0013?
A4) No.
Q5) Why did upon your review of the 115 did you approve the report absent the reason for hitting cell G-6-103?
A5) N/A

C. Jordan (submitted 09-06-05):

Q1) What role were you functioning as during the incident?
A1) My role during the incident was the Investigative Services Lieutenant.
Q2) Did you order G-6-103 to be searched on 06-14-05?
A2) No. I did not order the cell to be searched.
Q3) Are you the author of the pages 1-4 narrative of the C.D.C. 837-A?
A3) No. I am not the author of the 837-A.
Q4) Were you officially I.S.U. on the scene of the incident on 06-14-05?
A4) I was officially assigned I.S.U.
Q5) Why does the narrative of the 837-A not specify the purpose of the search?
A5) The purpose of the search was to look for contraband.
Q6) Why was I left in boxers and socks until hosed in D-3-113 at or around 4:PM on 6-14-05?
A6) I can not answer this question because I did not leave you in boxers and socks.
Q7) Did you brief all I.S.U. Staff of the searching of cell G-6-103?

| SIGNATURE OF WRITER C. REYES, Correctional Officer | DATE SIGNED |
|---|---|
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA                                                                         DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**                                                        PAGE __3__ OF __3__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-07508 | KNIGHT | S05-06-0013 | SVSP | 09-08-05 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☒ IE REPORT | ☐ OTHER_____ |
|---|---|---|---|---|---|

A7) Yes. I did brief ISU Staff.

**A. Diaz (submitted 03-23-05):**

Q1) state why your report dated 6-14-05 does not include specifically what the purpose of the search of cell C-6-103 was for?
A1) I was instructed by my supervisor to search cell C-6-103 for any possible contraband.

**DeloSantos (submitted 08-23-05):**

Q1) As your being the Court Liaison Officer, was it your duty to make and forward this incident to the D.A. for possible prosecution?
A1) Yes, it is.

**Reporting Employee's Statement:** On 09-07-05, I received a statement from Reporting Officer Diaz, he stated, I conducted a cell search of Inmate Knight and Inmate Harvey cell. While in the cell I found on the top bunk under the mattress an Inmate Manufactured Weapon sharpened to a point. On the bottom bunk on the right end top corner, I found a weapon folded in half with a sharp point. The weapon was covered with a paper sleeve, also found on the bottom bunk inside a beanie cap were two plastic bundles of black heroine tar, and tobacco. I processes all evidence into evidence and heroine was submitted to D.O.J.

Reporting Employee Requested at Hearing:          NO
Investigative Employee Requested at Hearing:   NO
Staff Witnesses Requested at Hearing:               NO
Inmate Witnesses Requested at Hearing:            NO

*WHERE'S MY REQUESTED EVIDENCE?*

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | C. REYES, Correctional Officer | | |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)                                                                    OSP 99 25082

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit: *MEMORANDUM DATED 11/3/05 BY LT.G.JORDAN*

Number of pages to this Exhibit: *2* pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☑ Superior Court

☐ Appellate Court

☐ State Supreme Court

☐ United States district court

☐ State Circuit Court

☐ United States Supreme Court

☐ Grand Jury

California Department of Corrections and Rehabilitation                                     Salinas Valley State Prison

# M E M O R A N D U M

Date:       November 3, 2005

To:         Inmate Knight, C-07508
            Facility D, Building 1-114L

Subject:    **CORRESPONDANCE TO OFFICE OF INTERNAL AFFIARS AGENT
            A. MIDDLEBROOKS (CONTROL # 6643)**

On September 20, 2005, you authored a letter to the California Department of
Corrections and Rehabilitation (CDCR) Office of Internal Affairs (OIA) Agent A.
Middlebrooks. In the letter you claim you were placed in Administrative Segregation
(Ad/Seg) on June 14, 2005, by the Investigative Service Unit (ISU) after being cell
extracted. You further allege that ISU staff acted inappropriately and falsified reports,
concealed evidence and planted evidence in your assigned cell that was used against
you.

On October 13, 2005, you were interviewed concerning the letter you authored and the
allegations contained within it. During the interview you stated you were cell extracted
and staff planted the weapons found in your cell. In addition you allege staff did not
report an incident after you were removed from your cell C6-103. You stated in the
interview you were placed at the table in the dayroom and when staff left you unattended
you ran to cell C6-105. Furthermore, you stated in the interview you were not given a
complete incident package and it was not documented that you were given a shot for
pain while in the holding cell.

During the interview you were notified by Lieutenant R. L. Martinez that ISU Staff was
alerted by an anonymous source that several cells on Facility C had weapons hidden in
them. This information necessitated ISU to conduct a series of cell searches on Facility
C, which proved positive that your cell C6-103 had two weapons located within it.
Furthermore, you were informed that you were not cell extracted; as you and your
cellmate complied to staff orders and exited the cell without force being utilized.

In addition, it was acknowledged by Lieutenant Martinez during the interview that in fact
you did leave the table and ran towards cell C6-105. However, it was not reported as
part of the incident package as staff found no wrong doing and no force was utilized
against you. In addition, attached with this response is a complete copy of the incident
package SVSP-CEN-05-06-0365. Contained in the package are the holding cell logs,
which note RN Moore administered an injection to you, medical evaluations (7219) and
all reports related to the search of your cell.

Inmate Knight, you have made serious allegations in your letter and during the interview
with Lieutenant Martinez. I can assure you that SVSP takes all allegations on
inappropriate staff conduct seriously and investigates all such matters. All Staff at SVSP
are held to a high standard and if such activity is found true they will be held
accountable.

Inmate Knight C-07508
Page 2

However, if it is found that you are making allegation towards staff to thwart of your responsibility of having weapons in your cell you will be held accountable and appropriate documentation and action will be pursued to the fullest.

In the future, I encourage you to utilize the chain of command at your level. By doing so you may obtain a more expedient response. Your concerns could have been more adequately addressed through the Inmate Appeals process. By supplying the proper documentation and attaching them to a CDC 602, and forwarding them to the Inmate Appeal Office, per the California Code of Regulation's requirement, and following the guidelines, you could have found resolution to your problem. However, it appeared that by writing to OIA Agent Middlebrooks office you were attempting to circumvent the very processes established to protect your own best interests.

Should you have further concerns, please address them at the lowest level possible. This will most likely provide you with a favorable and timely response.

G. D. JORDAN
Investigative Services Unit Lieutenant
Salinas Valley State Prison

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit: *Rules Violation Report w/ disposition*

Number of pages to this Exhibit: ____4____ pages.

JURISDICTION: (Check only one)

- [ ] Municipal Court
- [✓] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [ ] United States district court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

STATE OF CALIFORNIA                                                        DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT                                    *MEPP*

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| C-07508 | KNIGHT | 12/3/00 | SVSP | C6-103L | S05-06-0013 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR§ 3006(a) / 3016(c) | POSSESSION OF A DEADLY Weapon/POSS. OF A CONTROLLED SUBSTANCE | Fac. 'C' Bld. #6 | 06-14-05 | 0513 Hrs. |

CIRCUMSTANCES On June 14, 2005, at approximately 0513 hours, while performing my duties as Security Squad Officer #8, I was assisting the Investigative Services Unit Officer's E. Parsons, M. Valdez and R. Salao with a cell search on Facility 'C' Building #6. As we approached C6 Building cell #103, the Control Booth Officer was instructed to open the cell door. Cell #103 was occupied by Inmates Knight (C-07508, C6-103L) and Harvey (H-28106, C6-103U). The door opened and Knight who was lying on the bottom bed was instructed by Valdez to prone out on his stomach. Knight then stated that he is an ADA Inmate and could not prone out. Knight was then instructed to walk back to the cell door slowly and he complied, and was escorted by Officer Salao to the table in the A-Pod dayroom. Inmate Harvey who was lying on the top bunk was instructed to prone out on his stomach and he complied. Inmate Harvey then crawled backwards and was placed in restraints. Inmate Harvey was escorted by Valdez to the top tier shower without incident.

I along with Officer Parsons began searching cell #103 for any possible contraband. I searched

(Con't on Supplemental 'C')

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ A. Diaz, Correctional Officer (ISU) | | Security Squad #8 | |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| ▶ | 6-7-05 | DATE _____ LOC. _____ |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☑ SERIOUS | A-1 | 6/6/0 | ▶ G. Fordini | ☐ HO  ☑ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER: CCR-05-06-0365 | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

HEARING

**Plea:** Inmate Knight entered a plea of Not Guilty to charges

**Findings:** Inmate Knight was found GUILTY of CCR§ 3006(a)/3016(c), specifically "POSSESSION OF A DEADLY WEAPON/POSS. OF A CONTROLLED SUBSTANCE," A Division "A-1" Offense.

**Disposition:** Inmate Knight is assessed <u>OO DAYS</u> of behavioral credit consistent with a division "A-1" offense.

**Additional Disposition:** Inmate Knight was counseled, warned and reprimanded.

**Classification Referral:** Refer to ICC for ~~program review~~ Possible Stan Term DRB 1/6/05

(Disposition continued on CDC-115C)

| REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA |
|---|

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| G. R. SALAZAR CORRECTIONAL LIEUTENANT | ▶ | 9/15 | 1255 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ CAPTAIN G. LEWIS | 11/23/05 | D. TRAVERS CORR. ADMIN. | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |
|---|---|---|---|
| | | 11/9/05 | 1830 |

CDC 115 (7/88)

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE_1_OF_1

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-07503 | KNIGHT | S05-06-0013 | S.V.S.P. | 10-07-05 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER_____

**Hearing:** The hearing was convened on 10-07-05, at approximately 1255 hours, when I introduced myself to Inmate Knight as Lieutenant C. R. Salazar, as the Senior Hearing Official for this disciplinary hearing.

**Inmate's Health:** Inmate Knight stated his health was good and was ready to proceed.

**MHSDS:** Inmate Knight **is not** a participant in the Mental Health Delivery System.

Date of Discovery: 06-14-05             Initial RVR copy issued on: 06-29-05
Hearing started on: 10-07-05             Last document issued to inmate on: 06-26-05
D.A. postponed date: N/A                 D.A. results issued date: N/A

**Time Constraints:** Have not been met, heard after the 30 day time constraint period.

**T.A.B.E. Score:** Inmate Knight's T.A.B.E. was above 4.0, nevertheless before this hearing was conducted, this SHO ascertained that Inmate Knight was able to read and understand the contents of the RVR and associated documents, and did not meet the criteria for a Staff Assistant, pursuant to CCR§ 3315(d)(2). Therefore a Staff Assistant was deemed not necessary.

**Staff Assistant (SA):** Not Assigned

**Investigative Employee (IE):** Correctional Officer C. Reyes was assigned as the Investigative Employee for this hearing and was present. N/A

**D.A. Referral:** None. **Evidence Requested or Used:** RVR. **External/Outside Evidence:** None. **Video Tape Evidence:** N/A.

**Inmate Plea and Statement:** Inmate Knight entered a plea of NOT GUILTY and stated, "The report was incomplete. There was an incident that occurred during this incident that was unreported. C/o Millare and G. Trancoso both were a part of the incident and failed to include reports. I can not prepare an adequate defense."

**Witnesses Requested or Provided:** None. **Witness Testimony at Hearing:** None. **Confidential Information:** None.

**Findings:** Inmate Knight is found GUILTY of "POSSESSION OF A DEADLY WEAPON/POSS. OF A CONTROLLED SUBSTANCE," This finding is based upon the following preponderance of evidence:

G. R. SALAZAR CORRECTIONAL LIEUTENANT

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| | 10/17/05 |

☐ COPY OF CDC 115-C GIVEN TO INMATE

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| | 11/11/05 | 1630 |

CDC 115-C (5/95)                                           OSP 99 25082

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE 1 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-07508 | KNIGHT | S05-06-0013 | S.V.S.P. | 10-07-05 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHER_____

A: On June 14, 2005, at approximately 0513 hours, while performing my duties as Security Squad Officer #3, I was assisting the Investigative Service Unit Officer's E. Parsons, M. Valdez and R. Salao with a cell search on Facility "C" Building #6 as we approached C5 Building Cell #103, the Control Booth Officer was instructed to open the cell door. Cell #103 was occupied by Inmates Knight (C-07508/C5-103L), and Harvey (H-29105/C5-103U). The door open and knight who was lying on the bottom bed was instructed by Valdez to prone out on his stomach. Knight then stated that he is an ADA Inmate and could not prone out. Knight was then instructed to walk back to the cell door slowly and he complied, and was escorted by Officer Salao to the table in the A-pod dayroom. Inmate Harvey who was lying on the top bunk was instructed to prone out on his stomach and he complied. Inmate Harvey was escorted by Valdez to the top tier shower without incident.

B: I along with Officer Parsons began searching cell #103 for any possible contraband. I searched the top bed, and lifted the mattress and found (1) Inmate manufactured weapon on the bed. The weapon was in the middle of the bed which was approximately 5 inches length and 1/2 inch width sharpened to a point. Attached to the weapon was a white cloth sleeve and a blue cloth string laced on top to tie a noose to cover the metal. The weapon also had a blue cloth string tied on top wrapped by rubber band to form a makeshift handle. I continued searching the cell for contraband As I began searching the lower bed I found a blue bini hat in the middle of the bed. The hat had a clear plastic tube with a brown leafy substance (tobacco) wrapped multiple times secreted in it. I also found in the hat a partial piece of rubber glove that contained two small wrapped plastic bindles of what appeared to be black heroin. I continued my search in the lower bed and found (1) inmate manufactured deadly weapon on the lower right corner of the bed. The weapon was made of metal which was bent in half and measured approximately 3"1/4 inches in length and 3/4 inch in width, sharpened to a point at the folded end. Attached to the weapon was a white paper sleeve taped with masking tape to cover the metal. the weapon also had a white shoe lace wrapped on top, tied to a knot to form a makeshift handle.

C: ADDITIONAL FINDINGS ATTACHMENT: Inmate Knight stated during the hearing that and incident occurred that was not reported. Knight refused to elaborate as to what the incident was. Knight stated he was filing for an Investigation into his allegations. Knight's allegations do not change the fact a weapon was discovered on the lower right corner of his assigned bunk. The reporting employee identified Knight lying on the lower bunk when the cell door was first opened. That physically places knight on the lower bunk where the weapon was discovered.

G. R. SALAZAR CORRECTIONAL LIEUTENANT

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 10/19/05 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | 11/1/05 | 1630 |

☒ COPY OF CDC 115-C GIVEN TO INMATE

OSP 99 25082

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE 1 OF 3

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-07508 | KNIGHT | S05-06-0013 | S.V.S.P. | 10-07-05 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHER____

**Additional Disposition:** Inmate Knight is being referred to ICC for a SHU term assessment.

**Enemy Concerns:** None.

**Appeal Rights:** Inmate Knight was advised of his rights to appeal and also the policy and procedure of credit restoration per C.C.R. §3327. Inmate Knight was advised he will receive a completed copy of the RVR upon final audit by the Chief Disciplinary Officer.

G. R. SALAZAR CORRECTIONAL LIEUTENANT

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| | 10/19/05 |

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | 11/11/05 | 1830 |

CDC 115-C (5/95)

OSP 99 25082

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit: *C.D.C. 602 INMATE APPEAL RE: UNDUE CELL CONFINEMENT.*

Number of pages to this Exhibit:_____ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☑ Superior Court

☐ Appellate Court

☐ State Supreme Court

☐ United States district court

☐ State Circuit Court

☐ United States Supreme Court

☐ Grand Jury

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region      Log No.              Category

1. _____    1. _____    _____

2. _____    2. _____    _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| KNIGHT, C.V. | C-07508 | GP | C6-103 |

A. Describe Problem: SVSP, FAC-C, Has Instituted an unwritten Policy Referred To As "First watch status" which Has adverse affects on This writer and Similarly Situated Inmates. more Specifically, First watch status is The Graveyard Shift where There is No Inmate movement, This status is Being Applied During Second watch and Third watch, during Inmates Programming, Resulting To undue cell confinement, This writer Has Performed Successfully in His job Assignment 5 days a week, To be confined To His cell during His Regular Days off due To First watch status. Lately in General

(Cont...)

If you need more space, attach one additional sheet.

B. Action Requested: That a memorandum of notice Be issued for First watch status To Inmates and That Inmate Knight Recieves entitled R.D.O's outdoor Exercise & Recreation and That The warden mans His Prison with The necessary staffs To Run The Prison consistantly To not cause adverse affects on This writer Further.

Inmate/Parolee Signature: C Knight                          Date Submitted: 3/27/05

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit: *INMATE APPEAL C.D.C. 602 W/WARDENS LEVEL OF REVIEW.*

Number of pages to this Exhibit: _*18*_ pages.

JURISDICTION: (Check only one)

- ☐ Municipal Court
- ☑ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☐ United States district court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

# SUPPLEMENT PAGE

**RE:**   Salinas Valley State Prison
Second Level Reviewer's Response          *Ol- 114*
Appeal Log # SVSP-D-05-04355

   Date:   Friday, February 03, 2006

   Inmate: KNIGHT , *C DC # C 07508*

**APPEAL ISSUE:**   STAFF COMPLAINT

**APPEAL DECISION:   PARTIALLY GRANTED**

**APPEAL REPONSE:**   The appellant has filed a Staff Complaint against ISU alleging staff misconduct.  The Informal Level Response and the First Level Response have been waived in accordance with the Departmental Operations Manual (DOM) Section 31140 and Administrative Bulletin # 98/10.

The appellant's allegations of misconduct have been referred for investigation.  The appellant will be advised of the findings of the investigation upon completion.  However, be advised, inmates do not dictate staff disciplinary action.  In the event that employee misconduct is detected, appropriate corrective or adverse action will be initiated or recommended by administration.  However, any personnel action taken shall remain confidential and will not be disclosed to inmates, other employees, or the general public.

For the reasons cited, your action requested is being **PARTIALLY GRANTED** at the Second Level of Review.


A. Hedgpeth
Chief Deputy Warden (A)
Salinas Valley State Prison

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM

CDC 602 (12/87)

Location: Institution/Parole Region     Log No.     Category

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

DIS LEVL 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 RECEIVED NOV 16 2005

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Knight, Clarence, | C07508 | ASU | D1-114 |

A. Describe Problem: ON 10/7/05, I WERE FOUND GUILTY OF RVR LOG # 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, FOR THE SPECIFIC ACTS OF POSSESSION OF A DEADLY WEAPON/POSSESSION OF A CONTROLLED SUBSTANCE. THIS GUILTY FINDING WAS BASED ON AN INCOMPLETE REPORT, WITHOUT PROVIDING ALL PERTINENT DOCUMENTS IN SUPPORT THEREOF AND, THE HEARING OFFICER G.R. SALAZAR HAD ALREADY CIRCLED GUILTY ON HIS DISCIPLINARY WORKSHEET AS I HAD ENTERED THE OFFICE FOR THE HEARING. THUS RENDERED HIS DECISION BEFORE THE HEARING CONVENED. MORE SPECIFICALLY, ON 6/14/05 AT 5:13 P.M. A.S. DID AN EXTRACTION ON CELL C6-103 OCCUPIED BY MYSELF (KNIGHT) AND HARVEY, H28105. THESE EXTRACTIONS WERE DONE IN RETALIATION FOR OUR FILING GRIEVANCES, ALTHOUGH CONTRADICTING REASONS

If you need more space, attach one additional sheet.                                                        (CONT...

B. Action Requested: THAT THE GUILTY FINDING BE REVERSE TO NOT GUILTY AND ALL CHARGES BE DISMISSED. ALSO, THAT I RECIEVE AN INTERNAL AFFAIRS INVESTIGATION AT THE COMPLETION OF EXHAUSTION OF ALL AVAILABLE ADMINISTRATIVE REMEDIES

Inmate/Parolee Signature: C. Knight                          Date Submitted: 11/15-05

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response:

**BYPASS**

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification Chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____                    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim                        CDC Appeal Number:

hm  11/3/05 letter to 1/n from Warden - Allegation not sustained
     10/13 interviewed.

First Level ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____    Due Date: _____

Interviewed by: _____

**BYPASS**

Staff Signature: _____    Title: _____    Date Completed: _____

Division Head Approved: _____    Returned

Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

**BYPASS**

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☑ P. Granted    ☐ Denied    ☐ Other    Due Date: 12/30/05

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 11/21/05

☑ See Attached Letter    SLR is the supplemental page.

Signature: _____    Date Completed: 2/3/06

Warden/Superintendent Signature: _____    Date Returned to Inmate: 2/3/06

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

DISSATISFIED: FIRST AND FOREMOST THIS DISCIPLINARY APPEAL WAS GIVEN TO ME ON 4/6/06 BY C/O HOOD! THE APPEALS COORDINATOR HAS NOT STAMPED WHEN HE DELIVERED THE APPEAL BACK TO ME. SECONDLY THE DATES OF THE SUPPLEMENT PAGE AND THE INITIAL APPEAL RESPONSE HAS CONFLICTING DATES WITH THE DATE IT WAS RETURNED. I WILL DEMONSTRATE TO YOU THE DELIBERATE ATTEMPTS TO FRUSTRATE THE APPEALS PROCESS FOR EXHAUSTION PURPOSES BY ELOY MEDINA AND T. VARIZ, APPEALS COORDINATOR. AND I WILL ATTACH HERETO cont.

Signature: C. Knight    Date Submitted: 4/10/06

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other _____    OCT 2 4 2006

☐ See Attached Letter    Date: _____

CDC 602 (12/87)

Pg. 2

Cond.)

First watch status has been declared due to understaffing (logistics). Inmates who work are entitled to their R.D.O's when they are not at fault for being denied being able to recieve recreation : outdoor exercise, and not because certain staffs dont come to work or the watch commander is unable to fill officials job positions.

This policy being unwritten which disallows a legal challenge by inmates but provides for staffs to report to duty to do nothing. This policy provides no notice to inmates in advance of its implementation. Nothing in the operational procedures, C.C.R, nor plan of operations does it describes First watch status as a justification for Facility-C officials to cease at upholding their affirmative duties described in the government code to afford inmates their entitlements and rights under the constitution.

This unwritten policy of First watch status provides for prison officials the luxury of running the prison on record without programming which has adverse affects on this writers medical condition, outdoor exercise and an infringement on my right to be free from slavery as oppose to involuntary servitude which atleast affords me RDO's when I work all week.

A.W. Allison, Capt. Ponder, Lt. Cepeya, Sgt. milson as well as the 3rd watch Lt, Sgt.'s all are aware of this unlawful practice of First watch status.

C. Knight

# THIRD LEVEL

.CONT.)

IN ORDER MY NOTICES TO THEM TO GET A RESPONSE TO MY DISCIPLINARY

ISSUES. ON 11-15-05 I SUBMITTED MY APPEAL. SEE LOG # AT TOP OF APPEAL

AND CONCEALMENT OF INITIAL CATEGORY # 1. APPEAL WAS RECIEVED ON

11-16-05. ALL OF THE ISSUES WERE PRESENTED AND REVEAL's THROUGH

MY OWN INCLUSIONS OF FACTS THAT THE INVOLVED STAFFS CONCEALED

FACTS OF THE INCIDENT. MY ACTION REQUESTED IS SELF EXPLAINATORY.

APPEAL ASSIGNMENT WAS ISSUED WITH A DUE DATE OF 12/30/05 (SEE SUPPORTING

ATTACHMENT DOCUMENT # 1.) ON 1/2/06 I NOTICE T. VARIZ OF OVERDUE

APPEAL (SEE SUPPORTING DOC. # 2) ON 1/7/06, E. MEDINA CONDUCTED

INTERVIEW AT THE SECOND LEVEL (I THOUGHT IT WAS THE FIRST) HOWEVER,

I NEVER RECIEVED THE APPEAL RESPONSE BACK FROM MEDINA SO I

SENT HIM DOC. # 3 DATED 2/8/06 REGARDING MY ASSIGNMENT NOTICES

REGARDING MY DISCIPLINARY APPEAL. ON 2/2/06 ON 2/10/06 E. MEDINA

RESPONDED TO MY 2/8/06 NOTICE. SEE REVERSE SIDE OF DOC. # 3) (SUPPORTING)

THAT WAS NOT WHAT MY ACTION REQUESTED SOUGHT! So I WROTE

E. MEDINA AGAIN ON 2/21/06 (SEE (SUPPORTING) DOC # 4 ) NOONE TOLD MEDINA

TO do WHAT HE DID. INSTEAD OF SENDING THE APPEAL RESPONSE

BACK TO ME SO I COULD PURSUE A THIRD LEVEL RESPONSE, HE

REDIRECTED MY DISCIPLINARY APPEAL AND HAD IT CHANGED TO A

STAFF COMPLAINT. BACK ON 1/9/06 I RECIEVED (SUPPORTING) (DOC. # 5) FROM

J. LUMAN WHO WAS REPLACED BY E. MEDINA AS APPEALS COORDINATOR.

MY RESPONSE TO J. LUMAN DATED 1/17/06 IS ATTACHED TO S. DOC. # 5.

ON 1/22/06 I PUT E. MEDINA ON NOTICE REGARDING J. LUMAN'S MEMO.

NO RESPONSE. (SEE S. DOC # 6 DATED 1/22/06). STILL I HAD NOT BEEN

RETURNED MY APPEAL. ON 1/31/06 I NOTICED WARDEN EVANS OF THE

CDO's FAILURE TO CORRECT DUE PROCESS VIOLATIONS ON THE FACE OF

DISCIPLINARY ACTIONS. NO RESPONSE (SEE S. DOC # 7 DATE 1/31/06)

I HAVE OTHER NOTICES THAT I HAVE COMPLAINED TO M.S. EVANS ABOUT

"NOTE:" THIS ENTIRE PACKET WAS GIVEN TO ME ON 4/6/06 BY C/O HOOD. PLEASE DON'T TRY TO HIT ME WITH UNTIMELY SUBMITTED TO THE THIRD LEVEL. THAT'S WHY ITS NOT STAMPED DELIVERED WITH A DATE FROM THE APPEALS OFFICE

TURN

FROM LT. G. JORDAN, LT. R.L. MARTINEZ AND SGT. HATTON SAYS OTHERWISE. THE INCIDE REPORT TELLS A STORY WHOLLY DISPROPORTIONATE FROM THE ENTIRE INCIDENT ITSELF. AT THE INSTRUCTION AND DIRECTION OF R.L. MARTINEZ AND G. JORDAN, I.S.U. OFFICE A. DIAZ PLANTED WEAPONS IN OUR ASSIGNED CELLS AS WELL AS NARCOTICS. THE INCIDENT REPORT CLAIMS THE EXTRACTIONS WERE CELL SEARCHES THOUGH CLEARLY IN MY I.E. REPORT, JORDAN SAYS HE BRIEFED ALL I.S.U. STAFFS PRIOR TO THE ALLEGED SEARCHES. THIS ENTIRE INCIDE WHICH WAS REPORTED IS A COVER-UP FOR CORRUPTIVE CONDUCT BY ALL INVOLVED. ONE LIE ON TOP OF THE OTHER. SGT. HATTON SPECIFICALLY SAID ON 6-14-05, THAT IT WAS LEFT IN HIS LOG TO HIT CERTAIN CELLS AND CONFISCATE ALL WRITTEN PAPERWORK BUT DENIED IT ON THE I.E. REPORT. R.L. MARTINEZ WASN'T EVEN AT THE SCENE UNTIL AFTER THE INCIDENT. NOT ONE REPORT OR SUPPLEMENT REPORT SPECIFIES THE REASON FOR THE ALLEGED SEARCHES YET CLEARLY THE REASON WAS NOT WHAT G. JORDAN AND R.L. MARTINEZ LATER CLAIM THE REASON WAS FOR. G. JORDAN ON THE I.E. REPORT CLAIMS THE REASON FOR THE CELL SEARCH WAS TO LOOK FOR CONTRABAND. BUT HATTON SAYS HIS SUPERVISOR INSTRUCTED HIM TO CONFISCATE ALL OF OUR WRITTEN PAPERWORK. STILL NO ONE INCLUDED THIS IS THE REPORTS. BECAUSE THE TRUTH OF THE ALLEGED CELL SEARCHES WAS CONCEALED. THIS IS WHY G.R. SALAZAR COULD NOT PROVIDE ME WITH A FAIR AND IMPARTIAL HEARING. HE WAS NOT WILLING TO COGITATE ON THE FACTS THAT I WERE TRYING TO PRESENT TO HIM. SALAZAR WAS MORE WILLING TO GO BY THE REPORT AND NOT CONSIDER WHAT WAS EXCLUDED FROM THE REPORTS SUCH AS, THE INCIDENT IN THE DAYROOM DURING THE ALLEGED CELL SEARCHES. WHILE I WAS SEATED AT THE TABLE. C/O MILLARE TOLD C/O TRANCOSO THAT HE (KNIGHT) THREW SOMETHING BY THE DOOR CELL C6-105. BUT BEFORE TRANCOSO COULD REACH THE UNIDENTIFIED OBJECT IN FRONT OF 105 ▓▓▓▓▓▓ ▓▓▓▓▓▓ WHICH LEAD TO SGT. HATTON ORDERING C/O MILLARE TO OPEN CELL 105 WHERE BOTH INMATES WHITE AND FRANKLIN WERE ORDERED TO PRONE OUT AND EXIT THE CELL. C/O PARSONS YELLED REPEATEDLY, THEY FLUSHED IT, THEY FLUSHED IT! WHY WAS THIS LEFT OUT OF THE REPORTS? THE SAME REASON WHY THE REPORTS FAILED TO DISCLOSE THE REASON FOR THE ALLEGED SEARCHES! THE SAME REASON WHY G. JORDAN AND R.L. MARTINEZ CONTINUES TO LIE AND CHANGE THEIR STORIES. BECAUSE IT WAS NO REAL CONCERN WHETHER THERE WAS ANY CONTRABAND IN CELL C6-103, THATS WHY I WAS NEVER SEARCHED BECAUSE, THE INTENT AND PURPOSE FOR CELL C6-103 TO GET HIT WAS TO RID KNIGHT AND HARVEY FROM FACILITY-C G.P. WHAT DID CONFISCATING ALL OF OUR WRITTEN PAPERWORK HAVE TO DO WITH SEARCHING FOR CONTRABAND? WHY DID I.S.U. CONFISCATE ONLY 2 BOXES OF 7 OF MY LEGAL WORK? WHAT DID MY LEGAL WORK HAVE TO DO WITH A SEARCH FOR CONTRABAND? WHY ONLY THOSE TWO BOXES? WHY DID EVIDENCE LOGS, CALENDARS, 602'S DOCUMENTING ALL DECLARED "FIRST WATCH STATUS" AGAINST CELEYA, PONDER AND J. ALLISON COME UP MISSING WHILE IN THE POSSESSION OF I.S.U.? WHY DID C/O CAMENERA TELL ME ON 6-13-05 AFTER HANDING ME A 602 THAT LT. CELEYA SAID THIS IS YOUR LAST 602? WHY WAS I NOT PROVIDED WITH THE REQUESTED EVIDENCE PRIOR TO MY 115 HEARING IN ORDER TO PREPARE MYSELF AN ADEQUATE DEFENSE? THE FAILURE TO INCLUDE UNREPORTED MATTER IN THE INCIDENT REPORT DEMONSTRATES CONCEALING EVIDENCE.

ON 6-14-05, AFTER THE ALLEGED SEARCHES, WHILE BEING HELD IN HEALTH ANNEX HOLDING CAGES, C/O M. SANTILLAN READ OFF THE REASONS FOR EACH INMATES Ad. SEG. PLACEMENT BEFORE GIVING US OUR COPIES. EACH INMATES CDC 114 SAID THEY WERE BEING PLACED IN Ad. SEG. FOR BEING INVESTIGATED FOR DISTRIBUTION OF NARCOTICS. BUT IF R.L. MARTINEZ AND G. JORDAN CLAIM THEY RECIEVED INFORMATION THAT THE LISTED

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION            ARNOLD SCHWARZENEGGER, GOVERNOR

## INMATE APPEALS BRANCH

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



April 28, 2006                                    REC'D UMCH MAY - 4 2006


Appeals Coordinator
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA  93960-1020


RE:  KNIGHT, CDC #C-07508 Institution Appeal Log #SVSP 05-04355 Staff Complaint

To the Appeals Coordinator:

A response is needed at the next appropriate level of review.

complete Section G which includes signature, date and disposition    Please complete and return the requested documents to this office by May 28, 2006.


N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**
1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



July 16, 2006


Knight, CDC #C-07508
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA  93960-1020


Re: Institution Appeal Log #SVSP 05-04355 Staff Complaint

Dear Mr. Knight:

The enclosed documents are being returned to you for the following reasons:

Your appeal is incomplete.  You must include supporting documentation. Your
appeal is missing the CDC 1858, Rights and Responsibilities Statement.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can
answer any questions you may have regarding the appeals process.  Library staff
can help you obtain any addresses you need.


N. GRANNIS, Chief
Inmate Appeals Branch

STATE OF CALIFORNIA

CDC 1858 (2/97)

DEPARTMENT OF CORRECTIONS

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

**IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.** [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| *CLARENCE KNIGHT* | *Clarence Knight* | *7/26/06* | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| *CLARENCE KNIGHT* | *Clarence Knight* | *C07503* | *7/26/06* |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

July 20, 2006

"NOTICE"

TO: N. GRANNIS, CHIEF OF APPEALS

FM: C. KNIGHT, CO7508, D7-114

RE: APPEAL LOG # SVSP-O-05-04355

MS. GRANNIS,

Please take notice that:

I am returning the C.D.C. 1858 as directed. However, I noticed that the second level review that was attached to my appeal is missing! That document must be returned for the record.

I would also like to take this opportunity to dispute some of the distortions of truths by E. Medina in his letter to you dated 5/9/06

It is evident that E. Medina has crossed the boundaries of his duties as the appeals coordinator by conveying to you matters that are not incorporated in the RVR or crime/incident report as I've alleged. (See par. 2 of E. Medina's letter). This working in concert with LT. G. Jordan to conceal facts about the RVR is the appeals coordinator investigating the circumstances of appealed matter. Nonetheless, my requested relief is clearly noted and the turning my disciplinary appeal into a staff complaint in the middle of the exhaustion process is a deliberate act of obstruction. If Medina did talk to LT. G Jordan, Medina would or should've be apprised of the memo by LT. G Jordan regarding internal affairs activities.

I don't believe you should accept my disciplinary appeal as a staff complaint unless you are granting my action requested. If you do, I feel you should provide me with a third level response before you do so. And, I don't think that the second level response should be disregarded. Because E. Medina has a hidden agenda that is unlawful in nature that is about to be revealed and if you don't take my word for it, ask Medina why he hasn't processed the

APPEAL DATED 4-9-06 AGAINST HIMSELF THAT I SUBMITTED TO YOU. (SEE SUPPORTING DOC #10). AND I HAVE NOTICED MIKE EVANS AND JEANNE WOODFORD OF THESE OBSTRUCTIONS YET THEY STILL CONTINUE.

ASK YOURSELF, IF E. MEDINA TOOK J. LUMANS PLACE AS APPEALS COORDINATOR ON 12/5/05; WHAT WAS J. LUMAN DOING SENDING OUT NOTICES OF LOST APPEAL ON 1-6-06? MEDINA IS ONLY REVEALING THIS TO YOU BECAUSE I EXPOSED WHAT HE ELECTED NOT TO RESPOND TO WHEN HE HAD THE OPPORTUNITY TO DO SO.

WHEREFORE, MY DISCIPLINARY APPEAL MUST PROCEED AS A DISCIPLINARY APPEAL AND CLARIFICATION DEFINED AS TO THE ACTION REQUESTED SO THE RECORD IS ESTABLISHED.

I APPRECIATE YOUR THOROUGHNESS OF THIS MATTER AND THAT YOU DO NOT TAKE THIS LIGHTLY.

LET THIS ACT AS NOTICE.

C. Knight

PLEASE NOTE THAT THE DATE IN PAR G. RETURNED TO INMATE IS FALSE AS WELL AS THE DATE OF THE SECOND LEVEL RESPONSE. WHY HAVE YOU EXCUSED E. MEDINA FROM PRODUCING THE FLR RESPONSE WHICH HE CONDUCTED ON 1-7-06?

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT OPERATIONS**
**SALINAS VALLEY STATE PRISON**
P.O. 1020
Soledad, CA 93960



May 9, 2006

Inmate Appeals Branch

Ms. Grannis:

The purpose of this letter is to address SVSP Appeal Log #SVSP-D-05-04355. The inmate appeal filed by Inmate Knight C-07508, Salinas Valley State Prison.

The cell of Inmate Knight (and his cellmate Inmate Harvey, Q. H-28106, C6-103 (general population), Salinas Valley State Prison) was searched by Investigative Services Unit staff on June 14, 2005. During the search, heroin and a weapon were found in the cell. As the cell was being searched, Inmate Knight (who claimed to have physical disabilities) was discovered running to a nearby cell and throwing an unknown object under the cell door of neighboring inmates. Those inmates quickly flushed whatever items were passed to them by Inmate Knight.

Inmate Knight (and his cellmate) both received RVRs for the discoveries of the drugs/weapon in their cell. Both inmates were subsequently found guilty during RVR hearings. Inmate Knight received his final copy on November 9, 2005 and filed a CDC 602 on November 15, 2005.

The original appeal was received by Appeals Coordinator (A) Lt. J. Luman on 11/16/05. Lt. Luman assigned the appeal as a disciplinary appeal and assigned the appeal to himself to review at the second level of review.

On December 5, 2005 I, Eloy Medina, became assigned as the Appeals Coordinator and replaced Lt. Luman. At that time there were a number of appeals that were now assigned to me and a number of appeals that remained assigned to Lt. Luman. This appeal remained assigned to Lt. Luman. However, I discovered the appeal in my office in late December and decided to review the appeal myself in order to ensure the appeal was responded to.

On January 6, 2006, unknown to me, Lt. Luman sent a lost appeal memo to Inmate Knight informing him that the appeal was lost. At about the same time, I interviewed Inmate Knight in relation to this appeal (as required when responding to a second level appeal when the first level is bypassed). During my interview with Inmate Knight, Knight never mentioned that he had received a lost appeal memo.

During my interview with Inmate Knight, I discussed the fact that the appeal had staff complaint issues and RVR issues. In accordance with AB 98-10 (AB05-03 had not been received by the institution yet) appeals alleging staff misconduct must be separate from other appeal issues, in this case, disciplinary issues. Inmate Knight told me that this issue was already being investigated and that he had already interviewed and conducted a videotaped interview. Knight could not tell me the names of the persons investigating the complaint. The statements by Inmate Knight made me suspicious. How could an individual making such serious allegations and who appeared to keep copious notes on everything that occurs not remember the names of staff investigating his complaint? I continued the interview. I informed Inmate Knight that I would only be addressing RVR issues in the second level response.

After reviewing the central file of Inmate Knight and completing the second level of review (but before sending the second level of review to the CDW) I spoke with Lt. G. Jordan of the Investigative

Inmate Appeals Branch
SVSP-D-05-04355
Page 2

Services Unit. I wanted to ensure the complaint was investigated and that the classification of the appeal as a disciplinary appeal was appropriate. Lt. G. Jordan informed me that there was no active investigation into the allegations by Inmate Knight.

Therefore, I resubmitted the appeal as a staff complaint. On February 2, 2006 the staff complaint was submitted to the Office of Internal Affairs for review. The appeal was subsequently accepted by OIA, who are conducted an investigation currently. Inmate Knight subsequently received a "Supplemental Page" as a second level response stating the appeal was accepted by OIA.

Secretarial staff in the Appeals Office accidentally sent the disciplinary response I completed to the Chief Deputy Warden who subsequently signed the response. The second level disciplinary response was sent with the 602 back to Inmate Knight. The response I completed was for the purposes of reviewing the RVR, not to address staff complaint issues. Inmate Knight was never suppose to receive the disciplinary response.

On May 9, 2006 I received the appeal back from the inmate Appeals Branch.

Inmate Knight, when he forwarded the appeal to the Director's level, has included a number of documents not included in the original appeal (i.e. letters, memo by Lt. G. Jordan regarding correspondence between Knight and Special Agent A. Middlebrooks, etc.).

Therefore, please disregard the disciplinary response. The second level response is the "Supplemental Page" response that notified Inmate Knight that the complaint was accepted by OIA.

If you have any questions or concerns, do not hesitate to contact me at 831-678-5508.

Sincerely,

Eloy Medina
Appeals Coordinator
Salinas Valley State Prison