# EXHIBIT COVER PAGE

EXHIBIT

Description of this Exhibit: DIRECTOR'S LEVEL APPEAL DECISION (EXHAUSTED)

Number of pages to this Exhibit: 1 pages.

JURISDICTION: (Check only one)

- [ ] Municipal Court
- [x] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [ ] United States district court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: OCT 24 2006

In re: Knight, C-07508
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0601162 Local Log No.: SVSP 05-04355

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Stocker, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I **APPELLANT'S ARGUMENT:** It is the appellant's position that Correctional Lieutenant (Lt.) R. L. Martinez, and Lt. G. Jordan, instructed Correctional Officer A. Diaz, assigned to the Investigative Services Unit at Salinas Valley State Prison (SVSP), to "plant" weapons and narcotics in the appellant's cell. The cell search that was conducted on June 14, 2006, led to a finding of weapons and narcotics in his cell. A CDC Form 115, Rules Violation Report (RVR) was written for Possession of a Deadly Weapon and Controlled Substance, Log #S05-06-0013. He requests investigation of his allegation and dismissal of the RVR.

II **SECOND LEVEL'S DECISION:** The reviewer found that the appellant's allegation has been forwarded to the CDCR Office of Internal Affairs (OIA) for formal investigation. All staff personnel matters are confidential in nature; however, the appellant will be notified of the conclusion of any investigation. The appellant must a separate CDC Form 602, Inmate/Parolee Appeal Form, to address the disciplinary issue.

III **DIRECTOR'S LEVEL DECISION:** Appeal is denied.

A. **FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and referred to the OIA for formal investigation. The institution was contacted at the Director's Level Review to obtain additional information. According to the office of the Inmate Appeals Coordinator, SVSP, the institution was notified on July 13, 2006, that OIA completed the investigation. No further examination of the appellant's staff complaint is appropriate. The appellant must appeal the disciplinary action in a separate CDC 602.

B. **BASIS FOR THE DECISION:**
California Penal Code Section: 832.7, 832.8
California Code of Regulations, Title 15, Section: 3004, 3268, 3268.1, 3270, 3391
Administrative Bulletin 05/03: PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC FORMS 602, WHICH ALLEGE STAFF MISCONDUCT

C. **ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, SVSP
Appeals Coordinator, SVSP

ATTACHMENT #1

NOTICE

I/M KNIGHT'S C07508 I.C.C. STATEMENT OF RECORD.

I, CLARENCE KNIGHT, C07508, SAYS THAT THIS UNIFORM INSTITUTIONAL CLASSIFICATION COMMITTEE (ICC) ACTION BEING TAKEN TODAY WILL BE BASED ON A GUILTY FINDING FOR POSSESSION OF A DEADLY WEAPON AND POSSESION OF CONTROLLED SUBSTANCE (HEROIN) RENDERED BY LT. SALAZAR WHO MADE HIS DECISION BEFORE THE COMMENCEMENT OF THE 115 HEARING AND, BASED UPON AN INCOMPLETE RVR AND CRIME/INCIDENT REPORT AS WELL AS I.E. REPORT, ALONG WITH THE FACT THAT HE FAILED TO ENTERTAIN MY STATEMENTS OF DEFENSE THAT I.S.U. OFFICIALS PLANTED EVIDENCE (WEAPONS AND NARCOTICS) IN MY CELL AND CONCEALED EVIDENCE BY WRITTING INCOMPLETE REPORTS.

THIS CLASSIFICATION COMMITTEE'S ACTIONS TODAY WILL BE BASED UPON HAVING THIS INFORMATION AND MAKING S/HU ASSESSMENTS BASED UPON THE ACTIONS AND PARTIAL DETERMINATIONS OF RVR S05-06-0013 DATED 6/14/05

I, CLARENCE KNIGHT, DENIES POSSESSION OF WEAPONS AND NARCOTICS AND HAS PLEAD NOT GUILTY TO THE CHARGES. WHATEVER ACTIONS I.C.C. UNIFORMLY AND JOINTLY AGREE UPON TAKING DURING THIS HEARING WILL ALSO BE BASE UPON INCOMPLETE REPORTS AND A DENIAL OF FUNDAMENTAL RIGHTS IN THE DISCIPLINARY PROCESS AND CLASSIFICATION PROCESS UNDER THE CALIFORNIA CODES OF REGULATIONS TITLE 15. FAILURE TO CURE KNOWN EXISTING CONSTITUTIONAL VIOLATIONS DELIBERATELY OR BY OVERSIGHT DOES NOT EXCUSE PRISON OFFICIALS FROM UPHOLDING THEIR AFFIRMATIVE DUTIES.

C. Knight

ORIGINAL

: LEWIS, F.C.
: WILLIAMS, CCII
: TORRES, CLINICIAN
: NICKERSON

# CALIFORNIA DEPARTMENT OF CORRECTIONS

NAME: KNIGHT CDC #: C07508 BED: D-1-114L

**COMMITTEE ACTION SUMMARY**

RETAIN ASU PENDING SHU AUDIT & TX. RVR A#S05-06-0013 DATED 6-14-05, ASSESS & IMPOSE 15 MONTH AGGRAVATED SHU TERM MERD DATED 5-22-06. REFER TO CSR FOR SHU AUDIT & RX TX COR/CCI-SHU. CONTINUE DOUBLE CELLING/WALKALONE YARD. PSYCH. CCCMS

**COMMITTEE'S COMMENTS**

Inmate KNIGHT appeared before Salinas Valley State Prison's (SVSP's) Administrative Segregation Unit (ASU) Institutional Classification Committee (ICC) today for his Program Review. KNIGHT stated that his health was good and was willing to proceed. KNIGHT received his 72-hour notice for the purpose of this review. Prior to committee reviewing and discussing this case, KNIGHT was introduced to the committee members. According to KNIGHT'S CDC 114D, he was placed into SVSP's ASU on 6/14/2005 for: Possession of a Weapon. This review period covers 10/1/04 thru 9/3/05. His PS was increased by 20 points, from 211 to 231, due to receiving 1 QP of disciplinary free behavior, 1 QP of favorable or above work/school performance, and 1 serious RVR. Based upon a review of KNIGHT'S CDC 114D, CDC 115, Central File, case factors, and through discussion with him, committee elects to: Retain ASU pending SHU audit & tx. RVR A#S05-06-0013 dated 6-14-05, assess & impose 15 month aggravated SHU term MERD dated 5-22-06. Refer to CSR for SHU audit & rx tx COR/CCI-SHU, continue double celling/walkalone yard. Psych. CCCMS

SHU ASSESSMENT

SHU MERD: 5-22-06 - RVR #: S05-06-0013 (Poss of I/M Wpn.)

FOC: 0 days (Division A Offense) - D2D: From 6-14-05 to completion of SHU term per PC2933.6

SHU Term: 15 month(s), Aggravated (5 months) Prior acts the same or similar RVR dated 10-4-02

At the conclusion of this review, KNIGHT was informed of his Appeal Rights with regards to this committee's actions. KNIGHT acknowledged his understanding and disagreement with committee's actions. The inmate disagreed with the findings of guilt on the RVR.

STAFF ASSISTANT

Discharged: (Participant in MHSDS but able to comprehend issues) Discharge Date: 1-5-06

**INMATE CASE FACTORS**

| CUSTODY | PS/LEVEL | WG/PG & EFF. DATE | RELEASE DATE | GPL | RECLASS | AGE | ETHNIC | TERMER | NEXT BPT & DATE |
|---|---|---|---|---|---|---|---|---|---|
| MAX | 231/IV | D2D - 6/14/2005 | MEPD 12/2/2007 | 9.9 (R) | 10/1/2006 | 45 | BLA | 1st | IPCH 11/2006 |

| RECEIVED | RECEIVED FROM & TYPE OF TX | RECEIVED CDC | COUNTY OF COMMITMENT | SENTENCE | RESTITUTION |
|---|---|---|---|---|---|
| 12/2/2003 | CSP-LAC Adverse | 8/8/1979 | San Diego | 37 to Life | $0.00 |

COMMITMENT OFFENSE

CONTROLLING CASE: Murder 1st/ use of firearm. ((5cts) Robbery with a Weapon...NON CONTROLLING OFFENSE: (2cts) Robbery. w/weapon..

| PRIOR ARREST HISTORY | DISCIPLINARY HISTORY |
|---|---|
| Robbery, Burning a motorcycle, Destroying personal prop. Work disturb. Robbery 211&459/242, Battery, Attempted Burglary, Possession of a Controlled Substance | 12/2/03 Obstructing a Peace Officer in the Performance of Duty, 10/4/02 Possession of a Weapon, 5/6/02 Possession of Dangerous Contraband, 5/5/02 Attempting to Distribute Unauthorized Items in a Security Management Unit, 10/18/01 Grooming Standards, 7/27/01 Mutual Combat, 10/20/98 Non-Compliance of Inmate Grooming Standards, 6/20/01 Battery on Inmate, 10/6/98 Refusal to Comply with PC 290.2 Registration, 9/28/98 Refusing a Direct Order, 9/22/98 Non-Compliance w/Grooming Standards, 9/17/98 Refusal to Compy w/PC 290.2 Registration, 7/6/98 Failure to Comply w/Grooming Standards, 3/21/97 Conduct, 10/19/96 Possession of I/M MGF WPN, 10/19/96 MGF Alcohol, 5/17/96 Force & Violence, 5/9/96 Attempted Assault on an Inmate, 7/21/94 Conspiracey to Assault Correctional Staff, 7/25/93 Pyhsical Altercation, 1/23/93 Mutual Combat, 6/24/92 Possession of Inmate MGF WPN, 6/18/92 Unlawful Influence, 2/25/90 Conduct......Numerous CDC 115 during the 1980s |

| SEX OFFENSES | ARSON OFFENSES | ESCAPES |
|---|---|---|
| Clear as of 10/28/2004 | Clear as of 10/28/2004 | Clear as of 10/28/2004 |

| ENEMIES | GANG/TIP | CONFIDENTIAL |
|---|---|---|
| Noted on CDC 812 | No Gang | Noted & Reviewed |

| MEDICAL | TB - DATE 128C | DENTAL | DPP | SUBSTANCE ABUSE |
|---|---|---|---|---|
| Restricted Duty | 32 - 5/9/2005 | 2 | DPM | None |

| PSYCH | MDO | DDP |
|---|---|---|
| CCCMS Psychotropic Medication prescribed | Doesn't Meet MDO Criteria | NCF |

| HOUSING | CELL STATUS | CAMP, MSF, CCF, SAP, CCRC, REST. CENTER, & MCCF ELIGIBILITY | | |
|---|---|---|---|---|
| 180 Design (A1) | Double Cell 11/2/2004 | Camp Eligible: No VIO - LIF<br>MSF Eligible: No VIO - LIF<br>MCCF Eligible: No - | CCF Eligible: No VIO - LIF<br>SAP Eligible: No VIO - LIF | CCRC Eligible: No VIO - LIF<br>Rest. Center Eligible: No VIO - LIF |

| FPTTP | HWD | JOB ASSIGNMENT |
|---|---|---|
| US Citizen | None | Unassigned |

**COMMITTEE MEMBERS**

[signature]
CHAIRPERSON
G. Neotti, CDW (A)

MEMBERS
G. Lewis, FC.; J. Scaramozzino, Ph.D

[signature]
RECORDER
A. Williams, CCII

ATTACHMENT #2

State of California | Department of Corrections
CDC 128-G

**No.** H-28106 **NAME:** HARVEY, Q

*Comment:* DEFERRED.

**90 day ASU extension from this date approved to complete casework as described herein.**

During the IE fact finding, it became apparent that Lt. G. Jordan initiated the searches as a direct result of information received. If this information was confidential then the inmate has a right to a form 1030 (disclosure). If this was anonymous information, what made it credible, that it resulted in a simultaneous search of five cells, and needs to be disclosed to the inmates.

**Please refer case to the CDO. CSR recommends that the CDC 115 be reissued/reheard. Return to CSR no later than 4/4/2006 with status update.**

D Oftedahl, CSR

**Date:** 1/4/2006 **Classification - CSR ACTION** **SVSP**

ATTACHMENT #3

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION ARNOLD SCHWARZENEGGER, GOVERNOR

DIVISION OF ADULT OPERATIONS
SALINAS VALLEY STATE PRISON
31625 HIGHWAY 101
P.O. BOX 1020
SOLEDAD, CA. 93960
(831) 678-5500

Date: March 3, 2006

To: Lt. Parin

Subject: **REISSUE/REHEAR RULES VIOLATION REPORT (RVR) LOG # S05-06-0013 Possession Of a Weapon**

CDC 115 RVR Log **#S05-06-0013** dated 06/14/05 for violation of California Code of Regulations (CCR) 3005(a) **Possession Of a Weapon** is hereby ordered to be reissued/reheard.

If you have any questions you may contact me at extension 5535.

C. Noll
Associate Warden
Salinas Valley State Prison

ATTACHMENT # 4

State of California | Department of Corrections | CDC 128-G

No. H-28106 NAME: HARVEY, Q

*Comment*: **DEFERRED.**

**90 day ASU extension from this date approved to complete casework as described herein.**

During the IE fact finding, it became apparent that Lt. G. Jordan initiated the searches as a direct result of information received. If this information was confidential then the inmate has a right to a form 1030 (disclosure). If this was anonymous information, what made it credible, that it resulted in a simultaneous search of five cells, and needs to be disclosed to the inmates.

**Please refer case to the CDO. CSR recommends that the CDC 115 be reissued/reheard. Return to CSR no later than 4/4/2006 with status update.**

D Oftedahl, CSR

**Date: 1/4/2006** **Classification - CSR ACTION** SVSP

ATTACHMENT #5

STATE OF CALIFORNIA
COUNTY OF MONTEREY

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 1746)

I, C. KNIGHT declare under penalty of perjury that: I am the COMPLAINTANT in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this 20 day of SEPT, 20 05, at Salinas Valley State Prison, Soledad, California 93960-1050.

(Signature) C. Knight
DECLARANT/PRISONER

PROOF OF SERVICE BY MAIL
(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, C. KNIGHT, am a resident of California State Prison, in the County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, California 93960-1050.

On 9/20, 20 05, I served the foregoing: 3 Pg. SUPPLEMENT TO FORMAL COMPLAINT DATED 7-10-05

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, California 93960-1050.

OFFICE OF INTERNAL AFFAIRS
10534 INTERNATIONAL DR. STE. 210
RANCH CORDOVA, CA. 95670-7338

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 9/20, 20 05

Clarence Knight
DECLARANT/PRISONER

ONE

DATED 7-10-05

RECEIVED
SEP 26 2005
By

9/20/05

D-11460
C07506

SPECIAL AGENT MIDDLEBROOK

I AM WRITING TO YOU TO SUPPLEMENT MY COMPLAINT TO YOUR OFFICE DATED JULY 10TH 2005. APPARENTLY I WAS NOT ALLOWED TO PRESENT ALL OF THE FACTS FACE TO FACE AS I ANTICIPATED. YET INSTEAD, THE MATTER IS BEING INVESTIGATED BY FRIENDS AND COLLEAGUES OF THE ACCUSED WHICH SAYS THERE WILL NOT BE A THOROUGH INVESTIGATION OF THE ROGUE BEHAVIOR BY THESE ROGUE COPS HERE AT S.V.S.P.

I FORWARD TO YOU FOR THE RECORD AS FOLLOWS:

ON 6-14-05, I WAS SAT AT THE TABLE IN FRONT OF MY ASSIGNED CELL AFTER BEING EXTRACTED FROM CELL C6-103. AT NO TIME DID ANY OF THE EXTRACTION TEAM (I.S.U.) SEARCH MY PERSON PRIOR TO SITTING ME AT THE DAYROOM TABLE. I.S.U. PARSONS OR SALAO TOLD THE OFFICE WHO WAS WATCHING ME AT THE TABLE TO GO AND GET SOME GARBAGE BAGS FOR THE LEGAL PAPERS THEY WERE SEIZING. THE OFFICER C/O TRANCOSO LEFT TO GO GET BAGS. I SAT AT THE DAYROOM TABLE ALONE. MOMENTS LATER THE TOWER OFFICER C/O MILLARE TOLD C/O TRANCOSO THAT HE (KNIGHT) THREW SOMETHING BY #105. C/O TRANCOSO WALKED TOWARDS CELL C-6-105 WHEN I GOT UP FROM THE TABLE TO BEAT C/O TRANCOSO TO CELL C-6-105. C/O TRANCOSO THOUGHT I WERE COMING AFTER HIM AND RAN SOME DISTANCE. I.S.U. DIAZ, PARSONS, SALAO AND SGT. HATTON RESPONDED. C/O TRANCOSO SAID HE KICKED SOMETHING UNDER THE DOOR. I.S.U. SGT. HATTON ORDERED THE CONTROL OFFICER TO OPEN CELL C6-105 WHERE I.S.U. PROCEEDED TO INSTRUCT THE TWO INMATES TO PRONE OUT AND CRAWL OUT OF THE CELL. C/O PARSONS SAID OUT LOUD, THEY FLUSHED IT, THEY FLUSHED IT! SGT. HATTON ASKED C/O TRANCOSO, "DID HE (KNIGHT) RUN? DID HE RUN"? C/O TRANCOSO STATED YEAH. AT THAT TIME C/O SALAO ESCORTED ME TO BUILDING C-6 C-SECTION LOWER SHOWER. A COUPLE OF HOURS

6443

TWO

LATER C/O SALAO ESCORTED ME FROM C-SECTION SHOWER. AS SOON AS I WERE ESCORTED OUT OF BUILDING C-6, LT. R.L. MARTINEZ FACED ME AND SAID "IS THIS HIM? IS THIS THE ONE WHO THOUGHT HE GOT AWAY WITH SOMETHING"? R.L. MARTINEZ WAS NOT EVEN ON THE SCENE OF THE EXTRACTIONS AND LT. G. JORDAN WAS. LT. R.L. MARTINEZ SHOULD NOT HAVE WRITTEN THAT "INCOMPLETE REPORT." HE WROTE SECONDHAND INFORMATION IN HIS REPORT AND EVERY LAST ONE OF THEM LIED AND LEFT OUT MUCH EVIDENCE OF FACT.

WHEN ISSUED THE REPORT THAT I SENT TO YOU, THE CRIME REPORT LACKED COPIES OF THE CAGES LOGS BECAUSE THEY HELD MYSELF AND HARVEY IN THE CAGES FOR 11 HOURS, 7 HOURS BEYOND THE MAXIMUM 4 HOURS. THE CRIME REPORT ALSO LACKED COPIES OF ALLEGED PHOTOS OF WEAPONS AND NARCOTICS, MEDICAL REPORT THAT DEMONSTRATED THAT I HAD TO GET A PAIN SHOT WHILE IN THE HOLDING CAGES. MANY THINGS WERE LEFT OUT OF THE REPORT BECAUSE THEY WRONGED US. NO EXPLAINATION HAVE BEEN GIVEN AS TO WHY NONE OF THE REPORTS REVEALS WHY WE WERE EXTRACTED FROM OUR CELL, WHY OUR LEGAL PAPERS WERE CONFISCATED.

I FEEL THAT THIS INVESTIGATION IS IMPROPER. WARDEN EVANS, CDW SCRIBNER AND D. TRAVERS ARE ALL FILED AGAINST BY ME FOR MANY THINGS FROM ABUSE OF POWER, COERCION, DEPRIVATIONS, OBSTRUCTION OF JUSTICE, IMPEDING INMATE APPEALS TO NAME A FEW. FOR D. TRAVERS TO BE DESIGNATED TO INVESTIGATE THIS MATTER IS A CONFLICT OF INTEREST AND JUSTICE CANNOT PREVAIL. THIS EVIDENCE PRESENTED TO YOU AS STATED IN MY FORMAL COMPLAINT AS THE KEY. FALSIFICATION OF REPORTS, CONCEALING EVIDENCE OF THE INCIDENT TO CONCEAL ACTS OF PLANTING EVIDENCE IS THEIR REASON. THEY ARE STILL PUNISHING US. ALL OF THEM ARE RUNNING AROUND TRYING TO COVER THEIR TRAILS BUT MAKING MATTERS WORSE. YOU SHOULD'VE INVESTIGATED THIS MIDDLEBROOK. SERIOUSLY,

Three

WHEN I FINALLY GOT ACCESS TO MY LEGAL PROPERTIES ON 8-17-05, BY TWO SEPARATE COURT ORDERS, MY LOG BOOK OF DAILEY EVENTS ON FACILITY-C, TWO CALENDARS 2004-2005 NOTING ALL FIRST WATCH STATUS' DECLARED BY LT. CELEYA & CAPT. PONDER PLUS A 602 AGAINST FACILITY-C STAFFS RE: PEPPERSPRAY DRIFT ALL CAME UP MISSING! SEIZED! DESTROYED! THESE DOCUMENTED EVIDENCES PERTAINED TO FACILITY-C STAFFS, CELEYA, JORDAN, PONDER AND J. ALLISON. SO WHY WOULD ONLY THOSE EVIDENCES DISAPPEAR: I STAND BY MY COMPLAINT AND RETALIATION IS AN ISSUE.

I WOULD APPRECIATE YOUR MERGING THIS SUPPLEMENT WITH THE ORIGINAL COMPLAINT AND SEEK ANSWERS AS TO WHY THESE ISSUES ARE NOT IN THE CDC 114-D, CDC-115 OR THE CDC 837-A1 REPORT. THESE ARE RELEVANT AND MUST BE INVESTIGATED.

I WOULD LIKE TO ASK YOU SPECIAL AGENT MIDDLEBROOK, ARE YOU AND LT. G. JORDAN FRIENDS OR ACQUAINTENCES? ALSO, WHY DIDN'T YOU NOTIFY MYSELF OR MR. HARVEY THAT YOU RECEIVED OUR COMPLAINTS AND THAT THE MATTER IS BEING INVESTIGATED!?

I NOTICED YOUR OFFICE RECEIVED MY COMPLAINT JULY 13, 2005 AND SVSP RECEIVED THE COMPLAINT ON 8-15-05, AND THE ONLY INTERACTION WITH THE INVESTIGATION THAT I HAD WAS ON 9-15-05 WHERE LT. E. MOORE CAME IN BEHALF OF D. TRAVERS WHO ONLY MADE HIS APPEARENCE TO ASK FOR LOG # OF PENDING 602'S AS A RESULT OF MY AD. SEG. PLACEMENT. IF THIS IS THE EXTENT OF THE INVESTIGATION THEN I'M CERTAIN WERE DOOMED. MR. HARVEY HAS PUT D. TRAVERS ON NOTICE OF THE CONTENTS OF THIS SUPPLEMENT ON 9-18-05. SO HE'S AWARE.

C. Knight

NOTICE

DATE: 10/12/05

TO: MIDDLEBROOK, SPECIAL AGENT, INTERNAL AFFAIRS.

FM: C.KNIGHT, C07508, D1-114, S.V.S.P.

RE: INVESTIGATION STATUS.

I AM WRITING TO YOU IN ORDER TO RECEIVE A STATUS UPDATE ON MY REQUESTED INVESTIGATION REGARDING RETALIATIONS, EVIDENCE PLANTING ETC... BY I.S.U. STAFFS.

ON 9-20-05, I MAILED TO YOU A SUPPLEMENT TO MY INITIAL FORMAL COMPLAINT DETAILING FACTS WHICH OCCURRED ON 6-14-05, THAT WERE LEFT OUT OF THE REPORTS THAT I AND HARVEY WERE CHARGED WITH.

YOUR INVOLVEMENTS WITH S.V.S.P. PRISON OFFICIALS THAT COMPELLED YOU TO HAVE THEM INVESTIGATE EACHOTHER HAS CAUSED MORE HARM THAN THE DETAILS OF THE COMPLAINT ALLEGATIONS. I HAVE PRESENTED TO YOU SUPPORTING EVIDENCE OF THEIR CONDUCT THAT SUDDENLY HAS THESE PEOPLE DOING ALL SORTS OF ANTEDATING DOCUMENTS, PUTTING THEM IN MY C-FILE, AND NOT PROVIDING COPIES TO ME, MOVING WITNESSES TO OTHER YARDS, ALL OF THIS SINCE SENDING YOU THE SUPPLEMENT. BUT NO-ONE HAS CAME TO INTERVIEW ME REGARDING THAT SUPPLEMENT.

I DON'T KNOW IF ITS POLICY FOR SPECIAL AGENTS FOR INTERNAL AFFAIRS TO NOT INVESTIGATE ALLEGATIONS AS THIS BUT I DEFINATELY NEED SOME FORM OF MEMORANDUM SPECIFYING THE ACTIONS TAKEN TO INVESTIGATE THIS MATTER AND THE CONCLUSIONS. (NOT ANY ACTIONS TAKEN AGAINST STAFFS) THE FINDINGS. YOUR REPORT WILL BE WEIGHED WITH THE FACTS AND THE REPORTS IN AN UPCOMING COURT ACTION AND YOU WILL BE CALLED TO TESTIFY AT THAT TIME.

WHEREFORE, YOUR COOPERATION IS APPRECIATED. LET THIS ACT AS NOTICE.

Clarence Knight

# EXHIBIT COVER PAGE

EXHIBIT

Description of this Exhibit: MEMORANDUM RE: REISSUANCE ORDER DATED MARCH 3, 2006

Number of pages to this Exhibit: 1 pages.

JURISDICTION: (Check only one)

- [ ] Municipal Court
- [x] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [ ] United States district court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

D1-114

I/M Copy

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT OPERATIONS**
SALINAS VALLEY STATE PRISON
31625 HIGHWAY 101
P.O. BOX 1020
SOLEDAD, CA. 93960
(831) 678-5500

Date: March 3, 2006

To: Lt. Parin

Subject: **REISSUE/REHEAR RULES VIOLATION REPORT (RVR) LOG # S05-06-0013 Possession Of a Weapon**

CDC 115 RVR Log #**S05-06-0013** dated 06/14/05 for violation of California Code of Regulations (CCR) 3005(a) **Possession Of a Weapon** is hereby ordered to be reissued/reheard.

If you have any questions you may contact me at extension 5535.

C. Noll
Associate Warden
Salinas Valley State Prison

# EXHIBIT COVER PAGE

EXHIBIT

Description of this Exhibit: CDC 128-B Chrono Dated 6/14/05 by c/o A. Diaz

Number of pages to this Exhibit: 1 pages.

JURISDICTION: (Check only one)

- [ ] Municipal Court
- [x] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [ ] United States district court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

NAME AND NUMBER: **KNIGHT** CDC #: **C-07508** CDC 128B (Rev. 4/74)

On June 14, 2005, I was conducting a cell search on Facility 'C' Building 6, cell 103 occupied by Inmates KNIGHT, C-07508 and HARVEY, H-28106. Inmate KNIGHT, who was already escorted out of his cell prior to the search, was placed in A-Pod section table seat. As I began searching cell 103, I saw KNIGHT get up from the table seat, and run to cell 104 throwing an unknown object under the door. I quickly yelled to KNIGHT to get down and he ran back to the table and sat on the seat. I informed KNIGHT that he stated earlier he was an ADA inmate and could not prone out. I subsequently asked KNIGHT if he could not prone out, how he could be running back and forth with no restrictions or limitations. KNIGHT refused to answer my question.

A. DIAZ, Correctional Officer
Security Squad #8
Salinas Valley State Prison

**DATE: 6/14/05** **(GENERAL INFORMATION)** **GENERAL CHRONO**

# EXHIBIT COVER PAGE

Description of this Exhibit: CDC 128-G CHRONO DATED 6/14/05 by C/O De los Santos

Number of pages to this Exhibit: 1 pages.

JURISDICTION: (Check only one)

- [ ] Municipal Court
- [x] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [ ] United States district court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

CDC - 128B (Rev. 4/74)

NAME and NUMBER KNIGHT, C-07508

Case # SVP-CEN-05-06-0365, dated 6/14/2005, 115 Log # ________________ was referred to the Investigative Services Unit (ISU) for referral to the District Attorney's Office. Upon review of this case, prosecution referral has been declined and disciplinary action deemed best handled on an Administrative level.

☐ Accepted by the D.A.
☐ Rejected by the D.A.
☒ Declined by I.S.U.

cc: C-File
Inmate
115 Desk
ISU case file
Facility CCII

ISU STAFF
Salinas Valley State Prison

Date: 8/16/2005 (DISTRICT ATTORNEY REFERRAL) GENERAL CHRONO

---

NAME AND NUMBER: **KNIGHT** CDC #: **C-07508** CDC 128B (Rev. 4/74)

On June 14, 2005, I was conducting a cell search on Facility 'C' Building 6, cell 102, when I heard loud noises coming from the A-Pod section. I quickly stepped out of the cell, and observed Inmate KNIGHT, C-07508 running back from cell 104 to the table seat in A-Pod section and sit down.

C/O

B. DE LOS SANTOS, Correctional Officer
Security Squad #9
Salinas Valley State Prison

**DATE: 6/14/05** **(GENERAL INFORMATION)** **GENERAL CHRONO**

# EXHIBIT COVER PAGE

EXHIBIT

Description of this Exhibit: CDC 602 INMATE APPEAL RE: DISCIPLINARY

Number of pages to this Exhibit: 53 pages.

JURISDICTION: (Check only one)

- [ ] Municipal Court
- [x] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [ ] United States district court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

THIRD LEVEL REVIEW
9/12/06

WITHOUT PROVIDING ME WITH THE C.D.C. 1030 FORM, THEN CAME BACK THE NEXT DAY WITH THE LIE THAT HE POSTPONED THE HEARING AND RECONVENED IT AFTER PROVIDING ME WITH THE C.D.C. 1030 FORM. WHEN LT. PARIN FOUND ME GUILTY ABSENT THE NECESSARY ENTITLED DOCUMENTS, HIS MIND WAS MADE UP REGARDLESS OF THE EVIDENCE NOT PRESENTED. FURTHERMORE, THE RECORD IS DEVOID ANY FORM OF AGREED UPON POSTPONEMENT.

THE APPEALS COORDINATOR E. MEDINA IS PARTIAL TO THIS MATTER AND DOES NOT QUALIFY TO PARTICIPATE IN THIS APPEAL ACTION FOR HE TOO HAS A PREDETERMINATION OF GUILT IN VIOLATION OF C.C.R. 3320(h). E. MEDINA PARTICIPATED IN THE APPEAL ACTION TAKEN WHICH LEAD TO THIS REISSUE/REHEARD. ALSO IT IS CLEAR THAT THE SECOND LEVEL REVIEW INSISTS THAT NON-CONFIDENTIAL REPORTS (ANONYMOUS KITE) ARE ALLOWED TO BE CONCEALED AS CONFIDENTIAL INFORMATION. THIS IS ARBITRARY AND CAPRICIOUS. AS FAR I'M CONCERNED, THERE WAS NEVER A NOTE SINCE INITIALLY THE ANONYMOUS NOTE WAS NEVER MENTION IN ANY OF THE REPORTS. THEREFORE, THE TIME WHICH LAPSED BETWEEN 6-14-05 TILL THIS DATE COULD LIKELY HAVE BEEN ARTICULATED BY ONE OF THE I.S.U. STAFFS BEING THAT IT WAS CONCEALED BY I.S.U. ON THE ONSET.

THE DENIAL OF WITNESSES BASED ON MY INABILITY TO PROVIDE THE C.D.C. I.D. NUMBERS OF INMATES WHITE AND COLE WHEN REQUESTED TO THE INVESTIGATIVE EMPLOYEE AND LT. PARIN IS INSUFFICIENT FOR DENYING ME THE RIGHT TO CALL WITNESSES WHEN PRISON OFFICIALS HAVE RECORDS OF BOTH INMATES WHO WERE HOUSED IN ~~B~~ C6-105 ON 6-14-05. THE SHO (PARIN) TOOK THE TIME TO CALL C/O DIAZ AS A WITNESS AND INVESTIGATED

over

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: NOV 30 2006

In re: Knight, C-07508
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0603281 Local Log No.: SVSP 06-02218

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I **APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #S06-03-0032R, dated March 3, 2006, for Possession of a Deadly Weapon /Possession of a Controlled Substance. It is the appellant's position that the Investigative Employee refused to carry out his assigned responsibilities and to interview key witnesses he intended to call to testify on his behalf at the hearing. Further, he contends that he did not receive all available non-confidential information prior to the hearing to prepare an adequate defense; he was not allowed to call witnesses in his defense; the Senior Hearing Officer (SHO) inaccurately reported that he was ready to proceed with the hearing when he was not; the information included on the CDC Form 1030, Confidential Disclosure Form is not reliable; the evidence was insufficient to support a guilty finding. The appellant requests that the RVR be dismissed and to be transferred into a general inmate population.

II **SECOND LEVEL'S DECISION:** The reviewer found that the evidence presented at the hearing was sufficient to support a guilty finding. The SHO acted in accordance with policy and procedures and all due process rights were adhered to.

III **DIRECTOR'S LEVEL DECISION:** Appeal is denied.

A. **FINDINGS:** The appellant's contention that the Investigative Employee (IE) report and the SHO's report were largely false is not accepted at the Director's Level of Review and it is considered his opinion. The documentation supports that the IE complied with the responsibilities outlined in the California Code of Regulations, Title 15, Section (CCR) as indicated and the IE report supports his actions. The SHO reports that the appellant did not request any additional materials to be presented at the hearing and rendered a guilty finding based on the evidence presented to him at the time of the hearing. This is the same evidence available to the appellant. There is no indication that the appellant provided a written statement to support his allegations raised in the appeal on this issue.

While the appellant was provided with a CDC Form 1030 dated May 18, 2006, this form is vague but the information provided on the form proved reliable. The appellant was provided with as much information as possible within reasonable penological interest and the institution has reported the reasons for not divulging more information to the appellant to ensure the safety of the institution and the source. The institution has complied with departmental policy or provided the appellant his due process rights in this issue. Based upon the documentation presented no modification of the decision reached by the institution is warranted.

B. **BASIS FOR THE DECISION:**
CCR: 3016, 3315, 3320, 3321, 3323

C. **ORDER:** No changes or modifications are required by the institution.

KNIGHT, C-07508
CASE NO. 0603281
PAGE 2


This decision exhausts the administrative remedy available to the appellant within CDCR.


N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, SVSP
        Appeals Coordinator, SVSP

State of California Department of Corrections and Rehabilitation

# Memorandum

Date: August 10, 2006

To: Inmate Knight C-07508, D1-114U
Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-06-02218

**ISSUE**:

The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log # S06-03-0032R, dated 3/3/06 for "Possession of a Deadly Weapon/Possession of a Controlled Substance."

The appellant asserts that the Senior Hearing Officer had a predetermined belief of guilt because the SHO heard the appellant's cellmate's RVR on the same incident. The SHO found the appellant guilty prior to reconvening the hearing the following day and finding the appellant guilty of the charged offense. The appellant was not provided all non-confidential evidence. The appellant was not afforded all requested witnesses. The appellant questions the reliability and/or existence of the anonymous note that prompted the cell search. ISU officer reports conflict with each other (C/O Diaz and C/O Parsons). The use of confidential information was not consistent with departmental regulations.

The appellant contends that he will never be able to receive a fair hearing and requests the Rules Violation Report (RVR) be dismissed.

**SUMMARY OF INVESTIGATION**:

The First Level of Review was bypassed per CCR 3084.5(b). Eloy Medina, Appeals Coordinator, was assigned to investigate this appeal at the Second Level of Review. The appellant was interviewed by Eloy Medina.

In accordance with the CCR §3084.5 (h) Disciplinary Appeals; the RVR and supporting documentation is reviewed for procedural or due process requirements. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented by the appellant and evaluated in accordance with Salinas Valley State Prison Operational Procedures (OP); the CCR; and the Departmental Operations Manual (DOM).

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: NOV 30 2006

In re: Knight, C-07508
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0603281 Local Log No.: SVSP 06-02218

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I **APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #S06-03-0032R, dated March 3, 2006, for Possession of a Deadly Weapon /Possession of a Controlled Substance. It is the appellant's position that the Investigative Employee refused to carry out his assigned responsibilities and to interview key witnesses he intended to call to testify on his behalf at the hearing. Further, he contends that he did not receive all available non-confidential information prior to the hearing to prepare an adequate defense; he was not allowed to call witnesses in his defense; the Senior Hearing Officer (SHO) inaccurately reported that he was ready to proceed with the hearing when he was not; the information included on the CDC Form 1030, Confidential Disclosure Form is not reliable; the evidence was insufficient to support a guilty finding. The appellant requests that the RVR be dismissed and to be transferred into a general inmate population.

II **SECOND LEVEL'S DECISION:** The reviewer found that the evidence presented at the hearing was sufficient to support a guilty finding. The SHO acted in accordance with policy and procedures and all due process rights were adhered to.

III **DIRECTOR'S LEVEL DECISION:** Appeal is denied.

A. **FINDINGS:** The appellant's contention that the Investigative Employee (IE) report and the SHO's report were largely false is not accepted at the Director's Level of Review and it is considered his opinion. The documentation supports that the IE complied with the responsibilities outlined in the California Code of Regulations, Title 15, Section (CCR) as indicated and the IE report supports his actions. The SHO reports that the appellant did not request any additional materials to be presented at the hearing and rendered a guilty finding based on the evidence presented to him at the time of the hearing. This is the same evidence available to the appellant. There is no indication that the appellant provided a written statement to support his allegations raised in the appeal on this issue.

While the appellant was provided with a CDC Form 1030 dated May 18, 2006, this form is vague but the information provided on the form proved reliable. The appellant was provided with as much information as possible within reasonable penological interest and the institution has reported the reasons for not divulging more information to the appellant to ensure the safety of the institution and the source. The institution has complied with departmental policy or provided the appellant his due process rights in this issue. Based upon the documentation presented no modification of the decision reached by the institution is warranted.

B. **BASIS FOR THE DECISION:**
CCR: 3016, 3315, 3320, 3321, 3323

C. **ORDER:** No changes or modifications are required by the institution.

KNIGHT, C-07508
CASE NO. 0603281
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Appeals Coordinator, SVSP

State of California Department of Corrections and Rehabilitation

# Memorandum

Date: August 10, 2006

To: Inmate Knight C-07508, D1-114U
Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-06-02218

**ISSUE**:

The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log # S06-03-0032R, dated 3/3/06 for "Possession of a Deadly Weapon/Possession of a Controlled Substance."

The appellant asserts that the Senior Hearing Officer had a predetermined belief of guilt because the SHO heard the appellant's cellmate's RVR on the same incident. The SHO found the appellant guilty prior to reconvening the hearing the following day and finding the appellant guilty of the charged offense. The appellant was not provided all non-confidential evidence. The appellant was not afforded all requested witnesses. The appellant questions the reliability and/or existence of the anonymous note that prompted the cell search. ISU officer reports conflict with each other (C/O Diaz and C/O Parsons). The use of confidential information was not consistent with departmental regulations.

The appellant contends that he will never be able to receive a fair hearing and requests the Rules Violation Report (RVR) be dismissed.

**SUMMARY OF INVESTIGATION**:

The First Level of Review was bypassed per CCR 3084.5(b). Eloy Medina, Appeals Coordinator, was assigned to investigate this appeal at the Second Level of Review. The appellant was interviewed by Eloy Medina.

In accordance with the CCR §3084.5 (h) Disciplinary Appeals; the RVR and supporting documentation is reviewed for procedural or due process requirements. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented by the appellant and evaluated in accordance with Salinas Valley State Prison Operational Procedures (OP); the CCR; and the Departmental Operations Manual (DOM).

The discovery date of the RVR was 3/3/06. Appellant received his copy of the RVR on 3/22/06, which was not within fifteen (15) days of the discovery. The appellant was provided with his copy of the entire RVR.

The RVR was referred to the Monterey County District Attorney's (DA) office for possible prosecution. Prosecution was declined on 8/18/05.

The RVR reflects that the appellant attended the disciplinary hearing held on 5/16/06 and pled "not guilty" to the charge.

A Staff Assistant was not assigned, pursuant to CCR §3315(d)(2).

Appellant was a participant in the Mental Health Services Delivery System (MHSDS) at the Correctional Clinical Case Management (CCCMS) level of care .

An Investigative Employee (I.E.) was assigned, Correctional Officer C. Reyes.

The SHO determined a guilty finding, and assessed zero (0) days credit loss forfeiture due to lost time constraints.

The appellant asserts that the Senior Hearing Officer had a predetermined belief of guilt because the SHO heard the appellant's cellmate's RVR on the same incident.

A review of the RVR does not indicate a predetermined belief of guilt by the SHO. However, on 8/10/06, the SHO, Lt. R. Parin, was interviewed by Eloy Medina. Lt. Parin informed Eloy Medina that he (Parin) did not have a predetermined belief of guilt entering the hearing. Lt. Parin stated that he based his decision on the evidence presented and kept a clear, open mind during the hearing.

The appellant states the SHO found the appellant guilty prior to reconvening the hearing the following day and finding the appellant guilty of the charged offense.

Eloy Medina, during his interview with Lt. Parin, asked Lt. Parin to explain the events of the postponement/reconvening of the hearing. Lt. Parin stated that during the hearing, he (Parin) discovered that evidence he (Parin) had did not match the evidence that the appellant had. Lt. Parin then postponed the hearing until the appellant was afforded the opportunity to review the evidence. Lt. Parin then reconvened the hearing, weighed the evidence with an open mind, and subsequently found the appellant guilty based on a preponderance of evidence. Eloy Medina asked Lt. Parin if when Parin reconvened the hearing, could Parin have found the appellant not guilty. Lt. Parin replied that he (Parin) reconvened the hearing with an open mind and could have found the appellant not guilty if there had not been a preponderance of evidence to support a finding of guilt.

The appellant states he was not provided all non-confidential evidence.

A review of the RVR indicates that the appellant was afforded all non-confidential evidence.

The appellant states he was not afforded all requested witnesses.

The appellant requested two witnesses during the hearing but did not provide their CDC numbers nor their current housing location. The appellant had almost a year to obtain the CDC numbers and locations of the requested witnesses and should have been able to provide the necessary information to locate the appellant's requested witnesses. The appellant neglected to obtain this information. Due to the large number of inmates housed in CDC with the same last names, locating the requested witnesses with insufficient information during the hearing was not possible. The SHO elected to call the reporting employee as a witness during the hearing.

The appellant questions the reliability and/or existence of the anonymous note that prompted the cell search. The appellant asserts that he should have been provided a copy of the note used to initiate the cell search. However, providing a copy of the note could jeopardize the unknown inmate author of the note because the appellant could attempt to identify the writing style of the unknown inmate author and therefore identify the confidential informant. This would place a great risk to the confidential informant and hinder staff's ability to continue to receive confidential information.

The appellant states the use of confidential information was not consistent with departmental regulations.

The disclosure and use was in accordance with CCR Title 15 §3321 and departmental memoranda.

The appellant states ISU officer reports conflict with each other (C/O Diaz and C/O Parsons).

Because the statements are not word-for-word, the appellant states the officer's reports conflict. The officer's statements are consistent with the photographs and the reports.

A review of the RVR and attachments indicate that there was a preponderance of evidence to determine a finding of guilt and no due process or procedural errors occurred other than time constraints were not met. However, not meeting the time constraints placed no jeopardy on the appellant because there was no credit forfeiture.

In conclusion, this RVR was adjudicated within the parameters of the California Code of Regulations, Title 15.

It should be noted that the appellant filed a staff complaint on this incident (Appeal Log #SVSP-05-04355).

Inmate Knight C-07508
Appeal Log Number-SVSP-06-02218
Page 4

**DECISION**:  The appeal is DENIED.

The appellant is advised that this issue may be submitted for a Director's Level
of Review if desired.


A. HEDGPETH
Chief Deputy Warden
Salinas Valley State Prison

DISCIPLINARY ACTIONS & INACTIONS COMPLAINT and DENIAL OF PROCEDURAL DUE PROCESS

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region: 1. SVSP Log No.: 1. 06-03218 Category: 1
2. 2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

RVR S06-03-0032R

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| KNIGHT, Clarence | C07508 | G.P. | D7-114 |

A. Describe Problem: THIS APPEAL REGARDS C.D.C. RVR 115 DATED 3/3/06 LOG#S06-03-0032R FOR THE SPECIFIC ACTS POSSESSION OF A DEADLY WEAPON/POSSESSION OF A CONTROLLED SUBSTANCE IN WHICH AS LT. PARIN HAS CONCEDED TO THAT ON 5/16/06 HE FOUND ME GUILTY OF THE CHARGED OFFENSE. THIS ENTIRE DISCIPLINARY HEARING PROCESS HAS DEPRIVED ME OF PROCEDURAL DUE PROCESS IN SEVERAL ASPECTS WHICH HAS DENIED ME DUE PROCESS AND EQUAL PROTECTION AS DESCRIBED IN THE C.C.R. TITLE 15 AND D.O.M. AS FOLLOWS; FIRST, ON 5/16/06 LT. PARIN COMMENCED THE 115 HEARING AND FOUND ME GUILTY. LT. PARIN HAD A PREDETERMINATION OF GUILT BEFORE

If you need more space, attach one additional sheet. CONT...

B. Action Requested: WITHDRAW GUILTY FINDING IN THE INTEREST OF JUSTICE, AND VIOLATIONS OF PROCEDURAL DUE PROCESS REGARDING THE TOTALITY OF ISSUES RAISED AND, LT. PARIN'S DENIAL OF A FAIR AND IMPARTIAL 115 HEARING. WITH ALL OF THESE DISCREPANCIES, INCONSISTENCIES AND CONCEALMENTS, I CAN NEVER RECIEVE A FAIR HEARING

Inmate/Parolee Signature: C. Knight Date Submitted: 7/18/06

C. INFORMAL LEVEL (Date Received: ____________)

Staff Response: REC'D JUL 19 2006

BYPASS

RECEIVED SEP 15 2006 INMATE APPEALS BRANCH

Staff Signature: ______________ Date Returned to Inmate: ______________

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: ______________ Date Submitted: ______________

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: Due Date:

Interviewed by:

BYPASS

Staff Signature: Title: Date Completed:

Division Head Approved: Returned

Signature: Title: Date to Inmate:

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

BYPASS

Signature: Date Submitted:

Second Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 7/20/06 Due Date: 8/30/06

☒ See Attached Letter

DELIVERED SEP 06 2006

Signature: [signature] Date Completed: 8/10/06

Warden/Superintendent Signature: [signature] Date Returned to Inmate:

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

DISSATISFIED. THE APPEALS COORDINATOR'S SUMMARIZED RESPONSE IS NOTHING MORE THAN AN ARBITRARY DENIAL IN TOTAL DISREGARD FOR THE NUMEROUS VIOLATIONS OF MY PROCEDURAL DUE PROCESS. FOR CLARITY SAKE AS AFOREMENTIONED IN MY APPEAL, LT. PARIN (SHO) HAD A PREDETERMINATION OF GUILT IN TWO ASPECTS. #1 HE TOOK PART IN THIS SAME CASE WHEN HE FOUND MY CELLMATE HARVEY H-28106 GUILTY OF THE SAME CHARGE. #LT. PARIN BLEW IT WHEN HE FOUND ME GUILTY

Signature: C. Knight Date Submitted: 9/12/06

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

☒ See Attached Letter

Date: NOV 30 2006

CDC 602 (12/87)

And during this Hearing in Violation of C.C.R. 3320(h) since He Heard RVR of Harvey H28106 Regarding this same Incident. Secondly, once Lt. Parin Found me Guilty on 5/16/06 without Pertinent Documents that I requested and were entitled to, His mind was made up despite relying on the later Produced C.D.C. 1030 Form and Crime Photos.

I specifically asked Lt. Parin to incorporate in his final disposition that on 5/17/06 He (Lt. Parin) returned one day after finding me guilty to give me verbal notice that He postponed the Hearing and is now reconvening the Hearing for purposes of articulating His final disposition, stating that He is issuing C.D.C. 1030 Form.

Next, during my I.E. I specifically asked for all non-confidential documents relied upon C/o C. Reyes did not produce the anonymous note nor did she produce two documents authored by C/o A. Diaz and C/o Delos Santos. These documents have relevance since they reference what took place during the incident on 6/14/05 that should've been apart of the crime incident report and RVR.

My request for inmate witness by C/o C. Reyes and Lt. Parin was denied strategically to prevent me from establishing a record that was concealed by C/o Diaz, Parsons, R.L. Martinez, G.D. Jordan and Sgt. Hatton. Inmates White and Cole were cellmates on 6/14/06 in cell C6-105 and the I.E. had access to the information to secure those witnesses but failed to produce it. Lt. Parin told me that it is not his job to investigate for me in order to get C.D.C. I.D. numbers of inmate witnesses requested by me. This is a violation of C.C.R. 3318(a)(1)(B)-(C)-(D) C/o C. Reyes only explaination for not interviewing requested inmate witnesses was "White and Cole are no longer in that cell." Lt. Parin's impartiality didn't exist. He made no efforts to afford me the right to call those inmate witnesses yet summoned A. Diaz without me requesting the reporting employee to be present. Nonetheless Lt. Parin violated C.C.R. §§ 3320(c)(1) & (2), 3320(e) and failed to comply with CCR 3320(i)

My request for all non-confidential documents should've included the anonymous note. Instead, Lt. G.D. Jordon has concealed this non-confidential note within the confidential section in violation of C.C.R. 3321(a)(1) thru (4), C.C.R. 3321(b)-(1) thru (3-B) and CCR 3321(c) in its entirety. Lt. Parin's final disposition does not demonstrate that the C.D.C. 1030 Form is legally valid nor reflects that C.C.R. 3321(d)(1), (2) & (3) has been fulfilled.

The C.D.C. 1030 and this alleged anonymous note recieved on 6/13/05 took 11 months and 5 days to be disclosed. This document didn't exist in any of the original reports. I'm uncertain of its authenticity and whether if it did exist, whether it is tainted evidence.

AND IF THE ANONYMOUS NOTE WAS THE BASIS FOR THE I.S.U. TO CONDUCT RAIDS AT 5:15 A.M ON 6/14/05 DOWNPLAYED AS ROUTINE CELLSEARCHES, WHAT HAPPENED TO THE STANDARD CELL SEARCH FORM OR C.D.C. SVSP FORM RR004-98 AND WHY WERE THIS INFORMATION AS TO WHAT PROMPTED THE SEARCHES CONCEALED FROM THE REPORTS. LT. PARIN REFUSED TO CONSIDER THESE ISSUES WHEN I BROUGHT THEM TO HIS ATTENTION AND REFUSED TO INCLUDE MY CONCERNS REGARDING THIS IN THE FINAL DISPOSITION.

ORIGINALLY, I REQUESTED ALL PHOTOGRAPHS OF THE WEAPON & NARCOTICS, THE CRIME/INCIDENT REPORT REFLECTED (10) TEN PHOTOGRAPHS TAKEN WHEN IN LATER INVESTIGATIONS REVEALED (21) TWENTY-ONE PHOTOS. THE REPORT IN THIS AREA PROVES INCOMPLETE WITHOUT AN EXPLANATION WHY THIS INFORMATION WAS WITHHELD. SO MANY THINGS WERE WITHHELD AND STILL LT. PARIN ELECTED TO CALL THESE ISSUES IRRELEVANT WHEN THE TOTALITY OF THESE DISCREPANCIES ARE WHAT MY DEFENSE IS BASED ON THAT THE WEAPONS WERE PLANTED AND THE INVOLVED STAFFS CONCEALED THEIR ACTS BY VOIDING THE RECORDS OF CRUCIAL INFORMATION.

IN THIS I.E. REPORT THE SERIES OF QUESTIONS TO C/O DIAZ CONFLICTS WITH THE SUPPLEMENT REPORT WRITTEN BY C/O PARSONS. C/O DIAZ IS LYING BECAUSE HE FORGOT THE FIRST LIES TOLD. C/O PARSONS WAS NOT WITH C/O DIAZ DURING THE ENTIRE SEARCH. BECAUSE C/O PARSONS WENT TO 8 BLOCK. THATS WHY C/O DIAZ CLAIMS TO HAVE FOUND EVERYTHING AND PARSONS DIDNT DISCOVER ANYTHING. BECAUSE PARSONS CAME AFTER THE FACT. WHEN I POINTED THIS OUT TO LT. PARIN, HE SAID THAT IT WAS IRRELEVANT BECAUSE C/O DIAZ SAID HE FOUND THE WEAPON ON MY BUNK. NOTICE THAT IN THIS I.E. REPORT C/O DIAZ SAID HE FOUND THE WEAPON ON THE BOTTOM BUNK ON THE RIGHT END TOP CORNER. BUT IN THE CRIME-INCIDENT REPORT SUPPLEMENT C/O DIAZ SAID HE FOUND THE WEAPON ON THE LOWER RIGHT CORNER OF THE BED. THE DIFFERENCE OF LOCATION AGAIN QUESTIONS THE ADDITIONAL 11 PHOTOS WITHHELD FROM THE ORIGINAL CRIME-INCIDENT REPORT.

LT. PARIN DEPRIVED ME OF A FAIR AND IMPARTIAL DISCIPLINARY HEARING AND HAS DELIBERATELY VIOLATED MY RIGHTS AND PROCEDURAL SAFEGUARDS IN THE DISCIPLINARY PROCESS. HE FAILED TO CONSIDER MY DEFENSE THAT THE WEAPON WAS PLANTED, HE DID NOT WANT TO HEAR THAT C/O GIBBS WAS THE FIRST PERSON IN C/6 103 ON 6/14/06 AND THAT C/O DIAZ INITIALLY BEGAN SEARCHING C6-102. I TOLD LT. PARIN THAT C/O DIAZ INITIALLY ENTERED C6-102 AND PULLED A (5) FIVE GALLON WINE BUCKET FROM THAT CELL THEN WENT INTO C6-103 THEN BACK TO CELL 102. C/O GIBBS HAD WENT INTO C6-103 AND BEGAN TOSSING MANILLA ENVELOPES OF LEGAL PAPERS INTO A TRASHCAN BELONGING TO INMATE HARVEY MY CELLMATE.

DUE TO LT. PARIN'S FAILURE TO CONSIDER MY DEFENSE, ELUDED FAIRNESS AND BELIEVED THE INCOMPLETE RVR REPORT, INCOMPLETE CRIME-INCIDENT REPORT, WHILE VIOLATING ALL OF THE AFOREMENTIONED CODES OF REGULATIONS

IN CONCLUSION, THE CDC 1030'S USAGE IS FOR THE PURPOSE OF A CONFIDENTIAL SOURCE AND DISCLOSURE OF LIMITED CONFIDENTIAL INFORMATION. AND ALL OF THE RAISED ISSUES ARE REQUIRED TO PROVIDE ESTABLISHED PROCEDURES AND PROTECTED CONSTITUTIONAL RIGHTS

LT. PARIN HAD OPTIONS TO INTERVIEW REQUESTED INMATE WITNESSES BUT DELIBERATELY STRAYED FROM THE PROCEDURES TO SUPPORT HIS COLLEAGUES. THE USE OF CONFIDENTIAL INFORMATION HAS TO COMPLY WITH ADMINISTRATIVE BULLETIN AB 92/15.

C. Knight

7.

394 Sent To Records On _____ By _____

STATE OF CALIFORNIA
# RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-07508 | KNIGHT | | | SVSP | C6-103L | 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 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR§ 3006(a) / 3016(c) | POSSESSION OF A DEADLY WEAPON POSS. OF A CONTROLLED SUBSTANCE | Fac. 'C' Bld4. #6 | 03/03/06 | 0513 HRS |

CIRCUMSTANCES

This RVR Log #S05-06-0013, is being ordered Re-issued / Re-heard per memorandum authored by C. Noll, Chief Disciplinary Officer, dated 03/03/06.

On June 14, 2005, at approximately 0513 hours, while performing my duties as Security Squad Officer #8, I was assisting the Investigative Services Unit Officer's E. Parsons, M. Valdez and R. Salao with a cell search on Facility 'C' Building #6. As we approached C6 Building cell #103, the Control Booth Officer was instructed to open the cell door. Cell #103 was occupied by Inmates Knight (C-07508, C6-103L) and HARVEY (H-23196, C6-103U). The door opened and Knight who was lying on the bottom bed was instructed by Valdez to prone out on his stomach. Knight then stated that he is an ADA inmate and could not prone out. Knight was then instructed to walk back to the cell door slowly and he complied, and was escorted by Officer Salao to the table in the A-pod dayroom. Inmate HARVEY who was lying on the top bunk was instructed to prone out on his stomach and he complied. Inmate HARVEY then crawled backwards and was placed in restraints. Inmate HARVEY was escorted by Valdez to the top tier shower without incident.

(CONTINUED ON PART C)

Inmate KNIGHT **is** / **is not** a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ A. Diaz, Correctional Officer (ISU) | | | Security Squad #8 | |
| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
| | | DATE _____ LOC. _____ | | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | | 3/06/06 | ▶ C. R. Santana | ☐ HO ☐ SHO ☐ SC ☐ FC |

| COPIES GIVEN INMATE BEFORE HEARING | | | | |
|---|---|---|---|---|
| ☒ CDC 115 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R | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | TITLE OF SUPPLEMENT |
| ☐ INCIDENT REPORT LOG NUMBER: CEN-ISU-06-0365 | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

HEARING

| REFERRED TO ☐ CLASSIFICATION | ☐ BPT/NAEA | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE ▶ | DATE | TIME |
| REVIEWED BY: (SIGNATURE) ▶ | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ | DATE | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

PAGE 2 OF 2

**RULES VIOLATION REPORT - PART C**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-07508 | KNIGHT | S06-03-00328 | SVSP | 03/03/06 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☐ IE REPORT ☐ OTHER______

I along with Officer Parsons began searching cell #103 for any possible contraband. I searched the top bed, and lifted the mattress and found one (1) Inmate Manufactured Weapon on the bed. The weapon was in the middle of the bed which was approximately 5 inches in length and 1/2 inch width sharpened to a point. Attached to the weapon was a white cloth sleeve and a blue cloth string laced on top to tie a noose to cover the metal. The weapon also had a blue cloth string tied on top wrapped by a rubber band to form a makeshift handle. I continued searching the cell for contraband. As I began searching the lower bed I found a blue bini hat in the middle of the bed. The hat had a clear plastic cube with a brown leafy substance (tobacco) wrapped multiple times secreted in it. I also found in the hat a partial piece of rubber glove that contained two small wrapped plastic bindles of what appeared to be black heroin. I continued my search in the lower bed and found one (1) Inmate Manufactured Deadly Weapon on the lower right corner of the bed. The weapon was made of metal which was bent in half and measured approximately 3" 1/4 inches in length and 3/4 inch in width, sharpened to a point at the folded end. Attached to the weapon was a white paper sleeve taped with masking tape to cover the metal. The weapon also had a white shoe lace wrapped on top, tied to a knot to form a makeshift handle. No further contraband was discovered in the cell. I proceeded to photograph all of the evidence found in cell C5-103 in its original state of discovery.

I secured the evidence and proceeded to conduct a Department of Justice (DOJ) presumptive Drug Screening Test on the suspected bindles of black tar heroin. The first bindle weighed approximately 0.17 grams and tested positive for heroin. The second bindle weighed approximately 0.14 grams and tested positive for heroin.

I then secured and processed the weapons and photographs into ISU Evidence Locker C5A/2005 and the controlled substance in ISU Locker #51 pending DOJ results. This concludes my report.

Inmate KNIGHT is aware of this report.

A. Diaz, Correctional Officer (ISU)

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| [signature] | [illegible] |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | [signature] | [illegible] | [illegible] |

STATE OF CALIFORNIA

# SERIOUS RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| C-07508 | KNIGHT | CCRS 3005(a)/3016(c) | 03/03/06 | SVSP | S05-03-0032R |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT [X] YES [ ] NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| [X] **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ C Knight | 3/22/06 |

DATE NOTICE OF OUTCOME RECEIVED: 8/12/05

DISPOSITION: D...

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

STAFF ASSISTANT

[X] REQUESTED [ ] WAIVED BY INMATE — INMATE'S SIGNATURE ▶ C Knight — DATE 3/22/06

[ ] ASSIGNED — DATE — NAME OF STAFF

[X] NOT ASSIGNED — REASON: DNMC per CCR 3315(d)(2)

## INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE

[X] REQUESTED [ ] WAIVED BY INMATE — INMATE'S SIGNATURE ▶ C Knight — DATE 3/22/06

[ ] ASSIGNED — DATE — NAME OF STAFF

[ ] NOT ASSIGNED — REASON

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

[ ] REPORTING EMPLOYEE [ ] STAFF ASSISTANT [ ] INVESTIGATIVE EMPLOYEE [ ] OTHER ______ [ ] NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | [ ] | [ ] | | [ ] | [ ] |
| | [ ] | [ ] | | [ ] | [ ] |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| INVESTIGATOR'S SIGNATURE | DATE |
|---|---|
| ▶ | |

| [ ] COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) | TIME | DATE |
|---|---|---|---|
| | ▶ | | |

7.   804 Sent To Records On _____ By _____

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT

D-7-110

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-07508 | KNIGHT | | | SVSP | C5-103L | 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R |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | POSSESSION OF A DEADLY WEAPON | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR§ 3006(a) / 3016(c) | | POSS. OF A CONTROLLED SUBSTANCE | Fac. 'C' Bld. #6 | 03/03/06 | 0513 HRS. |

CIRCUMSTANCES

This RVR Log #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, is being ordered Re-issued / Re-heard per memorandum authored by C. Noll, Chief Disciplinary Officer, dated 03/03/06.

   On June 14, 2005, at approximately 0513 hours, while performing my duties as Security Squad Officer #6, I was assisting the Investigative Services Unit Officer's E. Parsons, M. Valdez and R. Salao with a cell search on Facility 'C' Building #6. As we approached C5 Building cell #103, the Control Booth Officer was instructed to open the cell door. Cell #103 was occupied by Inmates Knight (C-07508, C5-103L) and HARVEY (H-28105, C5-103U). The door opened and Knight who was lying on the bottom bed was instructed by Valdez to prone out on his stomach. Knight then stated that he is an ADA Inmate and could not prone out. Knight was then instructed to walk back to the cell door slowly and he complied, and was escorted by Officer Salao to the table in the A-pod dayroom. Inmate HARVEY who was lying on the top bunk was instructed to prone out on his stomach and he complied. Inmate HARVEY then crawled backwards and was placed in restraints. Inmate HARVEY was escorted by Valdez to the top tier shower without incident.

(CONTINUED ON PART C)

Inmate KNIGHT **is** / is not a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Title) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ A. Diaz, Correctional Officer (ISU) | | 3/22/06 | Security Squad #6 | |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| ▶ | | 3-22-06 | DATE _____ LOC. _____ | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | A1 | 3/22/06 | ▶ G. R. Sanchez, U., | ☐ HO  ☐ SHO  ☐ SC  ☐ FC |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | | |
|---|---|---|---|---|---|---|
| ☐ CDC 115 06-03-0032R | BY: (STAFF'S SIGNATURE) ▶ | | DATE | TIME | TITLE OF SUPPLEMENT | |
| ☐ INCIDENT REPORT LOG NUMBER: CEN-05-05-0365 | BY: (STAFF'S SIGNATURE) ▶ | | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE / TIME |

HEARING

Plea: NOT GUILTY.

Findings: Inmate KNIGHT was found GUILTY of CCR §3006(a), specifically "Possession Of A Deadly Weapon" a Division "A1" offense. This finding is based on the preponderance of evidence presented at the hearing which **does** substantiate the charge. The evidence presented at the hearing included: SEE CDC-115-C.

Disposition: Inmate KNIGHT assessed 00 days forfeiture of credits for a Division "A1" offense due to time constraints not being met.

Additional Disposition: Inmate KNIGHT was counseled, warned and reprimanded.

Classification Referral: Refer to ICC for possible SHU Assessment.

| REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
| R. Parin, Correctional Lieutenant | | ▶ | | |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE |
| ▶ E.F. Rankin, CO Captain | 7-__-06 | ▶ C. Noll, C.D.O. | | 7 |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ | | DATE / TIME |

8 .

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-07508 | KNIGHT | S06-03-0032R | SVSP | 03/03/06 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☐ IE REPORT ☐ OTHER

I along with Officer Parsons began searching cell #103 for any possible contraband. I searched the top bed, and lifted the mattress and found one (1) Inmate Manufactured Weapon on the bed. The weapon was in the middle of the bed which was approximately 5 inches in length and 1/2 inch width sharpened to a point. Attached to the weapon was a white cloth sleeve and a blue cloth string laced on top to tie a noose to cover the metal. The weapon also had a blue cloth string tied on top wrapped by a rubber band to form a makeshift handle. I continued searching the cell for contraband. As I began searching the lower bed I found a blue bini hat in the middle of the bed. The hat had a clear plastic tube with a brown leafy substance (tobacco) wrapped multiple times secreted in it. I also found in the hat a partial piece of rubber glove that contained two small wrapped plastic bindles of what appeared to be black heroin. I continued my search in the lower bed and found one (1) Inmate Manufactured Deadly Weapon on the lower right corner of the bed. The weapon was made of metal which was bent in half and measured approximately 3" 1/4 inches in length and 3/4 inch in width, sharpened to a point at the folded end. Attached to the weapon was a white paper sleeve taped with masking tape to cover the metal. The weapon also had a white shoe lace wrapped on top, tied to a knot to form a makeshift handle. No further contraband was discovered in the cell. I proceeded to photograph all of the evidence found in cell C6-103 in its original state of discovery.

I secured the evidence and proceeded to conduct a Department of Justice (DOJ) presumptive Drug Screening Test on the suspected bindles of black tar heroin. The first bindle weighed approximately 0.17 grams and tested positive for heroin. The second bindle weighed approximately 0.14 grams and tested positive for heroin.

I then secured and processed the weapons and photographs into ISU Evidence Locker 06A/2005 and the controlled substance in ISU Locker #51 pending DOJ results. This concludes my report.

Inmate KNIGHT is aware of this report.

A. Diaz, Correctional Officer (ISU)

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| [signature] | 4-2-06 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | [signature] | 3/27/06 | 1530 |

OSP 99 25082

9.

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE 2 OF

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-07508 | KNIGHT | S06-03-0032R | S.V.S.P. | 05/31/06 |

☐ SUPPLEMENTAL ☐ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☐ IE REPORT ☐ OTHER

**Hearing:** The hearing commenced on 05/16/06, at approximately 1005 hours. The SHO initially determined a Guilty finding of the charged offense. SHO, while documenting the disposition determined that Inmate KNIGHT was issued picture evidence that did not match picture evidence provided to the SHO. Based on this, SHO advised Inmate KNIGHT of this situation and informed him that the SHO would postpone the hearing with no finding at this time. Picture evidence was re-issued to Inmate KNIGHT. The hearing was reconvened on 05/30/06 and again postponed pending the Reporting Employee's (Officer A. Diaz) availability to attend the hearing as a witness. On 05/31/06, the SHO reconvened the hearing with Correctional Officer Diaz present.

**Inmate's Health:** Inmate KNIGHT stated his health was competent. **MHSDS:** Inmate KNIGHT **is** a participant in the Mental Health Services Delivery System at the CCCMS level of care. The circumstances of the RVR do not indicate that Inmate KNIGHT exhibited any bizarre behavior that raised concerns about his mental health. At the hearing, Inmate KNIGHT did not demonstrate any strange, bizarre, or irrational behavior. Based on this and pursuant to changes approved by the U.S. District Court of [Coleman], a mental health assessment was not initiated.

Date of Discovery: 03/03/06. Initial RVR copy issued on: 03/22/06.
Hearing started on: 05/16/06. Last document issued to inmate on: 05/16/06.
D.A. postponed date: 03/22/06. D.A. results issued date: ISU Declined, 05/12/06. Time Constraints: Met N.A.

**Staff Assistant:** A Staff Assistant was not assigned per CCR §3315(d)(2).

Inmate KNIGHT was read the RVR aloud and was able to demonstrate his understanding of the RVR and the disciplinary process through discussion with the SHO.

**Investigative Employee:** On 03/28/06, Correctional Officer C. Reyes was assigned as the Investigative Employee.

**D.A. Referral:** Inmate KNIGHT did request the hearing be postponed, pending the outcome of the D.A. referral, as documented on the CDC-115A, dated 03/22/06. Prosecution referral was declined by I.S.U. on 05/12/06.

**Evidence Requested:** None. **External/Outside Evidence:** None. **Video Tape Evidence:** N/A.

**Inmate Plea and Statement:** Inmate KNIGHT entered a plea of NOT GUILTY and stated, "I'm denying any weapons or narcotics in the cell and the report is incomplete. I cannot receive a fair hearing. I cannot establish an adequate defense in preparation for the hearing, based on the incomplete report."

**Witnesses Requested:** Inmate KNIGHT requested Inmates White and Cole as witnesses during the hearing. However, Inmate KNIGHT did not provide their CDC numbers nor their current housing location. SHO elected to call the Reporting Employee as a witness during the hearing.

(Continued On Part C)

R. Parin, Correctional Lieutenant

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| | |

| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | | |

10

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE 3 OF 6

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-07508 | KNIGHT | S06-03-0032M | S.V.S.P. | 05/31/06 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHER

**Witness Testimony at Hearing:** The Reporting Employee, Correctional Officer A. Diaz, was present as a witness during the hearing. The SHO asked Officer Diaz the following questions:

Q: The picture sequence of weapon on lower bunk is pictured at 0746, when initial search started at 0546? Please explain.
A: First found weapon on top bunk, search takes a few hours, then found weapon on lower bunk.

Q: In the initial picture the bed appeared to be unmade. When weapon found, the bed appeared to be made? Please explain.
A: Moved blankets over weapon secreted in spot pictured.

Q: The weapon pictured appears to be bent in half. Why do pictures show weapon straight? Please explain.
A: Found bent, straightened out to show length and point for pictures.

Q: C/O Parsons left cell 103. During the search stated was the cell secured? Please explain.
A: I was in cell during the whole search except during incident where Knight got up and kicked something under a cell door, he then returned to the table.

Q: Inmate Knight states an incident occurred during the cell search where he got up from a table and kicked something under a cell door. Please explain.
A: It was not an incident, it was something he just did. He went back to the table on his own.

No further questions were asked of Officer Diaz.

**Confidential Information:** Inmate KNIGHT received a copy of the CDC 1030 Form on 05/18/06. This SHO conducted a review of the confidential information during the hearing which provided the following:

The CDC 1030 indicated the following information:

-- Anonymous note received through institutional mail on 06/13/05, stating that a search of several cells on Facility 'C' would produce weapons and drugs.

**Findings:** Inmate KNIGHT is found **GUILTY** of "Possession Of A Deadly Weapon." This finding is based upon the following preponderance of evidence:

(Continued On Part C)

R. Parin, Correctional Lieutenant

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| [signature] | 6/7/06 |

| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| [handwritten, illegible] | [signature] | 07-09-06 | 1200 |

STATE OF CALIFORNIA

## RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE 4 OF 6

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-07508 | KNIGHT | S06-03-0032R | S.V.S.P. | 05/31/06 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHER

(Findings Continued)

A: RVR Log #S06-03-0032R authored by Correctional Officer A. Diaz, which states in part, "On June 14, 2005, at approximately 0513 hours, while performing my duties as Security Squad Officer #8, I was assisting the Investigative Services Unit Officer's E. Parsons, M. Valdez and R. Solao with a cell search on Facility 'C' Building #6. As we approached C6 Building cell #103, the Control Booth Officer was instructed to open the cell door. Cell #103 was occupied by Inmates Knight (C-07508, C6-103L) and HARVEY (H-28106, C6-103U). The door opened and Knight who was lying on the bottom bed was instructed by Valdez to prone out on his stomach. Knight then stated that he is an ADA Inmate and could not prone out. Knight was then instructed to walk back to the cell door slowly and he complied, and was escorted by Officer Solao to the table in the A-pod dayroom. Inmate HARVEY who was lying on the top bunk was instructed to prone out on his stomach and he complied. Inmate HARVEY then crawled backwards and was placed in restraints. Inmate HARVEY was escorted by Valdez to the top tier shower without incident. I along with Officer Parsons began searching cell #103 for any possible contraband. I searched the top bed, and lifted the mattress and found one (1) Inmate Manufactured Weapon on the bed. The weapon was in the middle of the bed which was approximately 5 inches in length and 1/2 inch width sharpened to a point. Attached to the weapon was a white cloth sleeve and a blue cloth string laced on top to tie a noose to cover the metal. The weapon also had a blue cloth string tied on top wrapped by a rubber band to form a makeshift handle. I continued searching the cell for contraband. As I began searching the lower bed I found a blue bini hat in the middle of the bed. The hat had a clear plastic tube with a brown leafy substance (tobacco) wrapped multiple times secreted in it. I also found in the hat a partial piece of rubber glove that contained two small wrapped plastic bindles of what appeared to be black heroin. I continued my search in the lower bed and found one (1) inmate Manufactured Deadly Weapon on the lower right corner of the bed. The weapon was made of metal which was bent in half and measured approximately 3" 1/4 inches in length and 3/4 inch in width, sharpened to a point at the folded end. Attached to the weapon was a white paper sleeve taped with masking tape to cover the metal. The weapon also had a white shoe lace wrapped on top, tied to a knot to form a makeshift handle. No further contraband was discovered in the cell. I proceeded to photograph all of the evidence found in cell C6-103 in its original state of discovery.

I secured the evidence and proceeded to conduct a Department of Justice (DOJ) presumptive Drug Screening Test on the suspected bindles of black tar heroin. The first bindle weighed approximately 0.17 grams and tested positive for heroin. The second bindle weighed approximately 0.14 grams and tested positive for heroin.

I then secured and processed the weapons and photographs into ISU Evidence Locker 06A/2005 and the controlled substance in ISU Locker #51 pending DOJ results. This concludes my report."

B: The Crime / Incident Report Supplemental Log #SVP-CRN-05-06-0365, authored by Correctional Officer E. Parsons, which states in part, "I then assisted Officer A. Diaz in searching cell C6, 103 occupied by Inmates KNIGHT, C-07508 and Harvey, H-28106. I entered cell 103 to search the cell, half way through the search, cell 103 was secured, and I proceeded to escort Inmate Frye from the lower A section shower to the Health Annex for medical evaluation. I returned to building C6 and escorted Inmate KNIGHT to Facility C Medical Office for medical evaluation. Upon returning to Building C6 I then escorted Inmate Williams to the Health Annex for medical evaluation. I then returned to Building C6 and finished the search of cell 103 with Officer Diaz. During the search Officer Diaz found two Inmate Manufactured Weapons and suspected Heroin."

(Continued On Part C)

R. Parin, Correctional Lieutenant

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | [illegible] | [illegible] | 1350 |

12

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTION

## RULES VIOLATION REPORT - PART C

PAGE 5 OF 6

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-07503 | KNIGHT | S06-03-0032 | S.V.S.P. | 05/31/06 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHER

(Findings Continued)

C: The confidential information contained within the CDC 1030 which indicated the following:

- Anonymous note received through institutional mail on 05/13/05, stating that a search of several cells on Facility "C" would produce weapons and drugs.

**Conclusion:** The SHO initially determined a Guilty finding of the charged offense. SHO, while documenting the disposition determined that Inmate KNIGHT was issued picture evidence that did not match picture evidence provided to the SHO. The hearing was postponed with no finding. Inmate KNIGHT was issued the correct picture evidence and the hearing was re-convened.

SHO finds a preponderance of evidence in rendering a guilty finding based on:

1. The Rules Violation Report where the Reporting Employee states, "I continued my search in the lower bed and found one (1) Inmate Manufactured Deadly Weapon on the lower right hand corner of the bed. The weapon was made of metal which was bent in half and measured approximately 3 1/4" inches in length and 3/4" inch in width, sharpened to a point at the folded end.

2. Picture Evidence #14 - 5:46 am, 5:47 am, 7:46 am, 7:47 am, 7:47 am, 7:46 am, 7:49 am, depicting cell front, overall of interior cell location of discovered weapon, unfolded weapon, folded weapon.

3. ISU Officer Parsons, CLC 8370, states in part, "I then returned to building C5 and finished the search of cell 103 with Officer Diaz. During the search Officer Diaz found two Inmate Manufactured Weapons and suspected Heroin."

During his plea statement, Inmate KNIGHT stated, "I cannot establish an adequate defense in preparation for the hearing, based on incomplete reports."

Inmate KNIGHT states that during the search he got up and kicked contraband under a cell door in which the inmates flushed it down the toilet. Inmate KNIGHT states there were no reports on this incident.

Officer Diaz reports that Inmate KNIGHT did get up and kick something under a cell door and that KNIGHT returned to the table on his own. Officer Diaz reports cell 103 was not left unattended at that time.

(Continued On Part C)

R. Parin, Correctional Lieutenant

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| [signature] | [illegible] |

| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | | |

13

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE 6 OF 6

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-07503 | KNIGHT | S06-03-0032R | S.V.S.P. | 05/31/06 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHER

**(Conclusion Continued)**

Inmate KNIGHT states staff did physically restrain him and questions the fact why no reports were completed. Inmate KNIGHT states he has filed a complaint regarding this issue. SHO verified with ISU Lt. Jordan, Inmate KNIGHT's complaint has been processed through the office of Internal Affairs. Inmate KNIGHT makes a statement that he cannot prepare an adequate defense, because of missing reports. Regardless of the alleged incident that occurred during the cell search. Inmate KNIGHT's allegations do not change the fact that an Inmate Manufactured Weapon was discovered on Inmate KNIGHT's assigned bunk.

**Enemy Concerns:** None.

**Appeal Rights:** Inmate KNIGHT was advised of his appeal rights per CCR §3084.1(a). Inmate KNIGHT was advised he will receive a completed copy of the RVR upon final audit by the Chief Disciplinary Officer.

R. Parin, Correctional Lieutenant

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| [signature] | 6/1/06 |

| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | | |

14

QUESTIONS FOR R.L. MARTINEZ

1. SINCE YOU WERE NOT PRESENT AT THE ONSET OF THE EXTRACTION/SEARCHES, HOW DID YOU CONFIRM THE EVENTS DESCRIBED IN THE CDC 837-A1 DATED 6/14/05?

2. WHAT DID I.G.I HAVE TO DO WITH THE EXTRACTION/SEARCH OF CELL C6-103?

QUESTIONS FOR G.A. JORDAN

1. IF INFORMATION WAS RECIEVED WHICH YOU ALLEGED PROMATED THE SEARCHES, WHY DIDN'T YOU PRODUCE THE RELIED UPON INFORMATION IN THE INCIDENT REPORTS?

2. WHY DIDN'T YOU PROVIDE THE DATE, TIME AND PLACE OF THE RECIEVED INFORMATION IN YOUR REPORT?

3. SINCE YOU WERE OFFICIALLY FUNCTIONING AS I.S.U. WHAT WERE YOUR HOURS OF DUTY AND R.D.O.'S ON 6-14-05?

4. BEING THAT YOU SIGNATURED AS REPORTING STAFF, WHY DIDN'T YOU DISCLOSE IN THE CDC 837-A1 THE REASON(S) FOR THE SEARCHES?

QUESTIONS FOR S. HATTON

1. WHY DIDN'T YOU REPORT YOUR ORDERING THE INMATES IN CELL C6-105 TO PRONE OUT, CRAWL OUT OF THE CELL, RESTRAIN THEM, SEARCH THE CELL AFTER ORDERING C/O MILARE TO OPEN THE CELL C6-105?

2. WHY DIDN'T YOU REPORT THAT C/O TRANCOSO'S ASSERTION THAT I KICKED SOMETHING UNDER THE DOOR OF C6-105?

3. WHY DIDN'T YOU HAVE C/O MILARE OR C/O TRANCOSO WRITE REPORTS OF THE INCIDENT IN THE DAYROOM DURING THE SEARCHES AFTER I WERE PLACED AT THE DAYROOM TABLE?

QUESTIONS FOR A. DIAZ

1. YOU REPORTED THAT YOU AND PARSONS SEARCHED CELL C6-103 IS THAT TRUE?

2. DID ANY OTHER OFFICERS ENTER C6-103 WHILE YOU WERE SEARCHING THAT CELL?

3. WAS PARSONS WITH YOU FROM THE BEGINNING OF THE SEARCH OF CELL C6-103 TO THE END OF THE SEARCH?

4. WERE YOU ALONE AT ANY TIME DURING THE SEARCH OF CELL C6-103?

5. DID YOU MAKE THE DISCOVERY OF WEAPONS AND NARCOTICS IN THE PRESENCE OF PARSONS?

6. YOU RESPONDED TO THE INCIDENT IN THE DAYROOM WHEN C/O TRANCOSO SAID I KICKED SOMETHING UNDER THE DOOR OF C6-105 IS THAT CORRECT?

7. WERE YOU INSTRUCTED BY YOUR SUPERIORS TO NOT REPORT THE INCIDENT IN THE DAYROOM?

8. WHY DIDN'T YOU INCLUDE IN ANY OF YOUR REPORTS THE DAYROOM INCIDENT?

9. DID YOU HAVE THE ALLEGED DISCOVERED WEAPONS PHOTO-GRAPHED IN THE EXACT PLACE/SPOT WHERE YOU CLAIM YOU FOUND THEM?

15

QUESTIONS FOR INMATE WITNESSES

INMATE #1 TOP BUNK

1. WERE YOU HOUSED IN C6-105 ON THE MORNING OF 6-14-05?

2. Did I.S.U. STAFFS ORDER YOU OUT OF YOUR CELL ON THE MORNING OF 6-14-05 AND SEARCH YOUR CELL?

3. STATE WHY I.S.U. SEARCHED YOUR CELL, ON 6-14-05

4. CAN YOU RECALL ANY AND ALL STATEMENTS OR COMMENTS MADE BY ANY OF THE STAFFS THAT ORDERED YOU OUT OF THE CELL?

INMATE #2 BOTTOM BUNK

1. WERE YOU HOUSED IN C6-105 ON THE MORNING OF 6-14-05?

2. Did I.S.U. STAFFS ORDER YOU OUT OF YOUR CELL ON THE MORNING OF 6-14-05 AND SEARCH YOUR CELL?

3. STATE WHY I.S.U. SEARCHED YOUR CELL ON 6-14-05?

4. CAN YOU RECALL ANY AND ALL STATEMENTS OR COMMENTS MADE BY ANY OF THE STAFFS THAT ORDERED YOU OUT OF THE CELL REGARDING KNIGHT AND HARVEY?

EVIDENCE REQUESTED

1. ALL PHOTOGRAPHS OF WEAPONS AND NARCOTICS.

2. ALL REPORTS

GIVEN TO C/O C REYES
DATE: 3/28/06