1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  JENNIFER A. NEILL
   Supervising Deputy Attorney General
5  STEVEN G. WARNER, State Bar No. 239269
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5747
     Fax: (415) 703-5843
8    Email: Steven.Warner@doj.ca.gov

9  Attorneys for Respondent Warden M.S. Evans
   SF2008401755

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CLARENCE KNIGHT, | Case No. C 08-00006 SBA (PR) |
| Petitioner, | **RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| M. S. EVANS, WARDEN, | |
| Respondent. | Judge: The Honorable Saundra B. Armstrong |

TO PETITIONER CLARENCE KNIGHT, IN PRO PER,

PLEASE TAKE NOTICE that Respondent M.S. Evans, Warden at Salinas Valley State Prison, moves this Court to dismiss the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (2000) and Rules 2 and 4 of the Rules Governing § 2254 Cases in the United States District Courts, on the ground that Knight fails to state a claim for federal habeas relief. This motion is based on the notice and motion, the memorandum of points and authorities and exhibit, the petition for writ of habeas corpus, the court records in this action, and other such matters properly before this Court.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Knight, an inmate at Salinas Valley State Prison, represents himself in this habeas corpus action. Knight challenges the guilty finding at a 2006 disciplinary hearing. However, Knight fails to state a claim for federal habeas relief because the challenged disciplinary action does not implicate the fact or duration of his confinement. Thus, this Court should dismiss Knight's petition.

## RELEVANT PROCEDURAL HISTORY

During a cell search on June 14, 2005, prison personnel found an inmate-manufactured weapon and heroin on Knight's bed. (Pet., Ex. P at 15.) At a May 31, 2006 disciplinary hearing, Knight was found guilty of possession of a deadly weapon. (*Id.* at 18.) Knight forfeited no time credits as a result of this guilty finding. (*Id.*)

## ARGUMENT

### KNIGHT FAILS TO PRESENT GROUNDS FOR FEDERAL HABEAS RELIEF UNDER THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT (AEDPA) BECAUSE HE DOES NOT CHALLENGE THE FACT OR DURATION OF HIS CONFINEMENT.

Federal habeas corpus relief to state-inmates is limited. It is available "only on the ground that [a person] is in custody in violation of the Constitution" or federal law. 28 U.S.C. § 2254(a). Thus, not every constitutional claim presents grounds for federal habeas relief. Rather, only challenges to "custody" are cognizable. *Id.* Custody is implicated, and habeas relief is available, where a state inmate challenges the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 485-86 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 78-79 (2005). Conversely, habeas relief is unavailable where an inmate does not challenge the fact or duration of his or her confinement. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Allegations regarding the "conditions of a prisoner's confinement" cannot present grounds for federal habeas relief. *Id.*

Therefore, in addressing the sufficiency of Knight's Petition, the question is not whether he has plead any federal claim, but whether he has plead a federal habeas claim under AEDPA. To plead a claim under AEDPA, his allegations must go to the fact or duration of his confinement.

1 Knight's claims do not implicate the fact or duration of his confinement. Knight challenges a
2 prison disciplinary finding which did not result in forfeiture of any time credit.[1] (Pet., Ex. P at
3 18.) As such, Knight's dispute here cannot impact the duration of his confinement. Knight has
4 thus failed to plead grounds for federal habeas relief. *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th
5 Cir. 2003) (no federal habeas jurisdiction where successful challenge to disciplinary proceeding
6 would not necessarily shorten inmate's sentence). Accordingly, his petition should be dismissed.

## CONCLUSION

Knight's Petition is facially deficient. He did not allege that he is in custody in violation of the Constitution in that his claims do not implicate the fact or duration of his confinement. Thus, Knight failed to state grounds for federal habeas relief under AEDPA. Further consideration of his Petition is unwarranted and the petition should be dismissed.

Dated: September 8, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

JENNIFER A. NEILL
Supervising Deputy Attorney General

STEVEN G. WARNER
Deputy Attorney General
Attorneys for Respondent

20136834.wpd

---

1. Knight's 2006 hearing was re-issued and re-heard from a 2005 disciplinary hearing. Knight references his 2005 hearing as background to the challenged 2006 hearing. To the extent that this Court interprets this background as legal contentions about Knight's 2005 hearing, Respondent argues that those claims similarly do not present grounds for federal habeas relief because the 2005 hearing also resulted in no credit forfeiture. (Pet., Ex. I at 1.)

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Clarence Knight v. m. S. Evans, Warden*

Case No.:    U. S. D. C., N. D., Oakland Div., C 08-0006 SBA (PR)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **September 8, 2008**, I served the attached

**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Clarence V. Knight, C-07508**
**Salinas Valley State Prison**
**P.O. Box 1050**
**Soledad, CA 93960-1050**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 8, 2008**, at San Francisco, California.

J. Baker
Declarant

*(signature)*

20140868.wpd