IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE V. KNIGHT,<br><br>    Petitioner,<br><br>  v.<br><br>M. S. EVANS, Warden,<br><br>    Respondent. | No. C 08-00006 SBA (PR)<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS PETITION AND SETTING BRIEFING SCHEDULE**<br><br>(Docket no. 6) |

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary finding imposed by Salinas Valley State Prison (SVSP). On May 8, 2008, the Court ordered Respondent to show cause why the writ should not be granted. Petitioner was also granted leave to proceed in forma pauperis.

Before the Court is Respondent's motion to dismiss the instant petition on the grounds that the challenged disciplinary action does not implicated the fact or duration of Petitioner's confinement. Petitioner filed an opposition to the motion to dismiss. Respondent filed a reply.

Having considered all of the papers filed by the parties, the Court DENIES Respondent's motion to dismiss.

**BACKGROUND**

On June 14, 2005, prison staff at SVSP conducted a cell search of Petitioner's cell and found two inmate-manufactured weapons and heroin. (Pet., Ex. C) At his May 31, 2006 disciplinary hearing, Petitioner was found guilty of possession of a deadly weapon and a controlled substance. (Pet., Ex. I.) He forfeited no time credits as a result of this guilty finding. (Id.)

Petitioner filed the instant federal habeas petition on January 7, 2008.

**DISCUSSION**

Respondent now moves to dismiss the petition for failure to state a claim for relief because Petitioner's claims do not implicate the fact or duration of his confinement. Respondent argues that Petitioner challenges a prison disciplinary finding which did not result in forfeiture of any time credit and thus his dispute cannot impact the duration of his confinement. (Mot. to Dismiss at 3

1  (citing Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (no federal habeas jurisdiction where
2  successful challenge to disciplinary proceeding would not necessarily shorten inmate's sentence).)

3  Petitioner alleges that his claims are properly brought in habeas.  While he was not assessed
4  any credit loss as a result of the guilty finding, he claims that he was housed at the Security Housing
5  Unit (SHU) for ten months.  (Opp'n at 3.)  He also argues that because he is serving an indeterminate
6  sentence, the guilty finding will likely result in the California Board of Parole Hearings denying him
7  a parole date.  (Id. at 2.)

8  Respondent's motion raises an issue in federal jurisdiction that has not been conclusively
9  resolved by the Supreme Court: whether there is concurrent jurisdiction between habeas corpus and
10 42 U.S.C. § 1983 regarding claims of administrative detentions that may potentially affect the length
11 of an individual's confinement due to the increased likelihood that an individual will be denied
12 parole.  In the instant case, Petitioner contends that as a result of a prison administrative decision to
13 find him guilty of possession of a deadly weapon, which he claims is based on insufficient evidence,
14 the resulting guilty finding and his ten-month stay at the SHU could be used against him at his next
15 parole suitability hearing.  He further states: "To invalidate this unlawful guilty finding may allow
16 for Petitioner to show the Parole Board the ability to remain disciplinary free as required by the
17 Parole Board.  This expectation of the Parole Board can in fact affect the decision of the Board to
18 consider Petitioner's release from prison."  (Id. at 5.)

19 There is no question that a claim regarding an administrative detention is a claim regarding
20 prison conditions which may be properly brought as a civil rights action.  The question remains
21 however whether such a claim may be brought in habeas corpus.  The Supreme Court has declined
22 to specifically address whether a challenge to a condition of confinement may be brought under
23 habeas.  See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2
24 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996).

25 There is clearly an area of overlap in jurisdiction between § 1983 and habeas claims that has
26 been the subject of much litigation.  The Supreme Court has consistently held that any claim by a
27 prisoner attacking the fact or duration of his confinement must be brought under the habeas sections
28 of Title 28 of the United States Code.  See Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Preiser v.

2

1  Rodriguez, 411 U.S. 475, 500 (1973). A claim that would necessarily imply the invalidity of a
2  prisoner's conviction or continuing confinement must be brought in a habeas petition. See Nelson v.
3  Campbell, 541 U.S. 637, 643-44 (2004) (holding § 1983 action proper where inmate sought to
4  enjoin particular method of effectuating death sentence (i.e., use of a "cut-down" procedure to access
5  his veins for lethal injection) did not directly call into question the "fact" or "validity" of the
6  sentence itself). A parole or time credit claim that affects the legality or duration of a prisoner's
7  custody, and a determination of which may likely result in entitlement to an earlier release,
8  accordingly must be brought in habeas. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997)
9  (holding that prisoner's 42 U.S.C. § 1983 claim alleging due process violation in parole board's
10 reliance on false information does not accrue until that decision has been invalidated in habeas
11 corpus or otherwise); Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990), cert. denied, 498 U.S.
12 1126 (1991); Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989). The Supreme Court has
13 clarified that concurrent jurisdiction exists under § 1983 and in habeas corpus where plaintiffs in a §
14 1983 action seek injunctive or declaratory relief regarding parole eligibility or suitability
15 proceedings. Wilkinson v. Dotson, 544 U.S. 74, 83-84 (2005).

16     A claim which only seeks a parole eligibility hearing may be brought as a civil rights action
17 under 42 U.S.C. § 1983, for example. See Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997) (if
18 prisoner wins and is entitled to parole eligibility hearing, this does not guarantee parole or
19 necessarily shorten his prison sentence). This does not mean that such a claim may not be brought
20 in habeas as well: "[W]hen prison inmates seek only equitable relief in challenging aspects of their
21 parole review that, so long as they prevail, *could* potentially affect the duration of their confinement,
22 such relief is available under the federal habeas statute." Docken v. Chase, 393 F.3d 1024, 1028
23 (9th Cir. 2004) (emphasis in original). Habeas and § 1983 are not mutually exclusive remedies in
24 such a case. Id. at 1031. There may be some tension between the holding of Docken and the Ninth
25 Circuit's earlier statement in Ramirez, 334 F.3d at 859, that "habeas jurisdiction is absent, and a
26 § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten
27 the prisoner's sentence." However, read together, these two decisions clarify that the potential
28 shortening of a term of confinement governs whether habeas relief is available. Accordingly,

3

1  because the successful resolution of Petitioner's claim may potentially affect his term of
2  confinement, Respondent's motion to dismiss is DENIED.

## **CONCLUSION**

For the foregoing reasons,

1. Respondent's motion to dismiss (docket no. 6) is DENIED.

2. Within **sixty (60) days** of the date of this Order, Respondent shall file an Answer showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the Answer a copy of all state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it upon Respondent within **sixty (60) days** of his receipt of the Answer.  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

4. Petitioner must keep the Court informed of any change of address.

5. This Order terminates Docket no. 6.

IT IS SO ORDERED.

DATED: September 30, 2009

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.08\Knight0006.denyMTD.wpd

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
2  FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA
4
5
6  CLARENCE,                                              Case Number: CV08-00006 SBA
7           Plaintiff,                                    **CERTIFICATE OF SERVICE**
8  v.
9  KNIGHT-V-M.S. EVANS et al,
10          Defendant.
                                                  /
11

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 13, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Clarence V. Knight C07508
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: October 13, 2009

                              Richard W. Wieking, Clerk
                              By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.08\Knight0006.denyMTD.wpd                    5