IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE V. KNIGHT,<br><br>  Petitioner,<br><br>  v.<br><br>M. S. EVANS, Warden,<br><br>  Respondent. | No. C 08-00006 SBA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

This matter is now before the Court for consideration of Petitioner's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary finding imposed by Salinas Valley State Prison ("SVSP"). Respondent Robert M.S. Evans, Warden of SVSP, opposes the petition. Petitioner has filed a traverse. For the reasons discussed below, the petition is DENIED as to all claims.

## BACKGROUND

On June 14, 2005, prison staff at SVSP conducted a cell search of Petitioner's cell and found two inmate-manufactured weapons and heroin. (Resp't Ex. 2 at 1.) He was issued a rules violation report that day, and on October 7, 2005, he was found guilty of possession of a deadly weapon and a controlled substance. (Id.) On March 3, 2006, at the recommendation of a prison official, Associate Warden C. Noll ordered that the charges be reissued and reheard. (Id.) An initial hearing was held on May 16, 2006, but the Senior Hearing Officer ("SHO") discovered that Petitioner did not have the same evidence as him, and so the hearing was postponed in order to allow Petitioner an opportunity to review the evidence before the SHO. (Id.) A new hearing was held on May 30 and 31, 2006, and the SHO found Petitioner guilty of possession of a deadly weapon and a controlled substance. (Id. at 1-2.) Petitioner forfeited no time credits as a result of this guilty finding, but was instead placed in segregated housing. (Id. at 2.) On November 30, 2006, Petitioner's final administrative appeal of the SHO's finding was denied. (Id.)

1    Petitioner challenged the disciplinary findings in habeas petitions filed in all three levels of
2 the California courts.  The Monterey County Superior Court denied the petition on May 11, 2007,
3 the California Court of Appeal denied the petition on June 27, 2007, and the California Supreme
4 Court denied the petition on November 28, 2007.  (Resp't Exs. 2, 6, 7.)

5    The instant petition was filed on January 7, 2008, claiming that the disciplinary findings
6 violated Petitioner's federal right to due process.  On May 9, 2008, Respondent was ordered to show
7 cause.  Respondent filed a motion to dismiss the petition, which was denied on September 30, 2009.
8 Respondent then filed an answer opposing the petition, along with a memorandum of points and
9 authorities and exhibits, on November 24, 2009.  On February 12, 2010, Petitioner filed a traverse.

## DISCUSSION

## I. Legal Standard

### A. Standard of Review for State Court Decisions

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court has "adjudicated" a petitioner's constitutional claim "on the merits" for purposes of § 2254(d) when it has decided the petitioner's right to post-conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim on the basis of a procedural or other rule precluding state court review on the merits.  Lambert v. Blodgett, 393 F.3d 943, 969 (9th Cir. 2004).  It is error for a federal court to review de novo a claim that was adjudicated on the merits in state court.  See Price v. Vincent, 538 U.S. 634, 638-43 (2003).

### 1. Section 2254(d)(1)

Challenges to purely legal questions resolved by a state court are reviewed under § 2254(d)(1), under which a state prisoner may obtain habeas relief with respect to a claim

1 adjudicated on the merits in state court only if the state court adjudication resulted in a decision that
2 was "contrary to" or "involved an unreasonable application of clearly established Federal law, as
3 determined by the Supreme Court of the United States." Williams (Terry) v. Taylor, 529 U.S. 362,
4 402-04, 409 (2000).  While the "contrary to" and "unreasonable application" clauses have
5 independent meaning, see id. at 404-05, they often overlap, which may necessitate examining a
6 petitioner's allegations against both standards, see Van Tran v. Lindsey, 212 F.3d 1143, 1149-50 (9th
7 Cir. 2000), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63, 70-73 (2003).

### a. Clearly Established Federal Law

"Clearly established federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412.  "Section 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." Id.  "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme] Court is, at best, ambiguous." Mitchell v. Esparza, 540 U.S. 12, 17 (2003).  If there is no Supreme Court precedent that controls on the legal issue raised by a petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly-established federal law.  See, e.g., Stevenson v. Lewis, 384 F.3d 1069, 1071 (9th Cir. 2004).

The fact that Supreme Court law sets forth a fact-intensive inquiry to determine whether constitutional rights were violated "obviates neither the clarity of the rule nor the extent to which the rule must be seen as 'established'" by the Supreme Court. Williams, 529 U.S. at 391.  There are, however, areas in which the Supreme Court has not established a clear or consistent path for courts to follow in determining whether a particular event violates a constitutional right; in such an area, it may be that only the general principle can be regarded as "clearly established." Andrade, 538 U.S. at 64-65.  When only the general principle is clearly established, it is the only law amenable to the "contrary to" or "unreasonable application of" framework.  See id. at 73.

Circuit decisions may still be relevant as persuasive authority to determine whether a particular state court holding is an "unreasonable application" of Supreme Court precedent or to

3

assess what law is "clearly established." Clark v. Murphy, 331 F.3d 1062, 1070-71 (9th Cir.), cert. denied, 540 U.S. 968 (2003); Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 1999).

### b. "Contrary to"

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A "run-of-the-mill state-court decision" that correctly identifies the controlling Supreme Court framework and applies it to the facts of a prisoner's case "would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." Williams, 529 U.S. at 406. Such a case should be analyzed under the "unreasonable application" prong of § 2254(d). See Weighall v. Middle, 215 F.3d 1058, 1062 (9th Cir. 2000).

### c. "Unreasonable Application"

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412-13. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411; accord Middleton v. McNeil, 541 U.S. 433, 436 (2004) (per curiam) (challenge to state court's application of governing federal law must be not only erroneous, but objectively unreasonable); Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam) ("unreasonable" application of law is not equivalent to "incorrect" application of law).

Evaluating whether a rule application was unreasonable requires considering the relevant rule's specificity; if a legal rule is specific, the range of reasonable judgment may be narrow; if it is more general, the state courts have more leeway. Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). Whether the state court's decision was unreasonable must be assessed in light of the record that court had before it. Holland v. Jackson, 542 U.S. 649, 651 (2004) (per curiam).

4

The objectively unreasonable standard is not a clear error standard. Andrade, 538 U.S. at 75-76 (rejecting Van Tran's use of "clear error" standard); Clark, 331 F.3d at 1067-69 (acknowledging the overruling of Van Tran on this point). After Andrade,

> [t]he writ may not issue simply because, in our determination, a state court's application of federal law was erroneous, clearly or otherwise. While the "objectively unreasonable" standard is not self-explanatory, at a minimum it denotes a greater degree of deference to the state courts than [the Ninth Circuit] ha[s] previously afforded them.

Id. In examining whether the state court decision was unreasonable, the inquiry may require analysis of the state court's method as well as its result. Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003).

### 2.   Sections 2254(d)(2), 2254(e)(1)

A federal habeas court may grant a writ if it concludes a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). An unreasonable determination of the facts occurs where a state court fails to consider and weigh highly probative, relevant evidence, central to a petitioner's claim, that was properly presented and made part of the state court record. Taylor v. Maddox, 366 F.3d 992, 1005 (9th Cir. 2004). A district court must presume correct any determination of a factual issue made by a state court unless a petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Section 2254(d)(2) applies to an intrinsic review of a state court's fact-finding process, or situations in which the petitioner challenges a state court's fact-findings based entirely on the state court record, whereas § 2254(e)(1) applies to challenges based on extrinsic evidence, or evidence presented for the first time in federal court. See Taylor v. Maddox, 366 F.3d 992, 999-1000 (9th Cir. 2004). In Taylor, the Ninth Circuit established a two-part analysis under §§ 2254(d)(2) and 2254(e)(1). Id. First, federal courts must undertake an "intrinsic review" of a state court's fact-finding process under the "unreasonable determination" clause of § 2254(d)(2). Id. at 1000. The intrinsic review requires federal courts to examine the state court's fact-finding process, not its findings. Id. Once a state court's fact-finding process survives this intrinsic review, the second part of the analysis begins by dressing the state court finding in a presumption of correctness under

5

1  § 2254(e)(1).  Id.  According to the AEDPA, this presumption means that the state court's fact-
2  finding may be overturned based on new evidence presented by a petitioner for the first time in
3  federal court only if such new evidence amounts to clear and convincing proof a state court finding
4  is in error.  See 28 U.S.C. § 2254(e)(1).  "Significantly, the presumption of correctness and the
5  clear-and-convincing standard of proof only come into play once the state court's fact-findings
6  survive any intrinsic challenge; they do not apply to a challenge that is governed by the deference
7  implicit in the 'unreasonable determination' standard of section 2254(d)(2)."  Taylor, 366 F.2d at
8  1000.

9  When there is no reasoned opinion from the highest state court to consider the Petitioner's
10 claims, the Court looks to the last reasoned opinion.  See Ylst v. Nunnemaker, 501 U.S. 797, 801-06
11 (1991).  Here, the state superior court was the highest state court to issue an explained opinion on
12 Petitioner's claims.

13 **II.    Exhaustion**

14 Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings
15 either the fact or length of their confinement are required first to exhaust state judicial remedies,
16 either on direct appeal or through state collateral proceedings, by presenting the highest state court
17 available with a fair opportunity to rule on the merits of each and every claim they seek to raise in
18 federal court.  See 28 U.S.C. § 2254(b),(c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  The
19 parties do not dispute that the claims have been exhausted.

20 **III.   Legal Claim**

21 Petitioner claims that the disciplinary findings does not comport with due process because:
22 (1) the findings are invalid because they were made by an impartial disciplinary hearing officer who
23 did not consider Petitioner's defense that the contraband had been planted; (2) Petitioner was not
24 allowed to call witnesses in his defense; and (3) he did not receive the "confidential information
25 disclosure form" prior to the disciplinary hearing.

26 A prisoner is entitled to due process in connection with a disciplinary proceeding that
27 imposes discipline which affects the duration of his sentence.  Sandin v. Conner, 515 U.S. 472, 484,
28 487 (1995).  The process due in such a prison disciplinary proceeding includes written notice, time

6

1   to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary
2   evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the
3   issues are complex. Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974). In addition, the findings of
4   the prison disciplinary decision-maker must be supported by some evidence in the record.
5   Superintendent v. Hill, 472 U.S. 445, 454 (1985). There must be "some evidence" from which the
6   conclusion of the decision-maker could be deduced. Id. at 455. An examination of the entire record
7   is not required nor is an independent assessment of the credibility of witnesses or weighing of the
8   evidence. Id. The relevant question is whether there is any evidence in the record that could support
9   the conclusion reached by the disciplinary decision-maker. Id. This standard is considerably lower
10  than that applicable in criminal trials. Id. at 456.

The Monterey County Superior Court rejected Petitioner's claims on the merits:

> . . . . Petitioner claims that he was improperly found guilty of possession of a deadly weapon and a controlled substance (RVR Log No. S05-06-0013) at his disciplinary hearing on October 7, 2005. This claim is moot. On March 3, 2006, Associate Warden C. Noll ordered that the RVR Log No. S05-06-0013 dated June 14, 2005 be reissued and reheard. Subsequently, the RVR was reissued and reheard.
>
> Petitioner also claims that he was improperly found guilty of possession of a deadly weapon and a controlled substance at his disciplinary hearing on May 31, 2006.
> A prison administrator's decision must be based on some evidence. Superintendent v. Hill, (1985) 472 U.S. 445, 455 (1985). Determining whether the some-evidence standard has been met does not require an examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Id. at p. 455-56. Instead, because this standard is minimally stringent, the relevant question is whether there is any evidence in the record that support[s] the conclusion reached by the disciplinary board. Id.
>
> Here, SHO's guilty finding is supported by some evidence. SHO's guilty finding was based on the following evidence: 1) RVR Log No. S06-03-0032R authored by Correctional Officer A. Diaz; 2) picture evidence; and 3) the Crime/Incident Report (CDC837C) authored by Correctional Officer Parsons. While Correctional Officer Diaz was conducting a search of the cell shared by Petitioner and Inmate Harvey, Correctional Officer Diaz found two inmate manufactured weapons. One weapon was found on the lower bed assigned to Petitioner, and the other weapon was found on the upper bed assigned to Inmate Harvey. Correctional Officer Diaz made the discovery of weapons and heroin in the presence of Officer Parsons.
>
> Petitioner claims that prison officials "planted" weapons and heroin in his cell. Petitioner has failed to submit any evidence substantiating this claim. See People v. Duvall (1995) 9 Cal. 4th 464, 474.
>
> Petitioner claims that SHO was biased against him. Petitioner has failed to submit any evidence substantiating this claim. Duvall, supra, 9 Cal.4th at p. 474.

7

> The SHO was interviewed by Appeals Coordinator Eloy Medina. The SHO informed Appeals Coordinator Medina that the based his decision on the evidence presented and kept an open mind during the initial and reconvened hearings.
>
> Petitioner appears to claim he did not receive all available information prior to the hearing. This claim is not persuasive. Petitioner was provided with as much information as possible within reasonable penological interest and the institution had the reasons for not divulging more information to Petitioner to ensure the safety of the institution and the source.
>
> Petitioner claims that the Investigative Employee failed to carry out his assigned responsibilities. This claim is not persuasive. The review of the documents indicates that the Investigative Employee complied with the responsibilities outlined in the California Code of Regulations.
>
> Petitioner claims that he was not allowed to call witnesses in his defense. Petitioner requested Inmates White and Cole during the hearing but did not provide their CDC numbers or their current housing location. Petitioner had sufficient time to obtain locations of the requested witnesses and should have been able to provide the necessary information to locate the witnesses. Petitioner neglected to obtain this information. Due to the large number of inmates housed in the California Department of Corrections and Rehabilitation with the same last names, locating the requested witnesses with insufficient information during the hearing was not possible. The SHO elected to call the Reporting Employee as a witness during the hearing. Moreover, Petitioner has failed to establish any prejudice he suffered. See Duvall, supra, 9 Cal.4th at p. 474.

In re Clarence Knight, No. HC 5632, slip op. at 2-4 (Cal. Super. Ct. May 11, 2007) (Resp't Ex. 2.)

The state courts' rejection of Petitioners' claims was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). As an initial matter, Petitioner's due process challenge to the initial disciplinary hearing in October 2005 is mooted by the subsequent reissuing of the charges and rehearing because the only remedy available to Petitioner if the 2005 hearing violated due process would be the new hearing that he received. See Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991).

Petitioner claim that the SHO at the 2006 disciplinary hearing had a "predetermination of guilt" and failed to consider his defense that the contraband was planted amounts to a challenge to the validity of the SHO's ultimate findings that Petitioner was guilty of the charges. As explained above, the guilty findings can only be challenged under due process on the grounds that they are not supported by "some evidence." See Hill, 472 U.S. at 455. The evidence cited by the superior court in affirming the findings of possession of an inmate manufactured weapon and a controlled substance meets Hill's "some evidence" standard. The evidence at the disciplinary hearing – the

8

1  officers' first-hand accounts of finding the contraband on the bed of both Petitioner and his cellmate,
2  disciplinary and crime reports setting forth those accounts, and photographs depicting the
3  contraband in the cell – constitutes "some evidence" from which the SHO could conclude that
4  Petitioner was guilty of possessing the weapons and heroin. Petitioner's contention that the officers
5  planted the evidence is not corroborated by any evidence, and is premised on Petitioner being more
6  credible than the account of Officers Diaz and Parsons that they found the contraband in Petitioner's
7  cell. As explained above, the "some evidence" inquiry is "minimal" and does not involve the Court
8  assessing the credibility of witnesses or reweighing the evidence. See id. at 455-56. Petitioner is
9  not entitled to federal habeas relief on his insufficient evidence claim because the state courts'
10 rejection of the claim was not objectively unreasonable. See Williams, 529 U.S. at 409.

11       Nor is Petitioner entitled to federal habeas on his claim that he was denied his right to call
12 witnesses under Wolff. The superior court rejected the claim on the ground that Petitioner did not
13 supply the prisoner numbers or other necessary information to locate these witnesses, and due to the
14 large number of prisoners in the California prison system, it was not possible to locate the requested
15 witnesses during the hearing. These factual findings are entitled to a presumption of correctness
16 which Petitioner does not rebut. See 28 U.S.C. § 2254(e)(1). Neither Wolff nor any other decision
17 of which this Court is aware holds that due process requires that prison officials locate the witnesses
18 that Petitioner wishes to call, in particular where Petitioner has not provided sufficient information
19 for them to do so. Even if it were possible, as Petitioner contends, for the officials here to locate the
20 witnesses, Petitioner does not have a constitutional right to require the officials to do so. Moreover,
21 there is no indication that the failure to locate the witnesses and bring them to the hearing caused
22 Petitioner any prejudice. A habeas petitioner is not entitled to relief unless the record demonstrates
23 that the constitutional violation had a substantial and injurious effect or influence in determining the
24 result. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Payton v. Woodford, 299 F.3d 815, 827-28
25 (9th Cir. 2002) (en banc). Petitioner does not describe, and there is nothing in the record to indicate,
26 what testimony they would have offered if they had been located. Thus there is no indication in the
27 record that if the witnesses had testified, such testimony would have overcome the officers' first-
28 hand accounts of finding the contraband on Petitioner's bed and persuaded the SHO to exonerate

9

Petitioner. Therefore, even if the failure to locate the witnesses had violated Petitioner's right to due process, the record does not demonstrate that the absence of such witnesses had a substantial and injurious effect on the disciplinary findings, and, accordingly, habeas relief is not warranted on this claim.

Finally, Petitioner is not entitled to relief based on his claim that he did not receive a "confidential disclosure form" prior to the hearing. The record demonstrates that Petitioner did receive the form on May 18, 2006, before the hearing on May 30, 2006. (Resp't Ex. 9.) The form indicated that the prison officials had received an anonymous tip that there was contraband in Petitioner's cell. More importantly, Wolff does not include the disclosure of such information among an inmate's procedural due process rights. there is no due process requirement in Wolff that Petitioner be provided with such information. See Wolff, 418 U.S. at 564-67. Moreover, Petitioner's speculation that the identity of the tipster would somehow exonerate him is not enough for this Court to consider evidence not consider by the state courts, see Holland, 542 U.S. at 652 (reasonableness of state court's decision must be assessed in light of record before state court), or to reweigh the evidence considered by the senior hearing officer at Petitioner's disciplinary hearing, see Powell v. Gomez, 33 F.3d 39, 42 (9th Cir. 1994) (reviewing federal habeas court should not "reweigh the evidence" considered by the disciplinary or parole board).

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

No certificate of appealability is warranted in this case. See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has failed to make a substantial showing that any of his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this Court's denial of his claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

DATED: 9/15/10

SAUNDRA BROWN ARMSTRONG
United States District Judge

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

CLARENCE,

        Plaintiff,

v.

KNIGHT-V-M.S. EVANS et al,

        Defendant.

Case Number: CV08-00006 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 15, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Clarence V. Knight C07508
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: September 15, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.08\Knight0006.denyHC.wpd    11